UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERLIGHT ELECTRONICS CO., LTD.,
and EMCORE CORPORATION,

        Plaintiff,

v.

NICHIA CORPORATION, and
NICHIA AMERICA CORPORATION,

        Defendants.

CIVIL ACTION NO. _____

Hon.

**COMPLAINT FOR DECLARATORY JUDGMENT BY EVERLIGHT ELECTRONICS CO., LTD. AND FOR PATENT INFRINGEMENT BY EVERLIGHT ELECTRONICS CO., LTD. AND EMCORE CORPORATION, AND JURY DEMAND**

Plaintiffs Everlight Electronics Co., Ltd. ("Everlight") and Emcore Corporation ("Emcore") file this Complaint against Defendants Nichia Corporation and Nichia America Corporation (collectively, "Nichia"), wherein Everlight seeks a declaratory judgment of non-infringement, invalidity, and unenforceabilty of United States Patent Nos. 5,998,925 (the "'925 Patent") and 7,531,960 (the "'960 Patent") pursuant to the Declaratory Judgment Act, U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq*., and both Everlight and Emcore jointly seek a judgment of infringement by Nichia of U.S. Patent No. 6,653,215 (the "'215 Patent") pursuant to 35 U.S.C. §§ 271 and 281, and damages resulting therefrom pursuant to 35 U.S.C. § 284, and such other relief as the Court deems just and proper, and in support thereof allege as follows:

## The Parties

1. Everlight is a corporation organized and existing under the laws of Taiwan with a principal place of business at No. 6-8, Zhonghua Rd., Shulin Dist., New Taipei City, Taiwan 23860. Everlight manufactures its light-emitting diode ("LED") products in Taiwan and, through a subsidiary, has sales offices in the United States in Texas and California.

2. Emcore is a New Jersey corporation with a principal place of business at 10420 Research Road, SE, Albuquerque, New Mexico, 87123. LED products incorporating Emcore's patented technology are offered nationwide, including in this district.

3. Upon information and belief, Nichia Corporation is a corporation organized and existing under the laws of Japan with a principal place of business at 491 Oka, Kaminaka-Cho, Anan-Shi, TOKUSHIMA 774-8601, JAPAN. Nichia conducts substantial and continuous business in this district and is subject to personal jurisdiction in this district.

4. Upon information and belief, Nichia America Corporation is a subsidiary of Nichia in the United States with a principal place of business at 48561 Alpha Drive, Suite 100, Wixom, MI 48393. Nichia America is headquartered in this district, conducts substantial and continuous business in this district and is subject to personal jurisdiction in this district.

## Jurisdiction and Venue

5. The claims for declaratory judgment arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

6. The claims of patent infringement arise under 35 U.S.C. §§ 271 and 281.

7. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338 and 28 U.S.C. §§ 2201 and 2202.

8. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c).

**Patents-in-Suit**

9.  The '925 Patent, entitled "Light Emitting Device Having a Nitride Compound Semiconductor and a Phosphor Containing a Garnet Fluorescent Material," names on its face Yoshinori Shimizu, Kensho Sakano, Yasunobu Noguchi, and Toshio Moriguchi as inventors and states that it was issued on December 7, 1999 to assignee Nichia Kagaku Kogyo Kabushiki Kaisha (d/b/a Nichia Corporation) (Exhibit A).

10. The '960 Patent, entitled "Light Emitting Device with Blue Light LED and Phosphor Components," names on its face Yoshinori Shimizu, Kensho Sakano, Yasunobu Noguchi, and Toshio Moriguchi as inventors and states that it was issued on May 12, 2009 to assignee Nichia Corporation (Exhibit B).

11. Emcore is the owner by assignment and Everlight is the exclusive licensee, with the right to enforce, of the '215 entitled "Contact to N-GaN with Au Termination" which the United States Patent and Trademark Office lawfully and duly issued on November 25, 2003. A true and correct copy of the '215 patent is attached hereto as Exhibit C.

**Background**

12. Everlight is a leading manufacturer and supplier of LED products, with customers around the world, including in this district.

13. Everlight successfully competes against Nichia, who is also in the business of manufacturing and supplying LED products.

14. Nichia has been aggressively pursuing Everlight and Everlight's customers through litigation in various forums around the world, including Japan, Germany, and Taiwan.

15. For example, in October 2011, Nichia initiated an action against an Everlight customer, Tachibana Eletech Co., Ltd., in Tokyo District Court, Intellectual Property Division,

3

alleging infringement of Nichia's Japanese Patent No. 4530094, which is a Japanese counterpart of the '960 Patent ("Tokyo Action").

16. In addition, on April 18, 2012, Nichia initiated an action against Everlight in Germany for alleged infringement of Nichia's European Patent No. EP 0 936 682, which is a European counterpart of the '925 Patent ("German Action").

17. The accused products in the Tokyo Action are Everlight's LEDs having Part Nos. GT3528 and 61-238, and the accused products in the German Action are Everlight's LEDs having Part No. 61-238.  Everlight supplies these and/or similar LEDs, such as 67-11/T1C-FV2W2F/2T, ELSH-F81M1-0CPGS-C3000, ELSH-F91C1-0CPGS-C5000, ELSH-J31M3-0CPGS-D3000, ELSH-J61C3-0CPGS-D5000, ELSW-F81M1-0CPGS-C3000, ELSW-J11C1-0CPGS-C5700, ELSW-J31M3-0CPGS-D3000, ELSW-J71C3-0CPGS-D5700, 234-15UTC/H5/S400-X10(TCI), 334-15/T2C1-FUWA/PR6(LP), 334-15/T2C3-FQSB/PR6(LP), 334-15/T2C5-FNQB/PR6(LP), 484-15-T5C9-F36E-T13-AM (S), 484-15-T5C9-F36E-T13-AM(L), and 65-21-B3T-1NL2M2C6A-2T8-AM, to its customers in the United States (collectively, "Everlight LED Products").

18. The '925 Patent is the parent of the '960 Patent, and the '960 Patent is a division of the application that resulted in the '925 Patent.

19. Nichia has also threatened litigation over several patents, including Japanese Patent No. 4530094, against other Everlight customers in Japan, including JFE, Charl, and Chip One Stop.

20. Nichia also initiated a patent infringement action against Everlight in Taiwan, which Everlight prevailed on in November 2011.

21. In addition to litigation matters, there are currently over 20 patent reexamination or opposition proceedings pending in several different countries, initiated by Everlight against Nichia. The subject of these proceedings include Nichia patents related to the '925 and '960 Patents.

22. Nichia also has a pattern of aggressively pursuing manufacturers, users and/or distributors of competitive LED products in the United States by asserting infringement of the '925 and/or '960 Patents against them. Between 2005 and 2011, Nichia pursued at least four actions in the United States where it claimed infringement of the '925 Patent, and at least two actions, in which the '960 Patent was asserted.

23. Nichia has also threatened litigation against its competitors in press releases. Most recently, on April 16, 2012, Nichia issued a press release regarding a suit over a related German counterpart patent, in which it asserted, "Nichia seeks to protect its patents and other intellectual property rights and takes actions against alleged infringers in any country where appropriate and necessary."

24. Nichia's systematic and aggressive pursuit of Everlight, Everlight's customers, and other third parties in the LED industry through litigation has created a substantial and immediate dispute between Everlight and Nichia relating to the '925 and '960 Patents.

25. Upon information and belief, Nichia has also made, used, offered to sell, and/or sold within the United States, and/or have imported into the United States, products that infringe the '215 patents, including but not limited to at least the following LED products: NCSW119A, NCSW119A-H3, NCSL119A-H3, NCSL119A-H1, NVSW119A, NVSW119A-H3, NVSL119A-H3, NVSL119A-H1, NCSW219A, NCSW219A-H3, NCSL219A-H3, NCSL219A-H1, NVSW219A, NVSW219A-H3, NVSL219A-H3, NVSL219A-H1, and NVSL219AE.

### Count I (By Everlight)
### Declaratory Judgment of Non-Infringement of the '960 Patent

26.     Everlight realleges and incorporates herein by reference Paragraphs 1 through 25 of this Complaint.

27.     Nichia has been systematically and aggressively pursuing Everlight, Everlight's customers, and other third-parties in the LED industry through litigation.

28.     Nichia has asserted in the Tokyo Action that Everlight's products infringe a Japanese counterpart of the '960 Patent, and Nichia has asserted in the German Action that Everlight's products infringe a European counterpart of the '925 Patent.

29.     Nichia also aggressively asserted the '960 Patent against lighting product manufacturers, users and/or distributors in the United States in at least two separate patent infringement actions. The most recent of these actions concluded in or around April 2011.

30.     The Everlight LED Products do not infringe any valid and enforceable claim of the '960 Patent.

31.     Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between Everlight and Nichia of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

32.     Everlight is entitled to a declaratory judgment that Everlight has not infringed and is not now infringing, directly, contributorily, or by inducement, any valid and enforceable claim of the '960 Patent by manufacturing, importing, using, selling or offering for sale the Everlight LED Products.

33.     Everlight is also entitled to a declaratory judgment that Everlight's customers have not infringed and are not now infringing, directly, contributorily, or by inducement, any valid and enforceable claim of the '960 Patent by importing, using, selling or offering for sale the

Everlight LED Products, separately, or in combination with or upon incorporation into another device or system.

## Count II (By Everlight)
## Declaratory Relief for Invalidity of the '960 Patent

34. Everlight realleges and incorporates herein by reference Paragraphs 1 through 33 of this Complaint.

35. The '960 Patent is invalid because the purported inventions therein fail to meet the conditions of patentability specified in 35 U.S.C. §§ 102, 103 and/or 112.

36. Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between Everlight and Nichia of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

37. Everlight is entitled to a declaratory judgment that the '960 Patent is invalid.

## Count III (By Everlight)
## Declaratory Relief for Unenforceability of the '960 Patent

38. Everlight realleges and incorporates herein by reference Paragraphs 1 through 37 of this Complaint.

39. The '960 Patent is unenforceable under 35 U.S.C. § 282 due to Nichia's fraud and inequitable conduct during the prosecution of the '960 Patent.

40. Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between Everlight and Nichia of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

41. Everlight is entitled to a declaratory judgment that the '960 Patent is unenforceable due to Nichia's fraud and inequitable conduct before the United States Patent and Trademark Office.

**Count IV (By Everlight)**
**Declaratory Judgment of Non-Infringement of the '925 Patent**

42. Everlight realleges and incorporates herein by reference Paragraphs 1 through 41 of this Complaint.

43. Nichia has been systematically and aggressively pursuing Everlight, Everlight's customers, and third parties in the LED industry through litigation.

44. Nichia has asserted in the Tokyo Action that Everlight's products infringe a Japanese patent related to the '925 Patent. The U.S. counterpart of the Japanese patent asserted in the Tokyo Action is a division of the application that resulted in the '925 Patent. Nichia has also asserted in the German Action that Everlight's products infringe a European counterpart to the '925 patent.

45. Nichia also aggressively asserted the '925 Patent against light product manufacturers, users and/or distributors in the United States of competitive LED products in at least four separate patent infringement actions in the United States. The most recent of these actions concluded in or about April 2011.

46. The Everlight LED Products do not infringe any valid and enforceable claim of the '925 Patent.

47. Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between Everlight and Nichia of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

48. Everlight is entitled to a declaratory judgment that Everlight has not infringed and is not now infringing, directly, contributorily, or by inducement, any valid and enforceable claim of the '925 Patent by manufacturing, importing, using, selling or offering for sale the Everlight LED Products.

49. Everlight is also entitled to a declaratory judgment that Everlight's customers have not infringed and are not now infringing, directly, contributorily, or by inducement, any valid and enforceable claim of the '925 Patent by importing, using, selling or offering for sale the Everlight LED Products, separately, or in combination with or upon incorporation into another device or system.

### Count V (By Everlight)
### Declaratory Relief for Invalidity of the '925 Patent

50. Everlight realleges and incorporates herein by reference Paragraphs 1 through 49 of this Complaint.

51. The '925 Patent is invalid because the purported inventions therein fail to meet the conditions of patentability specified in 35 U.S.C. §§ 102, 103 and/or 112.

52. Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between Everlight and Nichia of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

53. Everlight is entitled to a declaratory judgment that the '925 Patent is invalid.

### Count VI (By Everlight)
### Declaratory Relief for Unenforceability of the '925 Patent

54. Everlight realleges and incorporates herein by reference Paragraphs 1 through 53 of this Complaint.

55. The '925 Patent is unenforceable under 35 U.S.C. § 282 due to Nichia's fraud and inequitable conduct during the prosecution of the '925 Patent.

56. Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between Everlight and Nichia of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

57. Everlight is entitled to a declaratory judgment that the '925 Patent is unenforceable due to Nichia's fraud and inequitable conduct before the United States Patent & Trademark Office.

### Count VII (By Everlight and Emcore)
### Infringement of the '215 Patent

58. Everlight and Emcore reallege and incorporate by reference the allegations set forth in Paragraphs 1 through 8 and 11.

59. Upon information and belief, Defendants have infringed the '215 patents through the manufacture, use, importation, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271(a), (b) and (c).

60. Upon information and belief, Defendants will continue to infringe the '215 patent unless and until they are enjoined by this Court.

61. Defendants have caused, and will continue to cause, Plaintiffs irreparable injury and damages by infringing the '215 patent. Plaintiffs will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Defendants are enjoined from infringing the '215 patent.

### Prayer for Relief

WHEREFORE, Everlight respectfully requests that this Court enter a Judgment and Order:

        A.    Declaring United States Patent Nos. 5,998,925 and 7,531,960 invalid;

        B.    Declaring United States Patent Nos. 5,998,925 and 7,531,960 unenforceable;

C. Declaring that Everlight has not infringed and is not now infringing, directly, contributorily, or by inducement, any valid and enforceable claim of United States Patent Nos. 5,998,925 and 7,531,960;

D. Declaring that Everlight's customers have not infringed and are not now infringing, directly, contributorily, or by inducement, any valid and enforceable claim of United States Patent Nos. 5,998,925 and 7,531,960 by importing, using, selling or offering for sale the Everlight LED Products, separately, or in combination with or upon incorporation into another device;

E. Preliminarily and permanently enjoining Nichia from commencing or proceeding with any legal action arising out of United States Patent Nos. 5,998,925 and 7,531,960 against Everlight or any of Everlight's customers;

F. Declaring this suit exceptional under 35 U.S.C. § 285 due to Nichia's conduct, and awarding Everlight its reasonable attorneys' fees, and cost of this action; and

G. Awarding Everlight such other and further relief as this Court may deem just and proper.

And WHEREFORE, Everlight and Emcore respectfully request that this Court enter a Judgment and Order:

H. That Nichia have infringed the '215 patents through the manufacture, use, importation, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271(a), (b) and (c);

I. Pursuant to 35 U.S.C. § 283, a preliminary and permanent injunction enjoining Nichia and their officers, agents, servants, employees, attorneys and all others in active concert and/or participation with them from infringing the '215 patents through the manufacture, use, importation, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271(a), (b), and (c);

J. Pursuant to 35 U.S.C. § 284, an award to Everlight and Emcore of damages adequate to compensate Everlight and Emcore for infringement of the '215 patents by payment of not less than a reasonable royalty on Nichia's sales of infringing products, and including lost profits, together with pre-judgment and post-judgment interest and costs;

K. Pursuant to 35 U.S.C. § 285, a finding that this is an exceptional case, and an award to Everlight and Emcore of their reasonable costs and attorneys' fees; and

L. That Everlight and Emcore be granted such other and further relief as the Court deems just and proper.

                RESPECTFULLY SUBMITTED,

By:   <u>s/A. Michael Palizzi</u>
      A. Michael Palizzi (P47262)
      MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
      150 West Jefferson, Ste. 2500
      Detroit, Michigan 48226
      (313) 963-4620
      palizzi@millercanfield.com

Dated: April 18, 2012       *Attorneys for Plaintiffs Everlight Electronics Co., Ltd. and Emcore Corporation*

                                  David Radulescu, Esq.
                                  Anastasia Fernands, Esq.
                                  Tigran Vardanian, Esq.
                                  Jeffrey Fisher, Esq.
                                  QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                  51 Madison Avenue, 22nd Floor
                                  New York, NY   10010-1601
                                  (212) 849-7000
                                  davidradulescu@quinnemanuel.com
                                  anastasiafernands@quinnemanuel.com
                                  tigranvardanian@quinnemanuel.com
                                  jeffreyfisher@quinnemanuel.com

Dated:  April 18, 2012            *Attorneys for Plaintiff Everlight Electronics Co., Ltd.*

                       By:     s/ Michael A. Tomasulo
                                  Michael A. Tomasulo, Esq.
                                  DICKSTEIN SHAPIRO, LLP
                                  2049 Century Park East, Suite 700
                                  Los Angeles, CA 90067-3109
                                  (310) 772-8342
                                  tomasulom@dicksteinshapiro.com

Dated:  April 18, 2012            *Attorneys for Plaintiff Emcore Corporation*

## **JURY DEMAND**

Everlight and Emcore respectfully demands a trial by jury on each and every issue, question, and/or count so triable.

RESPECTFULLY SUBMITTED,


By: s/A. Michael Palizzi
A. Michael Palizzi (P47262)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson, Ste. 2500
Detroit, Michigan 48226
(313) 963-4620
palizzi@millercanfield.com

Dated: April 18, 2012    *Attorneys for Plaintiffs Everlight Electronics Co., Ltd. and Emcore Corporation*

David Radulescu, Esq.
Anastasia Fernands, Esq.
Tigran Vardanian, Esq.
Jeffrey Fisher, Esq.
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010-1601
(212) 849-7000
davidradulescu@quinnemanuel.com
anastasiafernands@quinnemanuel.com
tigranvardanian@quinnemanuel.com
jeffreyfisher@quinnemanuel.com

Dated: April 18, 2012    *Attorneys for Plaintiff Everlight Electronics Co., Ltd.*

By: s/ Michael A. Tomasulo
Michael A. Tomasulo, Esq.
DICKSTEIN SHAPIRO, LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
(310) 772-8342
tomasulom@dicksteinshapiro.com

Dated: April 18, 2012    *Attorneys for Plaintiff Emcore Corporation*