UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| EVERLIGHT ELECTRONICS CO., LTD., and EMCORE CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:12-cv-11758 JCO-MKM Hon. John Corbett O'Meara |
| vs. | ) ) | |
| NICHIA CORPORATION, and NICHIA AMERICA CORPORATION, | ) ) ) | |
| Defendants. | ) | |

**REPLY BRIEF OF NICHIA CORPORATION
IN SUPPORT OF MOTION TO DISMISS EVERLIGHT'S CLAIMS FOR A
DECLARATORY JUDGMENT OF UNENFORCEABILITY OF NICHIA'S PATENTS
PURSUANT TO FED. R. CIV. P. 12(B)(6)**

## TABLE OF CONTENTS

CONTROLLING AND MOST APPROPRIATE AUTHORITIES ...............................................iii

I.   INTRODUCTION ........................................................................................... 1

II.  THE COURT SHOULD REJECT EVERLIGHT'S ATTEMPT TO SUPPLEMENT ITS PLEADING WITH IRRELEVANT, IMPROPER HEARSAY ........................................ 1

III. EVRLIGHT FAILS TO PROPERLY IDENTIFY THE "WHO" OF ITS INEQUITABLE CONDUCT ALLEGATIONS ............................................................................. 2

IV.  EVERLIGHT FAILS TO IDENTIFY THE "HOW" AND "WHY" OF ITS INEQUITABLE CONDUCT ALLEGATION ................................................................. 3

V.   EVERLIGHT FAILS TO PLEAD FACTS THAT SUPPORT ANY INFERENCE OF INTENT TO DECEIVE.......................................................................................... 5

## CONTROLLING AND MOST APPROPRIATE AUTHORITIES

1. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011) (*en banc*)

2. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009)

3. Fed. R. Civ. P. 9(b)

4. *Mitsubishi Heavy Indus., LTD v. GE*, 2012 U.S. Dist. LEXIS 32314 (M.D. Fla. Mar. 12, 2012)

5. *Human Genome Sciences, Inc. v. Genentech, Inc.*, 2011 U.S. Dist. LEXIS 153834 (C.D. Cal. Dec. 9, 2011)

I.      INTRODUCTION

Everlight improperly and extensively relies on inadmissible and irrelevant hearsay outside the bounds of its amended complaint, tacitly acknowledging that its pleading is deficient. Everlight's opposition largely ignores Nichia's arguments concerning Everlight's failure to specify at least the specific "who," "how," and "why" of its inequitable conduct defense. Moreover, Everlight fails to explain how it has pled facts supporting a specific intent to deceive, much less that this is the "single most reasonable inference" to be drawn from the facts pled.[1]

Everlight's failure to properly plead its claim after two opportunities warrants dismissal of the claim, without further opportunity to replead.  In fairness to Nichia, this case should proceed without the additional delay, cost, and distraction of Everlight's malicious allegations, designed only to harass and embarrass Nichia in an effort to strong arm it into capitulating.[2]

II.     THE COURT SHOULD REJECT EVERLIGHT'S ATTEMPT TO SUPPLEMENT
        ITS PLEADING WITH IRRELEVANT, IMPROPER HEARSAY

The Court should reject Everlight's attempt to sensationalize its deficient pleading by arguing allegations that are not even pled, as well as irrelevant, inaccurate and inadmissible. Opp. at 4-6, 9, 16.  First, Everlight cannot rely on allegations outside of its pleading to oppose Nichia's motion to dismiss.  *E.g.*, *Weiner v. Klais & Co.*, 108 F.3d 86, 88-89 (6th Cir. 1997) ("Matters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss.");  *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1145 (N.D. Cal. 2010) ("complaint may not be amended by briefs in opposition to a motion to dismiss").

---

[1] Everlight's contention that the "single most reasonable inference" standard does not apply at the pleading stage is belied by its own pleading referencing this very standard.  AC ¶ 106.
[2] After Nichia filed its motion to dismiss, Everlight answered Nichia's counterclaim for infringement of the '925 and '960 patents, and pled a defense of inequitable conduct that incorporates by reference the inequitable conduct allegations in its amended complaint.  Dkt. # 29 (referencing paragraphs 39-111 and 126-135 of Dkt. # 22).  Should the Court grant Nichia's motion to dismiss, Everlight's inequitable defense should be stricken for the same reasons.

Second, the Court should ignore Everlight's hearsay statements plucked from dubious Internet sites. *See, e.g., 3D Sys. v. Envisiontec, Inc.*, 575 F. Supp. 2d 799, 804 (E.D. Mich. 2008) ("hearsay statements may not be considered"); *Avocet Sports Tech., Inc. v. Garmin Int'l., Inc.*, 2012 U.S. Dist. LEXIS 51650, at *9 (N.D. Cal. Mar. 22, 2012) (Ex. 1) (refusing to consider results of Internet searches in determining the plausibility of the pleadings).[3]

Third, the "evidence" Everlight seeks to use to supplement its pleading pertains to <u>different</u> patents that Everlight admits are unrelated to the two patents at issue (AC Par. 106, 107), as well as a <u>different</u> inventor.[4]  Finally, Everlight's "pattern and practice" mantra is a ruse. Indeed, not one of Nichia's <u>thousands</u> of U.S. and foreign patents has ever been held unenforceable due to inequitable conduct, or for any other reason.  And no court or government agency has ever found any wrongdoing by Nichia in connection with procurement of its world-renowned patent portfolio.[5]  Moreover, Everlight fails to note that the principal adversary in the North Carolina State University case referenced by Everlight (*i.e.*, Cree), which was represented by Everlight's counsel in this case, took a license to the very patents there argued to be unenforceable.  For all these reasons, the Court should disregard Everlight's unpled allegations.

## III.  EVRLIGHT FAILS TO PROPERLY IDENTIFY THE "WHO" OF ITS INEQUITABLE CONDUCT ALLEGATIONS

Everlight wrongly argues that Nichia "misquoted" its pleading, and inexplicably places great weight on its use of "and" to identify the inventors collectively as a group.  First, Nichia's

---

[3] Contrary to Everlight's Opposition, there was never an indictment in Japan of anyone in Nichia's patent department relating to alleged "fictitious examples."

[4] Even the web posting Everlight attempts to rely on notes that this different inventor is a former Nichia employee with an ax to grind who was working for a competitor at the time and questions whether "Nakamura is lying about lying." (Everlight Opp., Ex. A.)

[5] Similarly, Everlight's reliance on proceedings involving Japanese and Chinese patents has no bearing whatsoever on its inequitable conduct claim for the two Nichia US patents, and is irrelevant to the matters raised in Nichia's motion.  Everlight acknowledges that these proceedings concerned <u>validity</u> of Nichia's patents, not inequitable conduct.

Opening Brief accurately characterizes and quotes Everlight's allegations.  Br. at 5, 10.  More

significantly, Everlight does not and can not dispute that its pleading identifies every possible

actor it could conceivably point the finger at ("the Individuals With a Duty to Disclose").  In an

effort to explain away its admittedly "inartful" pleading (Opp. at 14 n.3), Everlight contravenes

basic rules of grammar by ignoring its double "and/or" conjunction, arguing that its pleading

somehow "***exclusively***" (emphasis in original) identifies the group of inventors as the actors.

Not true.  Indeed, Everlight's pleading is substantively identical to that recently held deficient in

*Mitsubishi Heavy Indus., LTD v. GE*, 2012 U.S. Dist. LEXIS 32314, at *4-6 (M.D. Fla. Mar. 12,

2012) (Ex. 2), which similarly used "and" to identify the inventors as a group:  "the named

inventors Kazunari Ide, Yoshoyuki Hayashi, <u>and</u> Masaaki Shibata, <u>and/or</u> the attorneys and

agents substantively involved in the preparation or prosecution of the '185 patent."  (granting

motion to dismiss; emphasis added).  Everlight ignores this decision.

## IV.    EVERLIGHT FAILS TO IDENTIFY THE "HOW" AND "WHY" OF ITS INEQUITABLE CONDUCT ALLEGATION

Everlight argues that the two examples in the '925 Patent underlying its inequitable

conduct allegation reference the assembly of a specific quantity of samples ("100 pieces").

Everlight's reliance is misplaced.  In fact, most of the other <u>ten</u> examples discussed in the

specification similarly reference assembly of 100 pieces (see, e.g., Examples, 2, 3, 6, 7 and 9).

The reference to "100 pieces" is thus entirely consistent with reporting the predicted results of

making 100 pieces of each sample, as with the other examples in the patent.

Everlight also wrongly contends that the inclusion of examples not actually produced is

"per se" material.  First, as Nichia noted in its Opening Brief, such examples in no way fit within

the narrow "affirmative acts of egregious misconduct" exception to the "but-for" materiality

standard applicable post-*Therasense*.  Br. at 14.  Consistent with Nichia's position that this

argument is easily dismissed, Everlight cites no authority to support its contrary position. Second, Everlight can not credibly argue that describing predicted results in the past tense is akin to the "filing of an unmistakably false affidavit," the example provided by the Federal Circuit in *Therasense* of an affirmative act of egregious misconduct. If anything, failure to clearly disclose that the examples were not actually prepared, but based on predicted results, is akin to the withholding of prior art, for which the "but-for" materiality standard applies.

The *Hoffman-La Roche* case relied upon by *Everlight* was decided pre-*Therasense* and pre-*Exergen*, and actually supports Nichia's position regarding lack of materiality. In *Hoffmann-La Roche*, the court did not characterize the inclusion of the example as "egregious misconduct," or in any similar terms. To the contrary, the court applied the then applicable lower standard for materiality, explicitly noting that but-for materiality was not required. *Hoffman-La Roche, Inc. v. Promega Corp.*, 323 F.3d 1354, 1368 (Fed. Cir. 2003).

*Hoffman-La Roche* is no longer good law after *Therasense*, which explicitly adopted but-for materiality. Indeed, a strongly worded dissent by Judge Newman was an impetus for the Federal Circuit to tighten the materiality standard in *Therasense*. *See Hoffman-La Roche*, 323 F.3d at 1381 (Newman, J., dissenting) (using the term "plague" to describe overuse of inequitable conduct allegations). Judge Newman was highly critical of the majority's decision affirming inequitable conduct based on the inclusion of prophetic examples described in the past tense, and her views are clearly reflected in the post-*Therasense* standard for materiality.[6]

Nor has Everlight pled "but-for" materiality. Significantly, Everlight does not dispute that neither example was relied upon or even mentioned by the applicants or the examiner during

---

[6] Everlight's reliance on the MPEP provision indicating that the past tense should not be used to describe prophetic examples is also unavailing, as it is well established that failure to strictly follow the MPEP is not a grounds for inequitable conduct. *See Bio-Technology Gen. Corp. v. Novo Nordisk A/S*, 2004 U.S. Dist. LEXIS 14959, at *95-96 (D. Del. Aug. 3, 2004) (Ex. 5).

the entire course of prosecution, i.e., they were a non-issue.  This critical admission is fatal to

Everlight's argument.  *See SAP Am., Inc. v. Purple Leaf, Inc.*, 2012 U.S. Dist. LEXIS 83531, at

*16 (N.D. Cal. June 15, 2012) (Ex. 3) (granting motion to dismiss).

## V.      EVERLIGHT FAILS TO PLEAD FACTS THAT SUPPORT ANY INFERENCE OF INTENT TO DECEIVE

Here again, Everlight improperly attempts to supplement its deficient pleading with

additional, trumped up allegations nowhere found in its complaint. Tellingly, however, Everlight

completely disregards the cogent analysis by Judge Pfaelzer of very similar allegations in the

*Human Genome* case.  In addition, Everlight's attempts to distinguish *Human Genome* are

unconvincing.  First, the fact there were several grounds of inequitable conduct in the *Human

Genome* case is irrelevant.  Everlight does not dispute that the portions of the opinion cited by

Nichia specifically pertain to the relevant allegations.  Similarly, the fact that *Human Genome*

involved an example that was actually performed is of no moment.  Of significance is that even

evidence that the inventors knew of contradictory results expressed in a letter to a colleague was

insufficient to infer specific intent to deceive.  *Human Genome Sciences, Inc. v. Genentech, Inc.*,

2011 U.S. Dist. LEXIS 153834, at *18-19 (C.D. Cal. Dec. 9, 2011) (Ex. 4).  Everlight's

allegations do not even go this far and are thus clearly deficient.

Respectfully submitted,

/s/ Ryan S. Bewersdorf                Dated August 30, 2012
John R. Trentacosta (P31856)
Ryan S. Bewersdorf (P66411)
FOLEY & LARDNER LLP
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-4443               Steven J. Rizzi
Phone: 313-234-7100                  90 Park Avenue
jtrentacosta@foley.com               New York, NY 10016-1314
rbewersdorf@foley.com                Phone: 212-682-7474
*Attorneys for Nichia Corporation and*  srizzi@foley.com
*Nichia America Corporation*            *Of Counsel*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 30, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

/s/ *Ryan S. Bewersdorf*
Ryan S. Bewersdorf (P66411)
FOLEY & LARDNER LLP
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-4443
Phone: 313-234-7100
rbewersdorf@foley.com
*Attorneys for Nichia*
