UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERLIGHT ELECTRONICS CO., LTD.,
and EMCORE CORPORATION,

               Plaintiffs,

v.

NICHIA CORPORATION, and
NICHIA AMERICA CORPORATION,

               Defendants.

CIVIL ACTION NO. 12-CV-11758

Hon. John Corbett O'Meara

---

**ANSWER TO COUNTERCLAIM COMPLAINT FOR
DECLARATORY JUDGMENT AND FOR PATENT INFRINGEMENT**

As and for their Answer, Affirmative Defenses, and Demand for Jury Trial in response to

Counterclaim Complaint for Declaratory Judgment and for Patent Infringement (the

"Counterclaim") of Counter-Plaintiffs Nichia Corporation ("NC") and Nichia America

Corporation ("NAC") (collectively, "Nichia"), Counter-Defendants Everlight Electronics Co.,

Ltd. ("EEC") and Emcore Corporation ("Emcore"), and Defendant Everlight Americas, Inc.

("EAI"), by and through their attorneys, state as follows:

**JURISDICTION AND VENUE[1]**

16.     EEC, EAI, and Emcore admit that the Counterclaim states on its face that this is

an action for patent infringement arising under the patent laws of the United States, Title 35 of

---

[1]  For readability, because NC began the paragraph numbering of its Counterclaim
Complaint at 16, EEC, EAI, and Emcore begin their paragraph numbering at 16 in answering
NC's Counterclaim Complaint.

the United States Code.  EEC and Emcore further admit that an actual controversy exists

between Nichia, on one hand, and EEC and Emcore, on the other hand, and that EEC and

Emcore sued Nichia for infringement of the '215 Patent.  The remainder of the allegations in

Paragraph 16 of the Counterclaim contains legal conclusions to which no answer is required.

The allegations in the last sentence of Paragraph 16 of the Counterclaim are not directed at EAI,

and therefore no response to those allegations from EAI is required.  EEC and EAI deny any

allegations of patent infringement against them contained in the Counterclaim.

17.      EEC and Emcore admit the allegations of Paragraph 17 of the Counterclaim.  The

allegations of Paragraph 17 of the Counterclaim are not directed at EAI, and therefore no

response to those allegations from EAI is required.

18.      EAI admits that it has sold LED products in this district.  EAI denies the

remaining factual allegations of Paragraph 18 of the Counterclaim.  The remainder of the

allegations in Paragraph 18 of the Counterclaim contains legal conclusions to which no answer is

required.  The allegations of Paragraph 18 of the Counterclaim are not directed at EEC or

Emcore, and therefore no response to those allegations from EEC or Emcore is required.

19.      EEC and Emcore admit that they consented to the propriety of venue in this

district for the asserted claims in this action.  EEC and Emcore further admit that they filed the

complaint against Nichia in this action.  EEC and Emcore deny the remaining factual allegations

of Paragraph 19 of the Counterclaim.  The remainder of the allegations in Paragraph 19 of the

Counterclaim contains legal conclusions to which no answer is required.  The allegations in the

last sentence of Paragraph 19 of the Counterclaim are not directed at EAI, and therefore no

response to those allegations from EAI is required.

20.     EAI admits that it has sold LED products in this district.  EAI denies the remaining factual allegations of Paragraph 20 of the Counterclaim.  The remainder of the allegations in Paragraph 20 of the Counterclaim contains legal conclusions to which no answer is required.  The allegations of Paragraph 20 of the Counterclaim are not directed at EEC or Emcore, and therefore no response to those allegations from EEC or Emcore is required.

## PARTIES

21.     EEC, EAI, and Emcore admit the allegations of Paragraph 21 of the Counterclaim.

22.     EEC admits that it is a corporation organized and existing under the laws of Taiwan with a principal place of business at No. 6-8, Zhonghua Rd., Shulin Dist., New Taipei City, Taiwan 23860.  EEC further admits that it has sold LED products in this district.  EEC denies the remaining factual allegations of Paragraph 22 of the Counterclaim.  The remainder of the allegations in Paragraph 22 of the Counterclaim contains legal conclusions to which no answer is required.  The allegations of Paragraph 22 of the Counterclaim are not directed at EAI or Emcore, and therefore no response to those allegations from EAI or Emcore is required.

23.     EAI admits that it is a subsidiary of EEC and is a Texas corporation with a principal place of business at 3220 Commander Dr. Suite 100, Carrolton, Texas, 75006.  EAI further admits that it has sold LED products in this district.  EAI denies the remaining factual allegations of Paragraph 23 of the Counterclaim.  The remainder of the allegations in Paragraph 23 of the Counterclaim contains legal conclusions to which no answer is required.  The allegations of Paragraph 23 of the Counterclaim are not directed at EEC or Emcore, and therefore no response to those allegations from EEC or Emcore is required.

24.     Emcore admits the allegations of Paragraph 24 of the Counterclaim.  The allegations of Paragraph 24 of the Counterclaim are not directed at EEC or EAI, and therefore no response to those allegations from EEC or EAI is required.

## BACKGROUND

25.     EEC, EAI, and Emcore admit that NC is in the business of manufacturing and supplying LED products.  EEC, EAI, and Emcore are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 25 of the Counterclaim, and therefore deny them.

26.     EEC, EAI, and Emcore are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 26 of the Counterclaim, and therefore deny them.

27.     EEC, EAI, and Emcore are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 27 of the Counterclaim, and therefore deny them.

28.     EEC, EAI, and Emcore admit that the '925 Patent states on its face that it is assigned to Nichia Kagaku Kogyo Kabushiki Kaisha (d/b/a NC), and that the '960 Patent states on its face that it is assigned to NC.  EEC, EAI, and Emcore are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 28 of the Counterclaim, and therefore deny them.

29.     EEC and EAI deny the allegations of Paragraph 29 of the Counterclaim.  The allegations of Paragraph 29 of the Counterclaim are not directed at Emcore, and therefore no response to those allegations from Emcore is required.

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 5,998,925[2]

30.     EEC and EAI deny the allegations of infringement in the heading immediately preceding Paragraph 30 of the Counterclaim.  EEC and EAI repeat, as if fully set forth herein, their responses to Paragraphs 16 through 29 of the Counterclaim set forth above, and further respond as follows:

31.     EEC and EAI deny that the '925 Patent was duly and legally issued by the United States Patent and Trademark Office.  EEC and EAI admit that the '925 Patent is entitled "Light Emitting Device Having a Nitride Compound Semiconductor and a Phosphor Containing a Garnet Fluorescent Material," that it states on its face that it was issued on December 7, 1999, and names on its face Nichia Kagaku Kogyo Kabushiki Kaisha (d/b/a NC) as its assignee.  EEC and EAI further admit that a copy of the '925 Patent is attached to the Counterclaim as Exhibit A.  EEC and EAI are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 31 of the Counterclaim, and therefore deny them.

---

[2]  Count 1 and all the allegations contained therein (Paragraphs 30-40 of the Counterclaim) are not directed at Emcore, and therefore no response to those allegations from Emcore is required.

32.     EEC and EAI deny the allegations of Paragraph 32 of the Counterclaim.  In particular, EEC and EAI deny that they have infringed or continue to infringe, directly or otherwise, any valid and enforceable claim of the '925 Patent.

33.     EEC and EAI deny the allegations of Paragraph 33 of the Counterclaim.  In particular, EEC and EAI deny that any of their products infringe any valid and enforceable claim of the '925 Patent.

34.     EEC and EAI are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations of Paragraph 34 of the Counterclaim, and therefore deny them.  The remainder of the allegations in Paragraph 34 of the Counterclaim contains legal conclusions to which no answer is required.

35.     EEC and EAI admit the allegations of Paragraph 35 of the Counterclaim.

36.     EEC and EAI deny the allegations of Paragraph 36 of the Counterclaim.  In particular, EEC and EAI deny that they have contributed or continue to contribute to infringement of any valid and enforceable claim of the '925 Patent, deny that any of their products or services infringe any valid and enforceable claim of the '925 Patent, and deny any knowledge of use of their products or services in a manner that would infringe any valid and enforceable claim of the '925 Patent.

37.     EEC and EAI deny the allegations of Paragraph 37 of the Counterclaim.  In particular, EEC and EAI deny that they have induced, continue to induce, or have ever had the intent to induce infringement of any valid and enforceable claim of the '925 Patent by others.

38.     EEC and EAI deny the allegations of Paragraph 38 of the Counterclaim.  In particular, EEC and EAI deny any allegations of infringement contained in the Counterclaim and deny that NC is entitled to any damages or other relief from EEC or EAI.

39.    EEC and EAI deny the allegations of Paragraph 39 of the Counterclaim.

40.    EEC and EAI deny the allegations of Paragraph 40 of the Counterclaim, including

the assertion of willful infringement of the '925 Patent against EEC and EAI.


### COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 7,531,960[3]

41.    EEC and EAI deny the allegations of infringement in the heading immediately

preceding Paragraph 41 of the Counterclaim.  EEC and EAI repeat, as if fully set forth herein,

their responses to Paragraphs 16 through 40 of the Counterclaim set forth above, and further

respond as follows:

42.    EEC and EAI deny that the '960 Patent was duly and legally issued by the United

States Patent and Trademark Office.  EEC and EAI admit that the '960 Patent is entitled "Light

Emitting Device with Blue Light LED and Phosphor Components," that it states on its face that

it was issued on May 12, 2009, and names on its face NC as its assignee.  EEC and EAI further

admit that a copy of the '960 Patent is attached to the Counterclaim as Exhibit B.  EEC and EAI

are without knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations of Paragraph 42 of the Counterclaim, and therefore deny them.

43.    EEC and EAI deny the allegations of Paragraph 43 of the Counterclaim.  In

particular, EEC and EAI deny that they have infringed or continue to infringe, directly or

otherwise, any valid and enforceable claim of the '960 Patent.

---

[3]   Count 2 and all the allegations contained therein (Paragraphs 41-51 of the
Counterclaim) are not directed at Emcore, and therefore no response to those allegations from
Emcore is required.

7

44.      EEC and EAI deny the allegations of Paragraph 44 of the Counterclaim.  In particular, EEC and EAI deny that any of their products infringe any valid and enforceable claim of the '960 Patent.

45.      EEC and EAI are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations of Paragraph 45 of the Counterclaim, and therefore deny them.  The remainder of the allegations in Paragraph 45 of the Counterclaim contains legal conclusions to which no answer is required.

46.      EEC and EAI admit the allegations of Paragraph 46 of the Counterclaim.

47.      EEC and EAI deny the allegations of Paragraph 47 of the Counterclaim.  In particular, EEC and EAI deny that they have contributed or continue to contribute to infringement of any valid and enforceable claim of the '960 Patent, deny that any of their products or services infringe any valid and enforceable claim of the '960 Patent, and deny any knowledge of use of their products or services in a manner that would infringe any valid and enforceable claim of the '960 Patent.

48.      EEC and EAI deny the allegations of Paragraph 48 of the Counterclaim.  In particular, EEC and EAI deny that they have induced, continue to induce, or have ever had the intent to induce infringement of any valid and enforceable claim of the '960 Patent by others.

49.      EEC and EAI deny the allegations of Paragraph 49 of the Counterclaim.  In particular, EEC and EAI deny any allegations of infringement contained in the Counterclaim and deny that NC is entitled to any damages or other relief from EEC or EAI.

50.      EEC and EAI deny the allegations of Paragraph 50 of the Counterclaim.

51.      EEC and EAI deny the allegations of Paragraph 51 of the Counterclaim, including the assertion of willful infringement of the '960 Patent against EEC and EAI.

## COUNT 3 – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '215 PATENT[4]

52.      EEC and Emcore deny the allegations of non-infringement in the heading immediately preceding Paragraph 52 of the Counterclaim.  EEC and Emcore repeat, as if fully set forth herein, their responses to Paragraphs 16 through 51 of the Counterclaim set forth above, and further respond as follows:

53.      EEC and Emcore admit the allegations of Paragraph 53 of the Counterclaim.

54.      EEC and Emcore deny the allegations of Paragraph 54 of the Counterclaim.

55.      EEC and Emcore deny the allegations of Paragraph 55 of the Counterclaim.

## COUNT 4 – DECLARATORY JUDGMENT OF INVALIDITY OF THE '215 PATENT[5]

56.      EEC and Emcore deny the allegations of invalidity in the heading immediately preceding Paragraph 56 of the Counterclaim.  EEC and Emcore repeat, as if fully set forth herein, their responses to Paragraphs 16 through 55 of the Counterclaim set forth above, and further respond as follows:

57.      EEC and Emcore deny the allegations of Paragraph 57 of the Counterclaim.

58.      EEC and Emcore deny the allegations of Paragraph 58 of the Counterclaim.

59.      EEC and Emcore admit that the USPTO has granted Nichia's petition for Inter Partes Review relating to the '215 patent.  The USPTO's grant speaks for itself.  EEC and Emcore deny any remaining allegations in Paragraph 59.

60.      EEC and Emcore admit the allegations of Paragraph 60 of the Counterclaim.

---

[4]   Count 3 and all the allegations contained therein (Paragraphs 52-55 of the Counterclaim) are not directed at EAI, and therefore no response to those allegations from EAI is required.

[5]   Count 4 and all the allegations contained therein (Paragraphs 56-61 of the Counterclaim) are not directed at EAI, and therefore no response to those allegations from EAI is required.

61.     EEC and Emcore deny the allegations of Paragraph 61 of the Counterclaim.

## AFFIRMATIVE DEFENSES

As and for their Affirmative Defenses, EEC and EAI allege, without assuming any

burden of proof that would otherwise rest on Nichia, as follows:

## Non-Infringement

EEC and EAI do not infringe and have not infringed, directly or indirectly, any valid and

enforceable claim of the '925 or '960 Patents, either literally or under the doctrine of equivalents.

EEC and EAI further incorporate herein by reference Paragraphs 26-33 and 277-284 of the

Second Amended Complaint in this Action [Dkt. # 80].

## Invalidity under 35 U.S.C. §§ 102 and 103

The '925 and '960 Patents are invalid for failure to meet the conditions for patentability

specified in 35 U.S.C. §§ 102 and 103.  EEC and EAI further incorporate herein by reference

Paragraphs 34-35, 37-38, 285-287, and 289-90 of the Second Amended Complaint in this action

[Dkt. # 80].

## Invalidity under 35 U.S.C. § 112

The '925 and '960 Patents are invalid for failure to meet the conditions for patentability

specified in 35 U.S.C. § 112.  EEC and EAI further incorporate herein by reference Paragraphs

34, 36-38, 285-286, and 288-90 of the Second Amended Complaint in this action [Dkt. # 80].

## Unenforceability

The '925 and '960 Patents are unenforceable due to inequitable conduct and fraud during

the prosecution of the '925 Patent.  EEC and EAI further incorporate herein by reference

Paragraphs 39-276, and 291-406 of the Second Amended Complaint in this action [Dkt. # 80].

## Failure to State a Claim

10

4:12-cv-11758-GAD-MKM   Doc # 97   Filed 06/10/13   Pg 11 of 13   Pg ID 4771

Nichia has failed to state a claim upon which a relief can be granted, including without limitation with respect to its assertions of contributory, induced, and willful infringement of the '925 and '960 Patents.

## Prosecution History Estoppel

Nichia's claims of infringement of the '925 and '960 Patents are barred in whole or in part by prosecution history estoppel.

## Equitable Defenses

Nichia's claims are barred in whole or in part under the principles of equity, including unclean hands, estoppel, laches, and/or waiver.  EEC and EAI further incorporate herein by reference Paragraphs 407-408 of the Second Amended Complaint in this action [Dkt. # 80].

EEC, EAI, and Emcore reserve the right to rely on all further affirmative defenses which become available or appear during discovery proceedings in this action and reserve the right to amend their pleadings for the purpose of asserting any such additional affirmative defense.

WHEREFORE, EEC, EAI, and Emcore deny that Nichia is entitled to the relief requested in its "Prayer for Relief" or any relief from EEC, EAI, or Emcore whatsoever, and seek an order dismissing with prejudice all claims against EEC, EAI, and Emcore in the Counterclaim, awarding EEC, EAI, and Emcore the attorneys' fees, expenses, and costs EEC, EAI, and Emcore incur in this action, and granting EEC, EAI, and Emcore such other relief as the Court deems just and proper.

## JURY DEMAND

11

EEC, EAI, and Emcore respectfully demand a trial by jury on each and every issue,

question, and/or count so triable.


RESPECTFULLY SUBMITTED,

Dated:  June 10, 2013  By:          s/A. Michael Palizzi
                                     A. Michael Palizzi (P47262)
                                     MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
                                     150 West Jefferson, Ste. 2500
                                     Detroit, Michigan 48226
                                     (313) 963-4620
                                     palizzi@millercanfield.com

                               *Attorneys for Plaintiffs/Counter-Defendants Everlight
                               Electronics Co., Ltd. and Emcore Corporation*

13

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have appeared in this matter are being served with

a copy of this document via the Court's CM/ECF system on June 10, 2013.


 s/ A. Michael Palizzi