UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERLIGHT ELECTRONICS CO., LTD.,
and EMCORE CORPORATION,

          Plaintiffs and
          Counter-Defendants,

v.

NICHIA CORPORATION, and
NICHIA AMERICA CORPORATION,

          Defendants and
          Counter-Plaintiffs,

v.

EVERLIGHT AMERICAS, INC.,

          Defendant.
_____/

Civil Action No.12-cv-11758
HONORABLE GERSHWIN A. DRAIN

**ORDER DENYING EVERLIGHT'S EMERGENCY MOTION TO COMPEL DEPOSITIONS OF THE INVENTORS OF THE PATENTS-IN-SUIT [#121] AND DENYING NICHIA CORPORATION'S FIRST MOTION TO COMPEL (ACCUSED PRODUCTS) [#119]**

## I.  INTRODUCTION

Presently before the Court is Everlight's Motion to Compel Depositions of the Inventors of the Patents-In-Suit, filed on August 5, 2013 and Nichia's First Motion to Compel (Accused Products), filed on August 2, 2013. These matters are fully briefed and a hearing was held on August 27, 2013. For the reasons that follow, the Court denies Everlight's Motion to Compel Depositions of Inventors and denies Nichia's Motion to Compel (Accused Products).

## II. LAW & ANALYSIS

### A. Everlight's Motion to Compel Depositions of Inventors

Here, Everlight seeks an Order compelling Nichia to produce all four named inventors of Nichia's patents-in-suit for depositions no later than September 1, 2013, and commissioning such depositions at the U.S. Embassy in Japan. The majority of Everlight's motion appears to be moot because the Court entered a Stipulation and Order on Japan Depositions, providing that the depositions of six Nichia witnesses noticed by Everlight would commence the week of September 9, 2013. As to Everlight's request that the Court order Nichia to produce for deposition Yoshinori Shimizu, a retired Nichia employee, Nichia maintains it has no control over Shimizu and cannot be compelled to produce him for deposition.

Everlight counters that Nichia has maintained throughout this litigation that Shimizu was related to Nichia and to be contacted only through Nichia's counsel. Now, near the eve of the close of fact discovery, Nichia claims it has no control over Shimizu. Everlight suggests Nichia is engaging in gamesmanship and argues that this will severely prejudice Everlight if tolerated.

A corporation has neither a duty, nor power to produce former employees for deposition in response to a deposition notice. *See Severstal N. Am. Inc. v. N. Am. Refractories Co.*, No. 06-10202, 2008 U.S. Dist. LEXIS 107254, at *5 (E.D. Mich. Dec. 15, 2008); *In re Honda Am. MotorCo.*, 168 F.R.D. 535, 541-42 (D. Md. 1996); *EEOC v. Honda of Am. Mfg., Inc.*, No. 2:06-cv-02333, 2007 U.S. Dist. LEXIS 14496, at *9-10 (S.D. Ohio Feb. 28, 2007) (generally, former employees are not officers, directors or managing agents, therefore they are not subject to deposition by notice); *Murata Mfg. Co. v. Bel Fuse, Inc.*, 242 F.R.D. 470, 476-77 (N.D. Ill. 2007) (holding that retired inventor, a Japanese citizen, was not subject to notice for deposition ). In *Murata*, the

court noted that "the assertion that one of Murata's long-retired inventors is for present purposes Murata's 'managing agent' appears to be a stretch from the very first glance." *Id.* at 476. Under Article 17(1)(e)(ii) of the U.S. Japan Consular Convention, "depositions of Japanese citizens residing in Japan for use in U.S. litigation are only permitted if 'voluntarily given . . ..;" and compulsion of testimony from a Japanese witness can only be achieved pursuant to a foreign letter rogatory process. *See J.C. Renfroe & Sons, Inc. v. Renfroe Japan Co., Ltd.*, 515 F.Supp. 2d 1258, 1271 (M.D. Fla. 2007). Nichia claims it has no control over Shimizu, nor is he a current officer, director or managing agent, therefore Everlight's Motion to Compel should be denied.

Everlight argues Nichia's conduct with respect to Shimizu mandates an order compelling his deposition. Everlight points to Nichia's "belatedly produced" re-employment agreement and argues that this confirms that Nichia employed Shimizu as late as September of 2012. Further, in September of 2012, Nichia's counsel met with all of the inventors of the '925 and '960 Patents, including Shimizu.

Everlight argues that based on these facts, Shimizu was clearly a "managing agent." Whether an individual is a "managing agent," courts look to the following factors: "(1) whether he has general powers allowing him to exercise judgment and discretion in corporate matters; (2) whether he can be relied on to testify, at the corporation's request, in response to the discovery proponent's demands; (3) whether there are any other employees who have more authority than the individual in regard to information concerning the subject matter at issue in this case; (4) his general responsibilities respecting the matters involved in this litigation; and (5) whether he can be expected to identify with the interests of the corporation." *Murata Mfg. Co.*, 242 F.R.D. at 476.

Here, while Everlight contends that Shimizu is a "managing agent," the evidence presented

does not support this argument. The Re-Employment Agreement, extended each year until September of 2012, shows that Shimizu's job description was that of an Engineering Consultant for Nichia's LED Technology Headquarters, Division No. 2. This job position does not suggest that Shimizu had any general powers permitting him to exercise his judgment with respect to corporate matters. However, Everlight maintains that this Court should find that Shimizu is a "managing agent" because his separation from employment occurred under suspicious circumstances. Specifically, Shimizu's Re-Employment Agreement was not extended in September of 2012, where it had been extended each year for the previous five years, and roughly three months after Everlight filed its First Amended Complaint raising allegations of inequitable conduct before the Patent and Trademark Office.

"Ordinarily, managing agent status is determined as of the time of the deposition, not as of the time when the activities disputed in the litigation occurred." *E.I. DuPont de Nemours & Co. v. Kolon Indus.*, 268 F.R.D. 45, 49 (E.D. Va. 2010). Thus, former employees cannot be managing agents of a corporation. *Id.* However, there is an exception to this general rule, "[w]hen a managing agent is fired to 'avoid disclosure in pending or potential litigation,' or when 'the managing agent has been or might be reappointed to another position in the corporation,' managing agent status that exists at the time of the events at issue does not magically disappear with the person's termination or reassignment." *Id.* (citing *In re Honda Am. Motor Co.*, 168 F.R.D. at 540).

Courts that have applied the exception to the general rule for managing agents have done so where there is glaring evidence of either ongoing management responsibilities or where resignations or terminations had occurred for the very purpose of avoiding depositions. *See Independent Prods. Corp. v. Loew's Inc.*, 24 F.R.D. 19, 26 (S.D.N.Y. 1959) (finding "managing agent" status applied

for former employees, who were corporate officers before their resignations, and resigned from their positions to avoid their depositions); *see also In re Meta Systems*, No. 501, 1997 U.S. App. LEXIS 7683 (Fed.Cir. Mar. 20, 1997); *E.I. DuPont de Nemours & Co. v. Kolon Indus.*, 268 F.R.D. at 50-51 (concluding that the exception applied based on "[t]he timing and circumstances of [the employer]'s reassignment or termination of its employees render[s] the true status of the proposed deponents highly suspect, and allow[s] for a strong inference that [the employer] is moving its employees around like chessman, conveniently shielding them from [the examining party].") The Court is not convinced that something as sinister is at play here. Thus, the Court is without authority to order Nichia to produce Shimizu for deposition as he is not a current officer, director or managing agent of Nichia. In the event that Everlight cannot depose Shimizu by the deadline for fact discovery, the Court will permit his deposition to occur after the close of discovery, currently set for November 15, 2013.

### B. Nichia's Motion to Compel (Accused Products)

Here, Nichia seeks an Order compelling Everlight to make a full production of documents responsive to Nichia's Requests for Production ("RFP") Nos. 25, 47-49, 53-54, 57, 77, 79-81, 83-84. Nichia argues that it has been trying for ten months to obtain the most fundamental discovery from Everlight concerning the products that Nichia accuses of infringing its patents-in-suit. Nichia maintains that Everlight is improperly hiding behind an objection to the definition of "Everlight's Accused LEDs" and "Everlight Accused Products" and Rule 33(d), even though their production does not completely respond to the information sought by the interrogatory. Nichia also seeks an Order overruling Everlight's general objection No. 7 concerning the definition of "Everlight's

Accused LEDs" and "Everlight Accused Products" and requiring Everlight to make a full production of documents concerning its accused products.

Lastly, Nichia seeks an Order compelling Everlight to further supplement its First Supplemental Response to Interrogatory No. 1 to provide more specific model and part identifying information for Everlight's LED products, with corresponding description of the phosphors used, their chemical composition and the supplier of the phosphors. Interrogatory No. 1 seeks the following information:

> Identify, by model number, version number, or any other designation, each model, version, or type of Everlight Accused LED and Everlight Accused Product directly or indirectly sold, leased, transferred, shipped, or offered for sale by Everlight, or Everlight's distributors, wholesalers, retailers, or other downstream customers into the United States at any time starting six years before the filing of the Complaint (filed on or about April 19, 2012) in this action, and for each product, identify and describe in detail the chemical composition of the phosphor.

*See* Mot. to Compel, Ex. B. Nichia maintains that the only adequate response to Interrogatory No. 1 is if Everlight produces a narrative response providing the following information: all of the model/part numbers for products Everlight markets as "white" LEDs going back six years before Everlight filed the complaint, the supplier of the phosphor used in the products, the part number and a detailed description of the chemical composition of the phosphor.

Everlight responds that Nichia falsely represents the nature of the discovery process in the instant action. Everlight made its first production of documents on January 25, 2013, and has since made rolling productions on three other occasions. Everlight has produced over 285,000 pages of information responsive to Nichia's discovery requests. Everlight produced technical and commercial information relating to Everlight's phosphor-based LEDs that are the subject of the present motion, as well as information relating to the phosphor components manufactured by third

parties. Everlight disputes Nichia's assertion that Everlight has acted in bad faith. Everlight claims it has identified 464 part numbers for phosphor-based LED products, however Nichia believes there are an additional 654 part numbers that should have been identified. Everlight claims it has also produced documents concerning characteristics of the third-party phosphor components used in Everlight's LED products, including (1) bills of materials which identify part number and supplier of the third-party phosphor components and (2) material data sheets providing technical information relating to the characteristics of the phosphor components supplied by third parties. Everlight claims it has diligently tried to resolve the parties' issues. Everlight also asserts that it has agreed to produce the requested information. For all of these reasons, Everlight argues that Nichia's Motion to Compel should be denied.

    As an initial matter, the Court declines to overrule Everlight's general objection No. 7 regarding the definition of "Everlight's Accused LEDs" and "Everlight Accused Products" as Nichia fails to set forth any basis for this Court to overrule Everlight's objection. Further, Everlight has advised Nichia it will produce documents responsive to Nichia's discovery requests notwithstanding its objection. Further, an order compelling Everlight to supplement its document production responsive to Nichia's RFPs Nos. 25, 47-49, 53-54, 57, 77, 79-81, 83-84 is not warranted under the circumstances. Everlight has represented to the Court that it has provided Nichia with all responsive documents and any documents containing phosphor composition information are not in Everlight's possession, custody or control. Everlight further represents that it will abide by its ongoing discovery obligations and will supplement its document production if additional responsive documents are discovered. However, the Court will require Everlight's counsel to prepare an affidavit declaring that Everlight has produced all responsive documents in its possession and

identify what it has not produced because such documentary evidence is in the control of third parties.

Lastly, the Court declines to require a narrative response to Interrogatory No. 1 because Everlight's reliance on Rule 33(d) is proper under the circumstances. Rule 33(d) is available "where the answers to interrogatories may be found in the business records of the party upon whom the interrogatories have been served." *Calhoun v. Liberty Northwest Ins. Corp.*, 789 F.Supp. 1540, 1549-50 (W.D. Wash. 1992). "An interrogatory answer merely referencing documents is appropriate for requests requiring compilation or analysis, accomplished as easily by one party as another, or where neither side has clear superiority of knowledge or familiarity with the documents." *Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 226 (N.D. W. Va. 2007) (internal quotation omitted). Here, because the characteristics of the phosphors used in Everlight's white LED products are contained in the bills of materials documents and material data sheets that Everlight has already produced and the compilation and analysis requested by Nichia would be accomplished as easily by Nichia or Everlight, reliance on Rule 33(d) is appropriate. Accordingly, for the foregoing reasons, Nichia's Motion to Compel is denied.

## III.  CONCLUSION

For the reasons stated above, Everlight's Motion to Compel Inventors of the Patents-In-Suit [#121] is DENIED.

Nichia's Motion to Compel (Accused Products) [#119] is DENIED.

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: August 29, 2013

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 29, 2013, by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk

---