UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERLIGHT ELECTRONICS CO., LTD.,
and EMCORE CORPORATION,

          Plaintiffs and
          Counter-Defendants,

v.

NICHIA CORPORATION, and
NICHIA AMERICA CORPORATION,

          Defendants and
          Counter-plaintiffs,

v.

EVERLIGHT AMERICAS, INC.,

          Defendants.
_____/

Civil Action No.12-cv-11758
HONORABLE GERSHWIN A. DRAIN

**ORDER GRANTING IN PART EVERLIGHT'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO EVERLIGHT'S INTERROGATORY NO. 8 AND REQUESTS FOR ADMISSION NOS. 1-16, OR ALTERNATIVELY TO DEEM THE REQUESTS FOR ADMISSION NOS. 1-16 ADMITTED**

## I.    INTRODUCTION

On July 9, 2013, Everlight filed a Motion to Compel Supplemental Responses to Everlight's Interrogatory No. 8 and Requests for Admission Nos. 1-16, or Alternatively to Deem the Requests for Admission Nos. 1-16 Admitted. The Court has ordered submission and determination of this motion without oral argument. This matter is fully briefed and for the reasons that follow, the Court grants in part Everlight's Motion to Compel Supplemental Responses to Everlight's Interrogatory No. 8 and Requests for Admission Nos. 1-16, or Alternatively to Deem the Requests for Admission Nos. 1-16 Admitted.

## II.    LAW & ANALYSIS

In the present motion, Everlight seeks an Order compelling Nichia to supplement its responses to Everlight's Interrogatory No. 8 and RFA Nos. 1-16, or alternatively to deem them admitted.

As an initial matter, it appears that the dispute concerning Interrogatory No. 8 has been resolved as Nichia indicates in its response brief that it has agreed to supplement its response to this interrogatory request. Thus, this aspect of Everlight's present motion is moot.

Everlight served RFA Nos. 1-16 on October 8, 2012. Everlight argues that Nichia has provided insufficient responses by its refusal to either admit or deny simple facts related to Everlight's inequitable conduct claim, nor provide the facts uncovered through Nichia's investigation of these issues. For example, RFA No. 1 states:

> **REQUEST FOR ADMISSION NO. 1:**
>
> Admit that the Named Inventors did not manufacture as of July 29, 1997 the referenced "100 pieces" of light emitting diodes disclosed in Example 8 of the '925 Patent.

*See* Everlight's Mot. to Compel, Ex. B. On November 12, 2012, Nichia served its responses and responded to RFA No. 1 as follows:

> Nichia is not able to admit or deny this specific Request. Nichia has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny this specific Request. Fundamentally, this Request asks for a "negative" to be admitted, which is an inherently difficult type of Request to Respond to. Also, the passage of time significantly influences any inquiry to try to prove that the specified action never took place. Further, this Request of Admission is clearly related to the allegations of "inequitable conduct" that Everlight originally pled in its Amended Complaint. However, the issue of "inequitable conduct"/"enforceability" is not part of this action, so this Request for Admission is objected to as irrelevant. Nonetheless. based on a good faith belief, Nichia states that the referenced "100 pieces" of light emitting diodes disclosed in Example 8 of the '925 Patent could have been made as of July 29, 1997

*Id.* Everlight argues that Nichia has had ten months to investigate whether the inventors actually did what is represented in Examples 8 and 12 of the '925 Patent. Three of the named inventors currently work for Nichia. Everlight argues that "[i]f Nichia uncovered evidence,[it] most certainly would have denied the RFAs and produced that evidence. And if [it] uncovered no such evidence, [it] should have admitted the RFAs." Mot. at 9.

In response, Nichia first argues that Everlight's failure to abide by this Court's local rules concerning meeting and conferring in good faith to resolve discovery dispute requires that Everlight's motion be denied. Nichia also argues that its discovery responses are supported by Rule 36(a)(4), relying on the case of *Khami v. Ortho-McNeil-Janseen Pharmaceutical, Inc.*, No. 09-cv-11464, 2011 U.S. Dist. LEXIS 27876 (E.D. Mich. Mar. 17, 2011).

In *Khami*, the defendants responded to an RFA by stating that "after making reasonable inquiry they are unable to admit or deny the remainder of Plaintiff's request because they lack knowledge or information sufficient to form a belief as to whether Plaintiffs complained about her FMLA leave." *Khami*, 2011 U.S. Dist. LEXIS 27876, at *5-6. The *Khami* court found that the plaintiff's answer was sufficient, concluding:

> Federal Rule of Civil Procedure 36 provides that an answer to a proper Request for Admission must deny the request or state in detail why the answering party cannot truthfully admit or deny it. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party state that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. The Court is satisfied that Defendants' response conforms with Rule 36(a)(4). No further response will be ordered.

*Id.* (internal quotations and citations omitted). Nichia maintains that it did conduct a reasonable investigation; Everlight ignores the fact that the RFAs seek information concerning events that

occurred seventeen years ago, the samples assembled in 1996 no longer exist, memories have faded, remaining documents are incomplete and some of those with knowledge are no longer with the company. Nichia further argues that Everlight's RFAs are vague and ambitious, and not "crafted with specificity," as required by law. *Alli v. Savit*, 2008 U.S. Dist. LEXIS 63571, *14-15 (E.D. Aug. 20, 2008). Finally, Everlight's RFA Nos. 5,7, 12 and 14 ask that Nichia confirm its inventors declared to the PTO that they read and understood the application for the '925 Patent. The inventors will be deposed and the topics raised by these RFAs concern the inventors' state of mind and are properly addressed through deposition questioning.

Everlight replies that *Khami* is distinguishable from the present matter because the defendant in *Khami* admitted most of the RFA at issue before stating it could not admit or deny the remainder. *Khami*, 2011 U.S. Dist. LEXIS 27876, at *5-6. Further, Nichia's responsive brief demonstrates that it has possession of the necessary information for an admission or denial of at least RFAs 3 and 10, which ask that Nichia confirm that it does not have records in its possession relating to manufacturing LEDs in Examples 8 and 12. Thus, Nichia's reliance on Rule 36(a)(4) is entirely improper.

Moreover, Everlight refutes Nichia's contention that its RFAs are vague and complains that Nichia's assertion that is has "produced many documents concerning the many samples prepared in the 1996-97 time frame, all of which may be considered to be 'records relating' to the various examples in the patent, including Examples 8 and 12" is disingenuous since Nichia knows that Examples 8 and 12 are the only examples to disclose a full substitution of an element of a phosphor described as an yttrium-aluminum-garnet fluorescent material and that Everlight's inequitable conduct claim is dependent on the purported allegations that Nichia did not manufacture the LEDs

in Examples 8 and 12 as of July 29, 1997.  Finally, Everlight argues that producing witnesses for deposition does not excuse a party from its Rule 36 obligations, and that allowing Nichia to respond in this manner contravenes the very purpose of Rule 36.

Here, the Court agrees with Everlight concerning Nichia's responses to Everlight's RFA Nos. 1-16.  Nichia has failed to establish good cause for its failure to provide any substantive answers to Everlight's RFA Nos. 1-16.  Accordingly, the Court hereby orders Nichia to provide supplemental answers to RFA Nos. 1-16 within seven (7) days from the date of this Order or RFA Nos. 1-16 will be deemed admitted.

### III.  CONCLUSION

For the above stated reasons, Everlight's Motion to Compel Supplemental Responses to Everlight's Interrogatory No. 8 and Requests for Admission Nos. 1-16, or Alternatively to Deem the Requests for Admission Nos. 1-16 Admitted [#107] is GRANTED IN PART.

SO ORDERED.

Dated: September 5, 2013                /s/Gershwin A Drain
                                        GERSHWIN A. DRAIN
                                        UNITED STATES DISTRICT JUDGE