UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERLIGHT ELECTRONICS CO., LTD.,
and EMCORE CORPORATION,

               Plaintiffs and
               Counter-Defendants,

v.

         Civil Action No.12-cv-11758
         HONORABLE GERSHWIN A. DRAIN

NICHIA CORPORATION, and
NICHIA AMERICA CORPORATION,

               Defendants and
               Counter-plaintiffs,

v.

EVERLIGHT AMERICAS, INC.,

               Defendants.

**ORDER GRANTING EVERLIGHT'S EMERGENCY MOTION TO COMPEL THE PRODUCTION OF NON-PRIVILEGED DOCUMENTS [#152] AND GRANTING NICHIA'S EMERGENCY MOTION TO ENFORCE DOCKET 144 ORDER [#158]**

### I.    INTRODUCTION

This action between Everlight Electronics Co., Ltd. ("Everlight") and Nichia Corporation and Nichia America Corporation (collectively "Nichia") concerns the parties' claims and counterclaims for patent infringement in the field of light emitting diode ("LED") technology. Presently before the Court are the following motions: (1) Everlight's Emergency Motion to Compel the Production of Non-Privileged Documents Needed for Inventor Depositions in Osaka, Japan and (2) Nichia's Emergency Motion to Enforce the Docket 144 Order and Everlight's Representations Made in Court.

-1-

These matters are fully briefed and a hearing was held on October 22, 2013. For the reasons that follow, the Court GRANTS Everlight's Emergency Motion to Compel the Production of Non-Privileged Documents Needed for Inventor Depositions in Osaka, Japan and GRANTS Nichia's Emergency Motion to Enforce the Docket 144 Order and Everlight's Representations Made in Court.

## II. FACTUAL BACKGROUND[1]

This matter is currently in the discovery phase and discovery cutoff is November 15, 2013. On August 27, 2013, this Court held a hearing on Nichia's First Motion to Compel, which sought a full production of documents responsive to Nichia's Requests for Production ("RFP") Nos. 25, 47-49, 53-54, 57, 77, 79-81, and 83-84. At the hearing, Everlight made several representations to the Court concerning its production of documents as of that date, as well as claimed that additional documents were forthcoming, specifically were to be produced by September 10, 2013. Relying on these representations, the Court's August 30, 2013 Order stated in relevant part:

> Everlight has represented to the Court that it has provided Nichia with all responsive documents and any documents containing phosphor composition information are not in Everlight's possession, custody or control.
> \* \* \*
> [T]he Court will require Everlight's counsel to prepare an affidavit declaring that Everlight has produced all responsive documents in its possession and identify what it has not produced because such documentary evidence is in the control of third parties.
> \* \* \*
> Accordingly, for the foregoing reasons, Nichia's Motion to Compel is denied.

Dkt. No. 144 at 8-9. On September 3, 2013, Nichia drafted an email to Everlight that outlined in detail what was missing from Everlight's document production with respect to RFP Nos. 25, 47-49,

---

[1] The factual background giving rise to this action has been set forth in previous orders of this Court, therefore the Court will address only those facts pertinent to the pending motions.

53-54, 57, 77, 79-81, and 83-84. Nichia requested the Court ordered affidavit by September 9, 2013

After several more communications from Nichia to Everlight, Everlight responded to Nichia on September 9, 2013, discussing various documents it had already produced, including sales reports for certain time periods, a number of bills of material documents relating to Everlight's LED products and documents concerning phosphor components in Everlight's products. Everlight promised to produce additional financial documents, bills of material ("BOM") documents and phosphor component data sheets by September 10, 2013. Lastly, Everlight stated that it "may make additional productions to the extent it identifies additional information relating to the phosphor components used in its LED products pursuant to a reasonable search." *See* Nichia's Mot., Ex. C at 3-4.

After several more attempts by Nichia to ascertain whether Everlight's document production sufficiently responded to RFP Nos. 25, 47-49, 53-54, 57, 77, 79-81, and 83-84, Everlight finally responded to Nichia on September 22, 2013 claiming to have produced all BOM documents in its possession, custody or control relating to its LED products, and that after it produced a daily financial report, it will have fully responded to Nichia's request for worldwide sales information concerning Everlight's LED products. Everlight further claimed that after two relatively small document productions, "we expect that Everlight will have produced all data sheets, and technical information relating to phosphor components, phosphor compositions, and phosphor-based LED products that Everlight designates as emitting white-colored light that are responsive to Nicha's requests and that Everlight has identified pursuant to a reasonable search."

Contrary to Everlight's representations, Nichia argues that Everlight has failed to fully respond to its RFP Nos. 25, 47-49, 53-54, 57, 77, 79-81, and 83-84, contrary to its representations to the Court. Nichia claims that it is still missing key technical information concerning Everlight's

products, which is severely prejudicial to Nichia because it has been unable to take the depositions of Everlight, third parties and pursue follow up discovery.

Additionally, the parties have recently returned from taking depositions in Osaka, Japan. One of the deponents, Ichiro Matsushita, the former manager of Nichia's patent department and the current manager of its legal department, provided testimony that suggests Nichia has been improperly withholding documents based on the attorney-client privilege. Specifically, Matsushita testified that from 1992 through 1998, Nichia did not employ any lawyers or patent agents in its patent department. Matsushita further testified that the Nichia employee responsible for drafting and filing the priority applications that led to Nichia's patents-in-suit was Hiroyuki Yamamoto, who is not a lawyer. Therefore, in light of Matsushita's testimony, Everlight maintains that Nichia has been improperly withholding roughly 54 documents[2] relating to the subject matter of this action.

## III. LAW & ANALYSIS

### A. Everlight's Emergency Motion to Compel

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits broad discovery on any matter that is not privileged if it is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn v. United States*, 449 U.S. 383, 389 (1981). Therefore, communications that fall within the attorney-client privilege are immune from discovery. *Cuno, Inc. v. Pall Corp.*, 121 F.R.D. 198, 199 (E.D.N.Y. 1988). A party

---

[2] Everlight originally argued that 75 documents were being improperly withheld, however Nichia has since provided some of the documents that were previously withheld based on the attorney-client privilege.

resisting discovery based on the attorney-client privilege has the burden of showing that the privilege applies. *See Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 480 (N.D. Ind. 2009).

The Sixth Circuit Court of Appeals has established the following elements for evaluating attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor (8) except the protection be waived.

*Humphreys, Hutcheson & Moseley v. Donovan*, 755 F.2d 1211, 1219 (6th Cir. 1985). "Each document in a privilege log should contain details including: date, author and all recipients of the document, subject matter, and an explanation as to why the document should be privileged and not produced in discovery. *Clark Constr. Group, Inc. v. City of Memphis*, No. 01-2780, 2005 U.S. Dist. LEXIS 5559, *11 (W.D. Tenn. Feb. 9, 2005).

Nichia raises several arguments in support of its contention that Everlight's present motion should be denied. First, Nichia maintains that the instant motion should not have been brought because, true to its word, Nichia undertook another investigation and promptly produced 6 documents previously withheld based on attorney-client privilege. Nichia also produced a Supplemental Privilege Log. Nichia insists that the remaining withheld documents are subject to privilege because they were requests for legal advice from Japanese patent agents, or benrishi.

While Nichia is correct that many courts across the country have concluded that communications with Japanese benrishi may be withheld based on the attorney-client privilege,[3]

---

[3] *See Eisai Ltd. v. Reddy's Labs., Inc.*, 406 F. Supp.2d 341, 342-43 (S.D.N.Y. 2005) (rejecting the defendant's objections to the magistrate judge's recommendation that "documents reflecting legal advice provided by Japanese benrishi or requests for such advice are privileged

-5-

Nichia's supplemental privilege log does not contain sufficient information for this Court to conclude that these documents have been properly withheld.

Everlight argues that Nichia continues to improperly withhold at least 54 documents that are not protected by the attorney-client privilege. The supplemental privilege log listing these communications does not indicate that any attorney or patent agent provided legal advice in connection with these documents nor does it not contain sufficient information for this Court to determine whether the subject documents are properly withheld on the basis of attorney-client privilege. For instance, the document identified as PRIV-00968, authored by Hiroyuki Yamamoto, is purportedly privileged based on the following explanation: "Draft of prosecution document with hand-written revisions from Mr. Yamamoto for Japanese Patent No. 8-244339 attached to privileged memorandum regarding filing." *See* Everlight's Reply, Ex. 11 at 1. The entry in the privilege log fails to disclose the date this document was authored, nor does it identify the recipient of the document. Thus, based on this description alone it would appear that this document was not properly withheld as there is no indication that this document was prepared in anticipation of litigation, nor that it was prepared for the purpose of obtaining legal advice from an attorney or benrishi.

Conversely, Nichia maintains that many of the withheld documents consist of confidential communications between employees of "Nichia's IP department staff, Nichia's outside benrishi firms . . . and Nichia's U.S. counsel, that contain or reflect requests for legal advice concerning Nichia's patent applications." *See* Nicha's Resp. at 4-5. However, Nichia cannot claim privilege without identifying the benrishi firm from which the legal advice was sought. *See Ypsilanti*, 2009

---

and need not be produced."); *Knoll Pharms. Co. v. Teva Pharms. USA, Inc.*, No. 01-c-1646, 2004 U.S. Dist. LEXIS 24057, *3 (N.D. Ill. Nov. 22, 2004).

-6-

U.S. Dist. LEXIS 99707, *11-12 (requiring a privilege log to "identify the parties to the communication including carbon copies, by name, title and employer, identify the attorney(s) on the communication, the purpose of the communication and whether or not it sought and/or conveyed legal advice.").

Thus, Nichia has failed in its burden to demonstrate that the attorney-client privilege applies to the documents at issue. The 54 documents that are listed in exhibit 11 to Everlight's Reply Brief have been improperly withheld as the attorney-client privilege does not extend to the non-lawyers working in Nichia's patent department. Accordingly, Everlight's Emergency Motion to Compel the Production of Non-Privileged Documents Needed for Inventor Depositions in Osaka, Japan is GRANTED. Nichia shall produce the subject documents within ten days from the date of this Order.

### B. Nichia's Emergency Motion to Enforce the Docket 144 Order and Everlight's Representations Made in Court

In the present motion, Nichia argues that Everlight has failed to produce the documents it represented it would produce to the Court during the August 27, 2013 hearing on Nicha's First Motion to Compel. Nichia is still missing key discovery such as phosphor identification, composition, distribution and manufacturing procedures for many of Everlight's products. Moreover, testimony from one of Everlight's witnesses suggests that Everlight has been less than candid concerning its possession of phosphor composition information. Mars Kang, Deputy Manager of Everlight's Material Chip and Backlight Components Technology Department, testified that Everlight receives this information from its suppliers and tests the phosphors it purchases. Everlight has not produced any documents reflecting this testing.

Further, attached to Nichia's Reply Brief is the declaration of Margareta K. Sorenson, an associate at Foley & Lardner, LLP in Washington, D.C., who delineates the key technical

information that Everlight has yet to produce. *See* Nichia's Reply, Ex. A. Sorenson also explains that Everlight's "production has been artificially inflated by including highly redundant and duplicate information, as well as a substantial volume of irrelevant and incomprehensible documents. This serves to artificially inflate the volume of production, while simultaneously burying relevant information, and wasting Nichia's resources on unnecessary review." *Id.* For example, the BOM documents have either not been produced for a significant number of the Accused Products or they are redundant with respect to certain products. Further, with respect to the BOM documents, they do not provide adequate information because they either do not list the product at issue, or list the product but not its components, or lists both product and some component information without any phosphor information.

Additionally, Everlight maintains detailed manufacturing protocols for each product, entitled "Specification of Process" ("SOP") documents. However, Everlight has not produced SOP documents for a significant number of Accused Products, and the SOP documents that have been produced do not adequately describe each step in the manufacturing process. Rather, the SOPs simply refer to another document, which has not been similarly produced. Because of Everlight's insufficient document production, Nichia has been severely prejudiced because it is still missing key technical information for a number of the Accused Products identified in Everlight's Supplemental Response to Nichia's Interrogatory No. 1.

Conversely, Everlight maintains that Nichia is attempting to discredit Everlight's extensive document production, which consists of roughly one million pages worth of responsive information. Everlight also argues that the Court should reject Nichia's demand for an affidavit because preparing an affidavit at this juncture would be premature given the status of fact discovery.

Everlight further argues that it has produced what it has been able to identify pursuant to a

-8-

reasonable search, therefore Nichia's motion should be denied and its requests for fees and costs should likewise be denied. Everlight's arguments are wholly unavailing. On August 27, 2013, Everlight represented to this Court that it was "prepared to produce the bills of materials that Everlight has within its possession, custody or control with respect to the phosphor-based products at issue . . . in two weeks . . . ." *See* Nichia's Mot., Ex. A at 31-32. However, Everlight has yet to make a complete production of the BOM documents and represented during the hearing on October 22, 2013, that it was still investigating whether it has BOM and SOP documents in its possession that are responsive to Nichia's First Request for Production of Documents. It is unacceptable that Nichia has yet to receive key information concerning the Accused Products, particularly in light of the fact that Everlight has not yet produced the court ordered affidavit and discovery is set to expire in less than thirty days.

Lastly, Everlight's reason for failing to comply with this Court's August 30, 2013 Order lacks merit. The Court's August 30, 2013 Order required Everlight to provide an affidavit concerning its production with respect to the documents sought by Nichia in its First Motion to Compel. The fact that Nichia has served additional requests for production has no bearing on Everlight's ability to prepare an affidavit concerning its production with respect to the documents at issue in Nichia's First Motion to Compel. Accordingly, Everlight shall produce documents responsive to Nichia's RFP Nos. 25, 47-49, 53-54, 57, 77, 79-81, and 83-84 within ten day from the date of this Order. Everlight's production shall remedy the deficiencies identified by Nichia's counsel in her September 4, 2013 email correspondence to Everlight, as well as any additional deficiencies that are identified in Sorenson's affidavit. Everlight shall also serve its affidavit within ten days of this Order. The affidavit shall identify the documents that have not been produced because they are not within Everlight's possession, custody or control.

## IV. CONCLUSION

For the foregoing reasons, Everlight's Emergency Motion to Compel the Production of Non-Privileged Documents Needed for Inventor Depositions in Osaka, Japan [#152] is GRANTED.

Nichia's Emergency Motion to Enforce the Docket 144 Order and Everlight's Representations Made in Court [#158] is GRANTED.

Both parties shall produce the discovery that is the subject of this Order <u>within ten days from the date of this Order</u>. Everlight shall also prepare an affidavit consistent with this Order <u>within ten days from the date of this Order</u>.

**Any violation of this Order will result in the imposition of a $5,000.00 sanction award against the disobedient party**.

SO ORDERED.

Dated: October 23, 2013　　　　　　　　　　　　/s/Gershwin A Drain
　　　　　　　　　　　　　　　　　　　　　　　GERSHWIN A. DRAIN
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE