UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERLIGHT ELECTRONICS CO., LTD.,
and EMCORE CORPORATION,

                  Civil Action No.12-cv-11758
                  HON. GERSHWIN A. DRAIN

       Plaintiffs/Counter-Defendants,

v.

NICHIA CORPORATION, and
NICHIA AMERICA CORPORATION,

       Defendants/Counter-Plaintiffs,

v.

EVERLIGHT AMERICAS, INC.,

       Defendant.
_____/

**ORDER GRANTING MOTION TO COMPEL SAMPLES OF ACCUSED PRODUCTS [#172], GRANTING MOTION TO TAKE SPECIFIC DISCOVERY AFTER FACT DISCOVERY CUTOFF [#174], GRANTING IN PART MOTION FOR SANCTIONS [#189] AND GRANTING MOTION CHALLENGING DESIGNATION OF PRODUCT SAMPLES [#211]**

**I. INTRODUCTION**

      Presently before the Court are various discovery motions filed by Defendants/Counter-Plaintiffs Nichia Corporation and Nichia America Corporation (collectively "Nichia") in this patent infringement action. Specifically, the following motions are before the Court: (1) Nichia's Emergency Motion to Compel Plaintiffs/Counter-Defendants Everlight Electronics Co., Ltd. and Emcore Corporation (collectively "Everlight") to Complete Its Production of Samples of Its Accused Products, filed on October 16, 2013 [# 172]; (2) Nichia's Emergency Motion for Permission to Take

Specific Discovery after the Fact Discovery Deadline, also filed on October 16, 2013 [# 174]; (3) Nichia's Emergency Motion for Sanctions for Everlight's Breach of the Docket 182 Order, filed on November 8, 2013[#189]; and (4) Nichia's Emergency Motion to Challenge Everlight's Designation of Product Samples Under the Protective Order, filed on November 26, 2013[# 211].

These matters are fully briefed and a hearing was held on December 16, 2013. For the reasons that follow, the Court grants Nichia's Motion to Compel Everlight to Complete its Production of Samples, grants Nichia's Motion for Permission to Take Specific Discovery after the Fact Discovery Deadline, grants in part Nichia's Motion for Sanctions and grants Nichia's Motion Challenging Everlight's Designation of Product Samples.

## II.  LAW & ANALYSIS

### A)  Nichia's Emergency Motion to Compel Everlight to Complete Its Production of Samples of Its Accused Products [#172]

In the present motion, Nichia seeks an Order compelling Everlight to complete its production of samples of its Accused LED Products. Nichia complains that Everlight has used every tactic to impede production of its Accused LED Products. At the time Nichia filed the instant motion, Everlight had produced samples for only 180 out of more than 1,000 Accused LED Products even though Nichia first sought the requested samples more than a year ago in October of 2012. On November 4, 2013, eleven days before the close of fact discovery, Everlight produced an additional 1,600 LED sample products.

Everlight responds that Nichia has mischaracterized the facts concerning Everlight's production of accused product samples. Everlight claims it has undertaken substantial efforts to provide the requested samples. *See* Dkt. 188, Ex. B, Dec. of Joel Lin. On November 1, 2013, Everlight communicated to Nichia that it would provide samples for its accused products identified

on Nichia's lists that were sold between April of 2006 and the present that Everlight could reasonably provide from its worldwide inventory. Moreover, Everlight claims it cannot produce certain samples unless Nichia covers the costs for producing these samples citing to *Cailiper Techs. Corp. v. Molecular Devices Corp.*, 213 F.R.D. 555, 558 (N.D. Cal. 2003) (requiring plaintiff to pay a reasonable price for requested samples). Lastly, for 947 identified LEDs, Nicha provided incorrect or inaccurate model numbers or model numbers associated with products that were not sold during the relevant time period. In light of these circumstances, Everlight requested that Nichia withdraw the present motion, however Nichia refused to withdraw the motion. Based on the foregoing, Everlight insists that Nichia's motion should be denied.

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(a)(1). To prove patent infringement, the patentee must establish that an accused device contains each limitation of the asserted claim(s). *See Cybor Corp. v. FAST Technologies, Inc.*, 138 F.3d 1448, 1467 (Fed. Cir. 1998). Courts recognize the essential nature of accused product samples in patent infringement cases. *See P&G v. Be Well Mktg*., No. 12-MC-392, 2013 U.S. Dist. LEXIS 5519, *9-10 (M.D. Pa. Jan. 15, 2013) (ordering production of representative samples of all accused products); *Alloc, Inc. v. Unilin Beheer B.V.*, No. 02-C-1266, 2006 U.S. Dist. LEXIS 24148, *11 (E.D. Wis. Mar. 24, 2006) (granting motion to compel samples of accused products sold within relevant time period).

Here, there is no dispute that the Accused Product samples are not only relevant, but central to resolving the issue of infringement of Nichia's patents-in-suit. Everlight's claim that it "has either provided samples or has agreed to provide samples of all relevant LEDS to the extent that Everlight can reasonably provide samples" is difficult for Nichia, as well as the Court to believe when there are so many outstanding questions concerning Everlight's production of its LED samples.

Everlight's complaints that Nichia has provided inaccurate model numbers or requested samples for products that have not been sold during the relevant time period[1] are disingenuous due to Everlight's sloppy production of its samples and documents associated with its products. Due to this, it has understandably been impossible for Nichia to ascertain the true number of Accused Products at issue herein. Further, as to Everlight's claim Nichia must purchase 1,000 samples of certain LEDs, such an argument is unavailing. Everlight does not explain why all 1,000 samples must be purchased.

For the foregoing reasons, the Court grants Nichia's present motion. Everlight shall provide Nichia a complete list of all of its phosphor-based LEDs sold in the United States since April of 2006, sorted by white LEDs and non-white LEDs and produce all samples on Everlight's list that have not yet been produced. Everlight shall produce the list <u>no later than December 26, 2013</u> and produce the samples <u>no later January 2, 2014.</u>

### B)  Nichia's Emergency Motion for Permission to Take Specific Discovery after the Fact Discovery Deadline [# 174]

In the present motion, Nichia seeks permission to take certain discovery after the fact discovery cutoff which expired on November 15, 2013. Nichia argues that due to Everlight's discovery deficiencies and delays, Nichia needs to take the following limited discovery despite the expiration of the fact discovery cutoff: (1) follow-up depositions of Everlight's employees and (2) to serve subpoenas on third parties for the production of documents.

Nichia points to the following examples to demonstrate the extreme discovery stonewalling practiced by Everlight during these proceedings to support its request to take specific discovery after

---

[1] The Court agrees that Everlight need not produce samples for products that have not been sold during the relevant time period.

November 15, 2013:

    1.    <u>Document Production</u>: Everlight has yet to fully complete its production with respect to fundamental technical and sales documents, which has been the subject of prior Nichia discovery motions, including docket numbers 119 and 158. Additionally, Everlight has failed to prepare an adequate privilege log.

    2.    <u>Accused LED Product Samples</u>: As demonstrated by the discussion, *supra*, it is clear that Everlight has failed to complete its production with respect to samples. Moreover, as discussed *infra*, Everlight improperly designated all of its Accused Products as AEO or Attorney Eyes Only preventing Nichia from utilizing input from its client.

    3.    <u>Depositions of Everlight Witnesses</u>: In addition to delaying its production of witnesses, Everlight has engaged in "document dumps" by providing roughly 512,000 pages worth of documents containing data concerning the phosphor compositions used in the accused products just prior to, or after the depositions of its witnesses concerning the subject of these documents. Additionally, Everlight has produced witnesses who were unprepared to testify about the noticed topics. Everlight also improperly relied on privilege during some of the witnesses depositions.

Conversely, Everlight argues that Nichia has not exercised reasonable diligence in pursuing necessary discovery. Moreover, Nichia is misleading concerning Everlight's conduct with respect to its Rule 30(b)(6) depositions. Everlight insists that Nichia's topics were overly broad and Nichia is cherry-picking a few isolated examples in which the witness lacked sufficient knowledge to answer a question. Everlight further maintains that it did not improperly assert privilege during the Ewing Liu and Mark Lin depositions. However, this Court has already determined that Everlight improperly relied on the common-interest doctrine, therefore as to the Liu and Lin witnesses, these witnesses may be redeposed after the fact discovery cutoff.

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The United States Court of Appeals for the Sixth Circuit had held that "late-moving litigants [are required] to show that despite their diligence they could not meet the original deadline." *Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008)

(quoting *Leary v. Daeschner*, 349 F.3d 888, 906-07 (6th Cir. 2003)). In considering a request to modify the scheduling order, "another relevant consideration is possible prejudice to the party opposing the modification." *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

Here, Nichia has demonstrated that despite its due diligence, it could not meet the fact discovery cutoff of November 15, 2013, and complete all necessary discovery to establish its claims and defenses in this matter. Based on the voluminous and recent production of worksheets and Accused Product samples, in connection with the improper withholding of certain documents based on privilege, and Everlight's ongoing supplementation of its Privilege Log,[2] the Court finds that Nichia has established good cause for granting its requested relief and will permit specific fact discovery to occur past the cutoff set forth in this Court's August 13, 2013 Order extending fact discovery cutoff through November 15, 2013.

The record shows that Everlight recently produced over 1,000 samples of its Accused Products and dumped voluminous discovery responses; responses that Nichia first requested months ago. From October 22, 2013 through November 3, 2013, Everlight produced 177,334 documents, including documents containing crucial phosphor composition information that has been the subject of prior discovery motions before this Court. Everlight also produced an inadequate number of Rule 30(b)(6) witnesses who could not possibly be competent to testify to all of Nichia's deposition topics. For example, the depositions of Liu, Lin, and Peter Pan demonstrate that Everlight's witnesses were unable to testify to relevant topics such as the phosphors used in the Accused Products, the manufacturing process used, and the sales revenue generated by Everlight's sale of the Accused Products.

---

[2] *See* this Court's Order Granting Nichia's Motion to Compel among other remedies. *See* Dkt. No. 238.

The Court finds unpersuasive Everlight's argument that Nichia has not been diligent with respect to its discovery requests in this matter. Nichia has attempted to obtain crucial phosphor composition and sales information and complete production of Everlight's Accused Product samples for months, yet Everlight's production is still incomplete. Further, Everlight has not shown that it would be prejudiced if the Court permits Nichia to conduct additional, limited discovery. Accordingly, the Court grants Nichia's Motion to Compel Specific Discovery after the fact discovery cutoff. Nichia's limited fact discovery shall be completed <u>no later than February 1, 2014.</u>

### C) Nichia's Emergency Motion for Sanctions for Everlight's Breach of the Docket 182 Order [# 189]

On October 23, 2013, this Court entered an Order granting Nichia's Emergency Motion to Enforce the Docket 144 Order which required Everlight to "to produce documents responsive to Nichia's RFP Nos. 25, 47-49, 53-54, 57, 77, 79-81, and 83-84 within ten days from the date of this Order." *See* Dkt. No. 182. The Court's Order also required Everlight to serve an "affidavit within ten days of this Order" identifying "the documents that have not been produced because they are not within Everlight's possession, custody or control." *Id.* Nichia claims that Everlight has failed to obey this Court's Order with respect to both commands. Therefore, Nichia asks that the Court strike Everlight's Counts I and IV of its Second Amended Complaint and its first affirmative defense for non-infringement of Nichia's patents-in-suit and that Everlight be precluded from introducing any evidence on these counts or its defense based on Everlight's failure to comply with this Court's Order. Nichia also moves for an award of its reasonable expenses as an additional sanction for Everlight's failure to comply with this Court's Order.

Everlight counters that Nichia seeks extraordinary relief by requesting dismissal of Everlight's declaratory judgment claim of non-infringement and preclusion of Everlight's ability

-7-

to oppose Nicha's counterclaim of infringement. Everlight maintains that the Court's Order required counsel to prepare an affidavit, and counsel has prepared the affidavit. Even though Everlight's counsel did not sign the affidavit, rather Mark, Hsien-Chia Lin prepared and signed the Court ordered affidavit, Everlight understood full well that it was certifying, pursuant to Fed. R. Civ. P. 11(b)(3) that the factual contentions have evidentiary support "to the best of [counsel's] knowledge, information, and belief[,]" when it served Lin's affidavit. Everlight further complains that Nichia fails to identify any deficiencies in Everlight's production with respect to the specific requests within the scope of the Docket 182 Order.

When a party has disobeyed a discovery order, the court may enter an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). In addition, a court has inherent power to sanction parties for contempt and abusive litigation practices, including dismissing a case. *Ocean Innovations, Inc. v. Quarterberth, Inc.*, No. 1:03-cv-00913, 2011 U.S. Dist. LEXIS 41614, *20 (N.D. Ohio Apr. 18, 2011) (default judgment entered in a patent infringement action where the defendant breached a discovery order).

This Court must consider the following factors to determine whether sanctions pursuant to Rule 37 are appropriate: (1) whether the adversary was prejudiced by the disobedient party's failure to cooperate in discovery, (2) whether the disobedient party was warned the failure to cooperate could lead to dismissal, and (3) whether less drastic sanctions were considered. *Am. Book Co,. v. Consolidated Group of Companies, Inc.*, No. 3:09-cv-112, 2011 U.S. Dist. LEXIS 34794, *10 (E.D. Tenn. Mar. 9, 2011); *see also Limu Co., LLC v. Burling*, No. 6:12-cv-347, 2013 U.S. Dist. LEXIS 91227, *4 (M.D. Fla. Jun. 28, 2013) (disobedient party prohibited from supporting its affirmative defenses where it did not provide a credible explanation for its breach of order); *Tech.*

*Recycling Corp. v. City of Taylor*, Nos. 04-1798, 04-2205, 2006 U.S. App. LEXIS 16590, *16 (6th Cir. Jun. 28, 2006); *Lowe v. Vadlamudi*, No. 08-10269, 2012 U.S. Dist. LEXIS 122112, *10 (E.D. Mich. Aug. 28, 2012).

Dismissal and preclusion of evidence are considered drastic remedies that are appropriate only in extreme situations where a party has exhibited "flagrant bad faith and callous disregard of the rules." *Graff v. Haverhill N. Coke Co.*, 2012 U.S.Dist. LEXIS 26399, at *6 (S.D. Ohio Feb. 29, 2012); *Reed v. Bennet*, 312 F.3d 1190 (10th Cir. 2002); *Pall Corp. v. 3M Purification Inc.*, 279 F.R.D. 209 (E.D.N.Y. 2011). This is because such sanctions "interfere with the overriding policy of deciding cases on their merits." *Titan Indus. Corp. v. Fed. Ins. Co.*, 1995 U.S. Dist. LEXIS 10253, at *6-7 (S.D.N.Y. July 25, 1995); *Williams v. Pledged Prop. II*, LLC, 2011 U.S. Dist. LEXIS 23453, at *4-5 (E.D. Mich. Feb. 17, 2011).

Here, it appears that Everlight has been less than prompt in producing certain documents since it did not produce documents responsive to Nichia's RFP Nos. 25, 47-49, 53-54, 57, 77, 79-81, and 83-84 until Nichia filed three motions to compel. Some of Everlight's production occurred on November 3, 2013. However, Everlight produced more documents on November 15, 2013, which was clearly past the Court's deadline for production in its Docket 182 Order. Even with this late production, Everlight has yet to fully comply with its production requirements ordered by the Court. Everlight also incorrectly interpreted this Court's affidavit requirement as permitting its preparation and the signature to come from someone other than Everlight's counsel. Thus, the first factor this Court must consider, whether Nichia has been prejudiced, weighs in favor of Nichia.

Moreover, Everlight's protestations of burdensome requests by Nichia and its claims that it has fully complied with its Rule 26 obligations and this Court's Docket 182 Order are unpersuasive.

The Court would be remiss to ignore the fact that this is the third time it has seen the parties on some of the same issues. *See* Aug. 2, 2013 Dkt. No. 120 at 7-8 (requesting documents pertaining to "product specifications, manufacturing descriptions, and information concerning components of the productions . . . and the chemical composition of the phosphor.") It is now mid-December and Everlight has yet to produce all of the documents responsive to Nichia's RFPs, nor the Court ordered affidavit required by this Court's Docket 182 Order. However, Everlight has represented to this Court that "it has produced what it has been able to identify pursuant to a reasonable search" on several prior occasions. Obviously, Everlight was either incorrect or blatantly misrepresenting the record. Either scenario is unacceptable. It is perplexing to the Court that Everlight maintains Nichia's present motion should be denied when Everlight has mislead both Nichia and the Court before with respect to its document production. Everlight produced almost 40% of its entire document production between October 22, 2013 and November 3, 2013, yet in August, Everlight claimed its production was complete.

As to the second factor, whether Everlight has been previously warned that failure to comply with its discovery obligations could lead to dismissal of its non-infringement declaratory judgment claim and its defense, this factor weighs in favor of Everlight. This Court has not previously warned Everlight that a possible sanction for improper conduct during these proceedings could be dismissal of Everlight's claims and defense. While the Court ultimately concludes that sanctions are appropriate under the circumstances, it is reluctant to impose the drastic sanction of outright dismissal of Everlight's claims and defense.

Lastly, less drastic sanctions have only been threatened by this Court; the Court has to date declined to impose any sanctions against Everlight based on its conduct with respect to discovery during the instant proceedings. However, at the last hearing in this matter, concerning Nichia's

Motion to Enforce Docket No 144 Order and Everlight's Representations Made in Court, and in the Court's 182 Order Granting Nichia's Motion to Compel, the Court warned Everlight that $5,000.00 would be awarded in sanctions for any violation of its Order. *See* Dkt. No. 182. Therefore, while the Court finds that dismissal of Everlight's claims and defense is unwarranted pursuant to the Sixth Circuit's factors, a sanction for repeated discovery deficiencies is appropriate. Accordingly, the Court will award Nichia, in addition to the $5,000 sanction award, its reasonable attorney fees and costs incurred as a result of filing Nichia's Motions (Dkt. Nos. 172, 174, 189 and 211). Everlight shall pay the $5,000 sanction plus Nichia's reasonable attorney fees and costs incurred as result of filing the above identified motions within fourteen days of Nichia's service of its bill for reasonable attorney fees and costs.

### D) Nichia's Emergency Motion to Challenge Everlight's Designation of Product Samples Under the Protective Order [# 211]

In the instant motion, Nichia seeks an Order pursuant to paragraph 5 of the Stipulated Protective Order (Dkt. No. 81) to challenge Everlight's designation of its Accused Product samples as Confidential-For Attorney Eyes Only ("AEO"). Between August 9, 2013 and October 18, 2013, Everlight produced a total of 185 samples of its Accused LED products. On November 1, 2013, Everlight notified Nichia for the first time that it intended to designate all future productions of its LED samples as AEO and to retroactively designate all previously produced samples as AEO.

Nichia argues that Everlight's AEO designation is improper for at least three reasons. First, many of the samples are publicly available, therefore it is improper to designate them as AEO. Next, Nichia argues that Everlight failed to comply with the requirements set forth in the Protective Order for designating tangible items as being AEO. Finally, with respect to Everlight's retroactive designation, Everlight is clearly untimely pursuant to the Protective Order's requirement that the

parties make timely AEO designations. Nichia maintains that it has been severely prejudiced since it cannot prepare its opening expert reports on infringement, due December 20, 2013, without being able to confer with its client about Everlight's samples.

Everlight counters that it has produced a comprehensive collection of its phosphor-based LED product line which contain sensitive proprietary information that would seriously damage Everlight competitively if it were disclosed to Nichia. Moreover, Everlight claims that more than 400 of its LED samples are made and sold for specific customers –oftentimes based on non-public specific specifications–and cannot be purchased publicly except by that customer. Everlight claims it inadvertently did not designate its first four productions of samples as AEO, but notified Nichia on November 1, 2013 that these samples should have been designated as AEO. Nichia responded that it disagreed with Everlight's designation and admitted that it had already provided some of the produced samples to its client. Everlight claims that Nichia improperly used these samples in other litigation occurring in the Eastern District of Texas. Everlight bases this contention on the fact that Nichia recently amended its pleadings in the Texas action with information that could have only come from the production of samples in this litigation. Everlight argues that the present motion has more to do with Nichia obtaining ammunition for other litigation against Everlight, which is demonstrated by Nichia's refusal to restrict use of Everlight's samples for purposes of this litigation only. Lastly, Everlight disputes that Nichia has been prejudiced by the AEO designation since the Protective Order permits Nichia's experts access to the designated samples. Everlight requests that the Court deny Nichia's motion, compel Nichia to disclose the identities of the individuals to whom Everlight's samples were made available to, and order Nichia to amend its pleadings in the Eastern District of Texas.

Here, Everlight is improperly seeking protection for all of its LED products even though only

400 of those samples are purportedly manufactured for specific customers only. Further, while Everlight maintains that it has produced a complete collection of its phosphor-based LEDs, the record shows this is inaccurate. Everlight cannot designate all of its products as AEO where 75% of its sample products are available to the general public. Further, Everlight has not demonstrated that the 400 LED samples made for specific customers warrant AEO protection. The fact that LEDs are sold to certain customers does not necessarily mean that these samples are materially different from the other produced samples. Everlight merely states, without record support, that its customers "may order particular LEDs with unique specifications." *See* Liu Decl., ¶ 5. However, to address Everlight's concerns, the Court will allow the customer-specific LED samples to be used for purposes of this litigation only. Based on the foregoing, Nichia's Motion Challenging Everlight's Designation of its Product Samples as AEO is granted.

### III. CONCLUSION

For the reasons stated above, Nichia's Emergency Motion to Compel Everlight to Complete Its Production of Samples of Its Accused Products is GRANTED [#172]. Everlight shall provide Nichia a complete list of all of its phosphor-based LEDs sold in the United States since April of 2006, sorted by white LEDs and non-white LEDs and produce all samples on Everlight's list that have not yet been produced. Everlight shall produce the list no later than December 26. 2013 and produce the samples no later January 2, 2014. **Failure to produce the samples by close of business, eastern standard time, on January 2, 2014, shall result in the imposition of a daily sanction of $5,000.00 for each day that the production remains incomplete.**

Nichia's Emergency Motion for Permission to Take Specific Discovery after the Fact Discovery Deadline [Dkt. No. 174] is GRANTED. Nichia shall complete its post-deadline fact

discovery <u>no later than February 1, 2014</u>.

Nichia's Emergency Motion for Sanctions for Everlight's Breach of the Docket 182 Order. No. 189] is GRANTED IN PART. The Court hereby imposes sanctions in the amount of $5,000 plus Nichia's reasonable attorney fees and costs incurred as a result of filing motion numbers 172, 174, 189 and 211. Upon Nichia's service of its bill for reasonable costs and attorney fees, Everlight shall have <u>fourteen days to remit full payment</u>.

Nichia's Emergency Motion to Challenge Everlight's Designation of Product Samples Under the Protective Order [Dkt. No. 211] is GRANTED.

The parties shall brief indefiniteness in their summary judgment briefing. The parties' briefing (Motions for Summary Judgment and Response Briefs) shall not exceed fifty (50) pages in length. The parties may file Reply Briefs consistent with this Court's Local Rules.

SO ORDERED.

Dated: December 20, 2013                    /s/Gershwin A Drain
                                            GERSHWIN A. DRAIN
                                            UNITED STATES DISTRICT JUDGE