# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EVERLIGHT ELECTRONICS CO., LTD., )
and EMCORE CORPORATION, )
                               )
   Plaintiffs, )
                               )
      vs. )
                               )
NICHIA CORPORATION, and NICHIA )
AMERICA CORPORATION, )
                               )
   Defendants. )
_____ )    Case No. 4:12-cv-11758 GAD-MKM
NICHIA CORPORATION and NICHIA )    **Hon. Gershwin A. Drain**
AMERICA CORPORATION, )
                               )
   Counter-Plaintiffs, )
                               )
      vs. )
                               )
EVERLIGHT ELECTRONICS CO., LTD., )
and EMCORE CORPORATION, )
                               )
   Counter-Defendants, )
                               )
   and )
EVERLIGHT AMERICAS, INC., )
  Defendant. )

# NICHIA DEFENDANTS' EMERGENCY MOTION TO STRIKE EVERLIGHT'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 26(e) and 37(c), Defendants Nichia Corporation and Nichia America Corporation (collectively "Nichia") hereby move this Court to strike Plaintiff Everlight Electronics Co., Ltd.'s and Defendant Everlight Americas, Inc.'s (collectively "Everlight's") Brief In Support of Its Motion for Summary Judgment (Dkt. # 285).  Nichia bases its motion on two grounds: (1) Everlight's brief violates E. D. Mich. LR 5.1(a), which requires that briefs be formatted using "14 point" font and "double-spaced"; and (2) Everlight raises two new invalidity theories, ***for the first time***, in its Brief in Support of Its Motion for Summary Judgment.  The Court should thus order Everlight to refile its brief in compliance with the Local Rules, and without the two new theories.  In the alternative, if the Court is not inclined to order Everlight to refile its brief, Nichia respectfully requests that the two new invalidity theories be stricken, and that Nichia be granted an extension of six pages for its opposition to Everlight's Motion for Summary Judgment.

First, Everlight once again flouts the Court's Local Rules by submitting a brief that is formatted using "Exactly 28" line-spacing.  By doing so, Everlight has effectively added six pages to its brief.

Second, more than two years after commencing this litigation, Everlight now argues for the first time that: (1) claims 1, 2, 4, 8, 9, 10, 14, and 16-19 of U.S. Patent No. 7,531,960 ("the '960 Patent") are invalid for failing to meet the written

description requirement because they are not limited to garnet phosphors; and (2) U.S. Patent No. 5,998,925 ("the '925 Patent") is not entitled to the priority dates of their Japanese parent applications because they do not explicitly reference a garnet fluorescent material comprising the elements, scandium (Sc) and/or lutetium (Lu).

Because these defenses were not previously disclosed, Nichia did not have the opportunity to address them during fact or expert discovery, and thus has been prejudiced.

In addition, in view of the impending June 19, 2014, deadline for oppositions to motions for summary judgment, Nichia respectfully requests that the Court promptly order an expedited briefing schedule for this Motion as follows:

- Everlight's Opposition (limited to 12-pages, double-spaced): June 13, 2014

- Nichia's Reply (limited to five pages, double-spaced):  June 16, 2014

## Local Rule 7.1 Certificate of Conference

On June 4, counsel for Nichia contacted Everlight's counsel in an attempt to notify them of the newly raised invalidity arguments.  Counsel for Nichia did not receive concurrence in the relief sought.

For the foregoing reasons, Nichia respectfully requests that its Motion be granted.

Respectfully submitted,

**FOLEY & LARDNER LLP**

By: /s/ *Steven J. Rizzi*
    John R. Trentacosta (P31856)
    Ryan S. Bewersdorf (P66411)
    500 Woodward, Suite 2700
    Detroit, MI 48226-3489
    Telephone: (313) 234-7100
    jtrentacosta@foley.com

Dated:  June 9, 2013

Michael D. Kaminski
Lisa S. Mankofsky
3000 K Street N.W., Suite 600
Washington, DC 20007-5109
Phone: 202-672-5300
Fax: 202-672-5399
mkaminski@foley.com

Steven J. Rizzi
90 Park Avenue
New York, NY 10016-1314
Phone: 212-682-7474
Fax: 212-687-2329
srizzi@foley.com

*Attorneys for Defendants Nichia*
*Corporation and Nichia America*
*Corporation*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EVERLIGHT ELECTRONICS CO., LTD., )
and EMCORE CORPORATION, )
                                    )
  Plaintiffs, )
                                    )
     vs. )
                                    )
NICHIA CORPORATION, and NICHIA )
AMERICA CORPORATION, )
                                    )
  Defendants. )
_____ )
NICHIA CORPORATION and NICHIA )   Case No. 4:12-cv-11758 GAD-MKM
AMERICA CORPORATION, )   **Hon. Gershwin A. Drain**
                                    )
  Counter-Plaintiffs, )
                                    )
     vs. )
                                    )
EVERLIGHT ELECTRONICS CO., LTD., )
and EMCORE CORPORATION, )
                                    )
  Counter-Defendants, )
                                    )
   and )
EVERLIGHT AMERICAS, INC., )
  Defendant. )

## NICHIA DEFENDANTS' BRIEF IN SUPPORT OF THEIR EMERGENCY MOTION TO STRIKE EVERLIGHT'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

Statement of Issue Presented ............................................................. iii

Most Controlling Authority ............................................................. iv

I.      INTRODUCTION ............................................................. 1

II.     FACTUAL BACKGROUND ............................................................. 2

    A.     Everlight's Summary Judgment Brief Is Not Double-Spaced and Is Six Pages Over the 50-Page Limit ............................................. 2

    B.     Everlight's Summary Judgment Brief Improperly Seeks Summary Judgment on Grounds Never Before Raised in This Case ............................................................. 3

III.    ARGUMENT ............................................................. 6

    A.     Everlight Should Be Ordered to Refile Its Brief Using Double-Spacing and Limited to 50-Pages ............................................. 6

    B.     Everlight's Previously Undisclosed Invalidity Theories Should Be Stricken from Its Summary Judgment Brief ............... 7

        1.     *Invalidity Theories May Not be Presented for the First Time on Summary Judgment.* ............................................. 7

        2.     *Everlight Cannot Justify Its Failure to Disclose Its Invalidity Contentions Based on Any Conduct of Nichia.* ............................................................. 8

        3.     *Nichia Would Suffer Severe Prejudice if Everlight Is Permitted to Proceed With Its Previously Undisclosed Theories.* ............................................................. 10

IV.     CONCLUSION ............................................................. 12

## STATEMENT OF ISSUE PRESENTED

1. Has Everlight Electronics Co., Ltd. and Everlight Americas, Inc. (collectively "Everlight") violated the Court's LR 5.1(a), which requires that briefs be formatted using 14 pt. font and "double-spaced," by using "Exactly 28" line-spacing in Everlight's Motion for Summary Judgment (Dkt. # 285) of invalidity of U.S. Patent No. 5,998,925 ("the '925 Patent") and U.S. Patent No. 7,531,960 ("the '960 Patent"), (collectively "the Nichia Patents"), thereby overburdening the Court and causing prejudice to Nichia Corporation and Nichia America Corporation (collectively, "Nichia")?

   **Nichia says, "Yes,"** because Everlight's violation adds six pages to its brief, thus providing it with an unfair advantage over Nichia, whose brief conforms to the Court's formatting requirements.

2. Has Everlight violated the Court's Case Management Order (Dkt. # 45) as well as Federal Rules of Civil Procedure 26(e) and 37(c) by failing to provide invalidity contentions or otherwise providing notice of its allegation that the '960 Patent is allegedly invalid for lack of written description, thereby causing prejudice to Nichia?

   **Nichia says, "Yes"**, because there is no justification for Everlight's disclosure of this basis for alleged invalidity of the '960 Patent for the first time in Everlight's Motion for Summary Judgment (Dkt. # 285), after the close of fact and expert discovery.

3. Has Everlight violated the Court's Case Management Order (Dkt. # 45) as well as Federal Rules of Civil Procedure 26(e) and 37(c) by failing to provide invalidity contentions or otherwise providing notice of its allegation that the '925 Patent is not entitled to the priority date of the Japanese priority applications because the elements, scandium (Sc) and lutetium (Lu), are allegedly not disclosed in the Japanese priority applications, thereby causing prejudice to Nichia?

   **Nichia says, "Yes"**, because there is no justification for Everlight's disclosure of this basis for alleged invalidity of the '925 Patent for the first time in Everlight's Motion for Summary Judgment (Dkt. # 285), after the close of fact and expert discovery.

# <u>MOST CONTROLLING AUTHORITY</u>

**Page(s)**

**Cases**

*AstraZeneca AB v. Mut. Pharm. Co.*,
  278 F. Supp. 2d 491 (E.D. Pa. 2003)...................................................................7

*Cornell Research Found. v. Hewlett Packard Co.*,
  223 F.R.D. 55 (N.D.N.Y 2003) ........................................................................11

*Falkner v. Inglis*,
  448 F.3d 1357 (Fed. Cir. 2006) ..........................................................................8

*Georgia-Pacific Corp. v. United States Gypsum Co.*,
  1996 U.S. Dist. LEXIS 22616 (D. Del. Dec. 27, 1996) ......................................9

*Jenkins v. Bank of Am., N.A.*,
  2013 U.S. Dist. LEXIS 179512 (E.D. Mich. Dec. 23, 2013) ..............................6

*Lopez v. GAP, Inc.*,
  No. 1:11-cv-03185-PAE (S.D.N.Y. May 5, 2012)...............................................6

*MacroSolve, Inc. v. Antenna Software, Inc.*,
  2013 U.S. Dist. LEXIS 102954 (E.D. Tex. July 23, 2013) ..................................8

*Magnetar Techs. Corp. v. Six Flags Theme Parks, Inc.*,
  2014 U.S. Dist. LEXIS 15679 (D. Del. Feb. 7, 2014).......................................10

*SPX Corp. v. Bartec USA, LLC*,
  2008 U.S. Dist. LEXIS 29235 (E.D. Mich. Apr. 10, 2008) ...............................10

*Takeda Chem. Indus., Ltd. v. Mylan Labs, Inc.*,
  2005 U.S. Dist. LEXIS 43614 (S.D.N.Y. June 15, 2005) ...................................7

*Transclean Corp. v. Bridgewood Servs*,
  77 F. Supp. 2d 1045 (D. Minn. 1999)................................................................11

*Wechsler v. Hunt Health Sys.*,
  1999 U.S. Dist. LEXIS 13216 (S.D.N.Y. Aug. 25, 1999)...................................8

**Statutes**

35 U.S.C.§ 112 ................................................................................3, 4, 5, 10

**Other Authorities**

Fed. R. Civ. P. 26(e)(1) ..............................................................................7

Fed. R. Civ. P. 37(c)(1) ..............................................................................7

LR 5.1(a) .................................................................................................1, 2, 6

## I.  **INTRODUCTION**

Nichia submits this Emergency Motion to Strike Everlight's Motion for Summary Judgment (Dkt. # 285) on two grounds.  First, Everlight's brief violates the Court's LR 5.1(a), which requires that briefs be formatted using 14 pt. font and "double-spaced."   However, Everlight's brief is formatted using "Exactly 28" line-spacing, which is significantly narrower than double-spacing, and effectively added some six pages to the brief.  Second, Everlight uses more than 10-pages of its expanded brief to request summary judgment of invalidity based on two new theories, raised for the first time in its brief and not previously disclosed: (1) that the '960 Patent is allegedly invalid for lack of written description because the asserted claims are not limited to garnet phosphors, and allegedly broader than the disclosure of the specification, and (2) the Nichia Patents are not entitled to the priority date of the Japanese priority applications because the elements scandium (Sc) and lutetium (Lu), are allegedly not disclosed therein.

Nichia thus respectfully requests that the Court strike Everlight's brief, and order Everlight to refile its summary judgment motion in compliance with the Local Rules, and without the previously undisclosed invalidity theories.  In the alternative, if the Court is not inclined to strike Everlight's brief, Nichia respectfully requests that the Court strike the undisclosed invalidity theories, and

1

that Nichia be granted an extension of six pages for its opposition to Everlight's

Motion for Summary Judgment.

In addition, given the June 19, 2014, deadline for oppositions to summary

judgment motions, Nichia requests that the Court enter an expedited briefing

schedule for this Motion.

## II.   FACTUAL BACKGROUND

### A.   Everlight's Summary Judgment Brief Is Not Double-Spaced and Is Six Pages Over the 50-Page Limit

Throughout the entirety of this case, Everlight has flouted both the Local

Rules and this Court's orders.  *See, e.g.*, Nichia's Opposition to Plaintiff's Motion

to Strike Nichia's Docket 174 Emergency Motion for Permission to Take Specific

Discovery After the Fact Discovery Deadline (Dkt. # 185) at pp. 4-5 and Ex. A.

That pattern continued with Everlight's summary judgment motion.  This time,

Everlight plays fast and loose with Local Rule 5.1(a), which unambiguously

specifies that briefs must be "double-spaced."  Everlight did not use double-

spacing, however, but instead used spacing referred to as "Exactly 28," which is

significantly narrower than double-spacing.   Had Everlight prepared its brief using

the mandated double-spacing option in Microsoft Word, it would have been 56

pages, as demonstrated by Ex. B, which is Everlight's brief with the portions that

use Exactly 48 line-spacing reformatted using double-spacing.

Everlight contends that "Exactly 28" spacing is "double-spaced" because it uses "exactly" twice 14 pt font spacing. But as Ex. B shows, this is not the same as double-spacing. In fact, it is closer to 1.75 line-spacing. Ex. C is Everlight's brief with the portions that use Exactly 48 line-spacing replaced with 1.75 line-spacing. As can be seen, it is very similar to Everlight's as-filed brief. Nichia's brief used double-spacing, and the difference is apparent. *See* Dkt. # 283. Everlight's brief includes about an additional three lines per page. The Court has made clear that the parties must closely adhere to the Court's briefing limits, and Nichia has been prejudiced by Everlight's violation of the Court's rule.

### B.   Everlight's Summary Judgment Brief Improperly Seeks Summary Judgment on Grounds Never Before Raised in This Case

Nichia served interrogatory requests at the outset of the case that specifically sought Everlight's contentions, including with respect to alleged invalidity under the written description requirement of 35 U.S.C.§ 112, and any priority-related issues. Everlight's response was not substantive, and merely directed Nichia to its Court-ordered "[Preliminary] Invalidity Contentions."[1]   Ex. D, Everlight's

---

[1] The Court's Case Management Order (Dkt. # 45) ordered that the parties exchange "Invalidity Contentions" on December 20, 2012. Everlight styled its contentions as "Preliminary."

Response to Nichia's First Set of Interrogatories.  Although Everlight later

amended its invalidity contentions,[2] the positions at issue were not included.

Everlight's Motion for Summary Judgment includes some <u>ten pages</u>

dedicated to its newly minted argument that the asserted claims of the '960 Patent

are supposedly invalid for lack of a proper "written description," as required by

Section 112 of the Patent Act, because the claims are not limited to garnet

phosphors.  Dkt. # 285, Section V., pp. 22-31.  According to Everlight:

> [I]n drafting claims 1, 2, 4, 8, 14, and 16-17 of the '960 patent, Nichia
> did not limit the claims to the garnet phosphors.  Instead, Nichia
> drafted those claims to recite "phosphors"– as a genus – which would
> include phosphors that were not suitable for its alleged invention
> according to Nichia's specification.  That broad claim scope, however,
> violates the written description requirement.  (*Id.* at p. 22.)

Everlight does not dispute that this theory nowhere appears in its expert

reports, even though its principal expert, Dr. Bretschneider, included a section in

his report titled "WRITTEN DESCRIPTION – '960 PATENT," that lists a litany

of claim terms that supposedly don't meet the written description requirement.  *See*

Ex. F, Expert Report of Dr. Eric Bretschneider Concerning Invalidity of U.S.

Patent No. 5,998,925 and U.S. Patent No. 7,531,960, dated December 22,

---

[2]  Everlight's original invalidity contentions were even more deficient, and it
took several attempts by Nichia before Everlight finally agreed to serve its still-
deficient amended contentions.  *See* August 8, 2013 e-mail from J. Reisberg to L.
Mankofsky.   Ex. E at pp. 3-4.

2013 ("Bretschneider Opening Report") at pp. 166-168.

During the parties' meet-and-confer, Everlight nonetheless took the position that it disclosed this particular basis for invalidity in its "Amended Preliminary Invalidity Contentions," served on September 4, 2013, on pp. 25-27, under the heading, "Lack of Written Description/Lack of Enablement/Written Description." *See* Ex. G.  However, these contentions simply list, verbatim, nearly every claim term appearing in the asserted claims, and then make the meaningless and conclusory assertion that the terms "violate the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112."  There is not a hint of the argument Everlight now raises on summary judgment.  Indeed, "phosphor" <u>alone</u> is not even included among the 10 "terms/phrases" listed.

Everlight thus cannot credibly defend its blindsiding of Nichia by arguing that its invalidity contentions put Nichia on fair notice of the position it now argues in ten pages of its brief.  And because it was not addressed by Everlight's experts, Nichia's expert did not address this issue in his rebuttal reports.

Second, Everlight's Summary Judgment Motion also raises a brand new issue with respect to its argument that the Nichia patents are not entitled to the priority of the Japanese applications, because these applications do not explicitly include all of the elements claimed in the patents for use in the garnet fluorescent

5

material.  For the entirety of this case, and until Everlight filed its summary judgment motion, Everlight's contention was based solely on the alleged lack of disclosure in the priority applications of the use of indium (In) in the fluorescent material.  *Id.* at pp. 17.  In its summary judgment motion, Everlight bases its priority argument on the alleged absence in the priority applications of Sc and Lu, in addition to In.   Here again, there was no mention whatsoever of Sc and Lu in either Everlight's invalidity contentions or expert reports.

III.   **ARGUMENT**

   **A.   Everlight Should Be Ordered to Refile Its Brief Using Double-Spacing and Limited to 50-Pages**

   This court strictly enforces the formatting requirements set forth in Local Rule 5.1(a).  *Jenkins v. Bank of Am., N.A.*, 2013 U.S. Dist. LEXIS 179512, at \*1-2 (E.D. Mich. Dec. 23, 2013) Ex. H (striking summary judgment brief in 12 pt font, noting that "if the motion were filed in 14-point type the brief would be overlong.").  In view of Everlight's violation of Local Rule 5.1(a), Nichia respectfully requests that Everlight be ordered to re-file its brief using double-spacing and limited to 50-pages (without adding any new arguments), and that Nichia be accorded two-weeks to respond to such shortened motion, with the schedule adjusted accordingly.  In the alternative, Nichia requests that it be granted six additional pages for its opposition to Nichia's motion.  *See Lopez v. GAP, Inc.*,

6

No. 1:11-cv-03185-PAE (S.D.N.Y. May 5, 2012) (Dkt. # 42) Ex. I (granting

plaintiff's request for additional pages in opposition brief when defendant had

obtained more than 4 extra pages in its summary judgment brief by using 1.75 line

spacing).

### B. Everlight's Previously Undisclosed Invalidity Theories Should Be Stricken from Its Summary Judgment Brief

#### 1. *Invalidity Theories May Not be Presented for the First Time on Summary Judgment.*

The Federal Rules are designed to prevent litigation by ambush.

*AstraZeneca AB v. Mut. Pharm. Co.,* 278 F. Supp. 2d 491, 509 (E.D. Pa. 2003)

("The carefully orchestrated pretrial process was designed to flush out each party's

contentions during discovery, so as to allow fact discovery, expert opinions, and

dispositive motions, in that order.   Allowing Defendant to assert an entirely new

basis of invalidity at the very end of the process is simply not fair to

Plaintiffs.")(citations omitted).  That is the purpose of contention interrogatories

and the Court-ordered infringement contentions. To prevent unfair surprise, the

rules also mandate that parties supplement their interrogatory responses and

disclosures in a timely manner, unless failure to do so is "substantially justified or

is harmless." *See* Fed. R. Civ. P. 26(e)(1) and  37(c)(1).

Courts thus exclude arguments and evidence based on the failure to disclose

invalidity contentions during discovery.  *Takeda Chem. Indus., Ltd. v. Mylan*

7

*Labs, Inc.*, 2005 U.S. Dist. LEXIS 43614, at *2 (S.D.N.Y. June 15, 2005) Ex. J

(excluding invalidity defense not raised during fact discovery); *see also Wechsler*

*v. Hunt Health Sys.*, 1999 U.S. Dist. LEXIS 13216, at *5 (S.D.N.Y. Aug. 25, 1999)

Ex. K (party estopped from asserting arguments not disclosed in contention

interrogatories).

### 2.   *Everlight Cannot Justify Its Failure to Disclose Its Invalidity Contentions Based on Any Conduct of Nichia.*

Everlight cannot justify its failure to disclose its new theories based on any

failure of Nichia, or other information that was previously unavailable to it.  First,

Everlight's new written description argument relies <u>entirely</u> on the intrinsic record,

i.e., information in the specification and the claims of the '960 patent.  Dkt. # 285

at pp. 22-27.[3]  In particular, Everlight's invalidity contentions did not in any way

depend upon Nichia's infringement contentions.  *MacroSolve, Inc. v. Antenna*

*Software, Inc.*, 2013 U.S. Dist. LEXIS 102954, at *13-14 (E.D. Tex. July 23, 2013)

Ex. L (denying leave to amend invalidity contentions where defendant sought to

justify based on amended infringement contentions).  And even if they did,

---

[3] It is important to note, however, that the written description requirement is a question of fact assessed from the perspective of one of ordinary skill in the art *See, e.g.*, *Falkner v. Inglis*, 448 F.3d 1357, 1363 (Fed. Cir. 2006).  Thus, if the Court allows Everlight's new argument, Nichia intends to provide a supplemental rebuttal report from its expert.

Everlight received all of Nichia's infringement theories by December 22, 2013, and thus had five months to supplement its invalidity contentions prior to filing its summary judgment motion.

Similarly, Everlight's new reliance on Sc and Lu to attack priority is also based solely on information in Everlight's possession since before it filed this case – the Japanese priority applications for Nichia's patents.  Dkt #285 at pp. 18-19.

It should also be noted that, in contrast to Everlight's Motion to Strike Nichia's Infringement Theories Regarding the Doctrine of Equivalents and Claims 5-8 of '925 Patent (Dkt. # 272), as explained in Nichia's Opposition to that motion (Dkt. # 295 at p. 14), Nichia's infringement contentions could not reasonably have been supplemented earlier due to Everlight's failure to timely produce information essential to those contentions.  While the federal rules except failures that are "substantially justified," Everlight cannot here benefit from such exception.

For example, in *Georgia-Pacific Corp. v. United States Gypsum Co.*, the court precluded the defendant from relying on new bases for invalidity where, as here, the defendant was unable to show why it could not have earlier provided its contentions.  1996 U.S. Dist. LEXIS 22616, at *25 (D. Del. Dec. 27, 1996), Ex. M.

**3.** ***Nichia Would Suffer Severe Prejudice if Everlight Is Permitted to Proceed With Its Previously Undisclosed Theories.***

Allowing Everlight to rely on its new theories would not be harmless but severely prejudice Nichia, because Everlight deprived Nichia from taking <u>any</u> discovery on its new theories. *SPX Corp. v. Bartec USA, LLC*, 2008 U.S. Dist. LEXIS 29235, at *13 (E.D. Mich. Apr. 10, 2008) Ex. N ("As recognized by the Federal Circuit, invalidity positions must be disclosed so that the patentee can take the appropriate discovery.").

Even if Everlight had identified a written description defense in its invalidity contentions based on the term "phosphor" in the '960 Patent (which it did not), merely listing the term and parroting the statutory requirement does nothing to inform Nichia of the actual basis for the defense.[4]   Fundamental fairness dictates that contentions associated with an affirmative defense are disclosed in sufficient

---

[4] Everlight's First Amended Preliminary Invalidity Contentions, p.25, simply recite the first paragraph of pre-AIA 35 U.S.C. § 112:

> ". . . the '960 Patent is invalid because the patent does not contain a sufficient ***written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use*** the full scope of the alleged invention without undue experimentation."

The bold and italicized text is copied directly from the statute.

10

detail to allow for meaningful discovery concerning the defense.  *Cornell Research Found. v. Hewlett Packard Co.*, 223 F.R.D. 55, 67 (N.D.N.Y 2003).

For example, in *Magnetar Techs. Corp. v. Six Flags Theme Parks, Inc.*, the court denied plaintiff's motion for summary judgment of infringement where the plaintiff attempted to rely on contentions disclosed for the first time in its opening brief.  2014 U.S. Dist. LEXIS 15679, at *71-72 (D. Del. Feb. 7, 2014), Ex. O.  The court noted that "by not disclosing the specific evidentiary support for their infringement contentions until this time, defendants have been deprived of a meaningful opportunity to respond to that evidence."  *Id.*  Similarly, the court in *Transclean Corp. v. Bridgewood Servs* estopped the infringer form asserting a new invalidity defense on summary judgment.  77 F. Supp. 2d 1045, 1062-1063 (D. Minn. 1999) (granting summary judgment in favor of the patentee).  The court ruled that because the alleged infringer "miscarried 'an ongoing obligation to supplement its interrogatory answers,' it 'may only offer those theories of claim interpretation that it provided in its interrogatory answers.'"  *Id.* at 1063.

Here, the surprise contentions provide an unfair advantage to Everlight, and severely prejudice Nichia. Because the new issues are directed to the factual question of how one of ordinary skill would have interpreted the disclosure of the Nichia patents and priority applications, at a minimum, Nichia would have i)

11

addressed these issues in its expert rebuttal report on validity, served March 29, 2014; and ii) deposed Everlight's expert on the issues.

Because Everlight unjustifiably violated its duty to supplement its invalidity contentions or otherwise provide fair notice of its theories, it denied Nichia the opportunity to pursue discovery relating thereto, and should not now be allowed to pursue the theories in its attempts to invalidate Nichia's patents.

## IV.   **CONCLUSION**

For all the foregoing reasons, the Court should strike Everlight's summary judgment brief.

| Respectfully submitted, | Dated: June 9, 2014 | |
|---|---|---|
| Foley & Lardner LLP | Michael D. Kaminski | Steven J. Rizzi |
| | Lisa S. Mankofsky | 90 Park Avenue |
| By: /s/ Steven J Rizzi | 3000 K St. N.W., Ste. 600 | New York, NY |
| John R. Trentacosta (P31856) | Washington, DC 20007 | 10016 |
| Irina Kashcheyeva (P72575) | Phone: 202-672-5300 | Phone: 212-682-7474 |
| 500 Woodward, Suite 2700 | Fax: 202-672-5399 | Fax: 212-687-2329 |
| Detroit, MI 48226-3489 | mkaminski@foley.com | srizzi@foley.com |
| Telephone: (313) 234-7100 | Attorneys for Defendants Nichia Corporation and | |
| jtrentacosta@foley.com | Nichia America Corporation | |

12

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2014, I electronically filed the foregoing

paper with the Clerk of the Court using the ECF system which will send

notification of such filing to all counsel of record.


/s/ Steven J Rizzi
Steven J Rizzi