UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERLIGHT ELECTRONICS CO., LTD.,
and EMCORE CORPORATION,

                                          Civil Action No.12-cv-11758
                                          HON.  GERSHWIN A.  DRAIN

           Plaintiffs/Counter-Defendants,

v.

NICHIA CORPORATION, and
NICHIA AMERICA CORPORATION,

           Defendants/Counter-Plaintiffs,

v.

EVERLIGHT AMERICAS, INC.,

           Defendant.
_____/

**ORDER DENYING NICHIA'S MOTION FOR LEAVE TO AMEND THEIR ANSWER TO ADD A DEFENSE OF UNCLEAN HANDS [#265], DENYING EVERLIGHT'S MOTION TO STRIKE FOURTH SUPPLEMENTAL EXPERT REPORT OF JOHN C. JAROSZ [#268] AND DENYING EVERLIGHT'S MOTION TO STRIKE NICHIA'S INFRINGEMENT THEORIES REGARDING THE DOCTRINE OF EQUIVALENTS AND CLAIMS 5-8 [#272]**

**I.    INTRODUCTION**

The is a patent action.  Presently before the Court are the following motions: (1) Nichia Corporation's and Nichia America Corporation's (collectively "Nichia") Motion for Leave to Amend their Answer to Add a Defense for Unclean Hands, filed on April 17, 2014, (2) Everlight Electronics, Co., Ltd.'s ("Everlight") Motion to Strike the Fourth Supplemental Expert Report of John C. Jarosz, filed on April 30, 2014, and (3) Everlight's Motion to Strike Nichia's Infringement Theories Regarding the Doctrine of Equivalents and Claims 5-8 of '925 Patent, filed on May 9,

2014. These matters are fully briefed and a hearing was held on July 8, 2014. For the reasons that follow, the Court will deny all three motions presently before it.

## II. LAW & ANALYSIS

### A. Nichia's Motion for Leave to Amend

In the present motion, Nichia seeks leave to add a defense of unclean hands to Everlight's claims for a declaratory judgment of invalidity and unenforceablity of the '925 and '960 patents, or for Counts II, III, V, and VII of Everlight's Second Amended Complaint. Nichia argues that it has been diligent during these proceedings in pursuing an unclean hands defense, as well as maintains that Everlight will not suffer prejudice if Nichia is allowed to add the defense of unclean hands. Conversely, Everlight asserts that Nichia's eleventh hour attempt to add an unclean hands defense is procedurally and substantively flawed. Specifically, Everlight suggests that Nichia could have moved to add this defense earlier and Everlight will be severely prejudiced if Nichia's motion is granted because discovery is now closed.

At the heart of the instant dispute is Everlight's witness, Hans-Dieter Wustlich, a German citizen and former General Manager of Wustlich Mikro-Electronik GmbH, a company focused on the development of LEDs. Wustlich claims that he created a single-chip white LED in 1995, which Everlight relies on to support its contention that Nichia's patents-in-suit are invalid based on prior art. According to Nichia, at least one of the documents supplied by Everlight to support Wustlich's claims–an OSRAM datasheet for the L175 phosphor[1]–was fabricated by Wustlich. Nichia argues that a former OSRAM employee, Robert Otto, has provided a sworn statement that the datasheet Wustlich claims to have received in February of 1995 was not created by OSRAM until 1996. As

---

[1] This is the phosphor Wustlich claims he used to create his white LED.

such, Wustlich could not have created his white LED prior to Nichia's invention.

A scheduling order establishing a deadline for amendments to pleadings may be modified upon a showing of good cause and upon leave of the district court judge. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citing Fed. R. Civ. P. 16(b)). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Id.* "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.*

If good cause is demonstrated, leave to amend should be freely given pursuant to Rule 15(a). *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Rule 15 "reinforce[s] the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). The United States Court of Appeals for the Sixth Circuit has identified various factors that this Court must consider when determining whether to grant leave to amend:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Brooks v. Celeste*, 39 F.3d 125, 129 (6th Cir. 1994) (citing *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)).

The original deadline for amendment of pleadings was February 20, 2013. While it is true that this Court has previously found Everlight has been less than cooperative during the discovery phase of this action, the Court cannot conclude that Nichia's failure to bring the instant motion earlier is solely attributable to Everlight. Even if Nichia could not add its unclean hands defense

prior to the deadline for amendments to pleadings, it could have and should have moved to add its defense earlier than April of 2014, months after the close of discovery. Discovery related to Wustlich was produced by Everlight in November of 2013. Additionally, Nichia points to no new knowledge from the February 2014 deposition of Everlight's Rule 30(b)(6) witness that supports its contention that it had recently learned of the purported fabrication.

Moreover, Everlight's assertion that it will be severely prejudiced if Nichia is permitted to add an unclean hands defense at this late stage in the proceedings is persuasive. Everlight is foreclosed from taking discovery from the manufacturer of the L175 phosphor, nor will it be able to obtain corroborating testimony from third-party witnesses that support Wustlich's assertion that he produced a single chip white LED in 1995.

As such, based on the foregoing considerations, the Court denies Nichia's Motion for Leave to Add an Unclean Hands Defense.

### B. Everlight's Motion to Strike the Fourth Supplemental Expert Report of John C. Jarosz

Here, Everlight argues that the Court should strike the Fourth Supplemental Expert Report of Nichia's expert, John C. Jarosz, as untimely. On December 21, 2013 and March 7, 2014, Nichia submitted its initial expert report. The parties exchanged rebuttal reports on March 28, 2014. Everlight's expert, Christopher Bakewell, opined in his rebuttal report that Nichia failed to meet its burden to show that it was entitled to lost profits damages and could not show that it would suffer irreparable harm absent an injunction. Two days before Mr. Jarosz's deposition, Nichia served a Fourth Supplemental Expert Report, which included new analyses and opinions relating to market segmentation, pricing evaluations and irreparable harm. At Jarosz's April 23, 2014 deposition, he admitted that he had all the requisite information available to provide the analyses and opinions

found in his Fourth Supplemental Expert Report.

Expert disclosures under Rule 26(a)(2)(B) must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). When a party fails to disclose expert opinions in accordance with the Court's deadlines, the Court has the authority to prohibit that party from "supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii).

Nichia argues that Everlight did not disclose its intent to argue that it does not compete for U.S. customers for the sale of white light LEDs and that the white LED market is further segmented into low power, mid power, and high power market segments until Everlight submitted its March 28, 2014 Rebuttal Report. Nichia asserts that the Bakewell Rebuttal Report relies on new information from Everlight, including a spreadsheet that had not been previously produced, concerning the components used by Everlight in manufacturing white LEDs, as well as included information concerning the power levels for Everlight's Accused Products, information which was repeatedly sought in discovery. Instead of moving to strike the Bakewell Rebuttal report, Nichia decided to respond to Everlight's "ambush" by requesting a supplement from Jarosz, which ultimately consisted of 9 and ½ pages and only addressed the new theories set forth in the rebuttal report. Moreover, the Jarosz Fourth Supplemental Expert Report was provided prior to the depositions of both experts.

Nichia maintains that the Fourth Supplemental Expert Report complies with Federal Rule of Civil Procedure 26(e)(2) because Jarosz had a duty to supplement in order to properly respond to the new theories raised in the Bakewell Rebuttal Report. *See Seton Co. v. Lear Corp.*, No. 02-71118, 2005 U.S. Dist. LEXIS 8963, *8-9 (E.D. Mich. 2005) (report found proper because the expert corrected lost profits estimate based on information not available at time of initial report,

noting no prejudice because opposing party could depose the expert).

Nichia further argues that even if the Court were to find that the supplemental report was not permitted under Rule 26(e)(2), the Court cannot strike it as it was substantially justified and harmless under Rule 37(c)(1). Nichia maintains that the Fourth Supplemental Report was substantially justified based on the new theories and new information presented in the Bakewell Rebuttal Report. Moreover, the supplement was harmless because Everlight had an opportunity to depose Jarosz after its production and will have had notice of the opinions set forth in the supplement roughly five months prior to the trial in this matter.

Conversely, Everlight maintains that Jarosz's opinions are not based on new information. Everlight maintains that because all the underlying information was produced prior to the date of Jarosz's March 7, 2014 report, he could have performed the same analysis performed for his Fourth Supplemental Report.

The Court finds Nichia's argument to be persuasive and declines to strike the Jarosz Fourth Supplemental Report because the Bakewell Rebuttal Report contained new theories which relied on new information. Therefore, it was appropriate for Nichia to supplement its expert report to address this information. Moreover, the supplement was harmless, Everlight had an opportunity to depose Jarosz and question him about his opinions in the Fourth Supplemental Report.

As such, Everlight's Motion to Strike the Jarosz Fourth Supplemental Expert Report is denied.

**C.  Everlight's Motion to Strike Nichia's Infringement Theories Regarding the Doctrine of Equivalents and Claims 5-8 of '925 Patent**

Here, Everlight moves to strike Nichia's infringement contentions, specifically: (1)

Everlight's TAG-based phosphors are equivalent to the yttrium-aluminum-garnet-YAG based phosphors claimed in the '925 Patent and (2) Everlight's LEDs with two YAG phosphors infringe claims 5-8 of the '925 Patent.

This Court's case management order required Nichia to serve its Disclosure of Preliminarily Asserted Claims and Preliminary Infringement Contentions on November 5, 2012. Nichia's November 5, 2012 Disclosure of Preliminary Asserted Claims and Preliminary Infringement Contentions stated in relevant part:

> Everlight has infringed and continues to infringe at least claims 1, 2, 3, 9, and 23 of the '925 Patent [] literally and/or under the doctrine of equivalents. On information and belief, however, Nichia expects that discovery will confirm Everlight's infringement of other claims of the '925 Patent. . . . Nichia expressly reserves the right to supplement and/or amend the Asserted Claims of the '925 Patent based on discovery and any further information, expert opinions, and/or claim construction rulings obtained during the course of litigation.

*See* Dkt. 272, Ex. B at 4.

In October of 2012, Everlight served interrogatories on Nichia requesting that Everlight:

> Identify each Asserted Nichia Claim and Each Accused Everlight Product, and separately for each Asserted Nichia Claim . . . state completely every factual and legal basis for your contention that each such Accused Everlight Product infringes each such Asserted Nichia Claim including . . . whether such alleged infringement is literal or by equivalents . . . [.]

*See* Dkt. No. 272, Ex. A at 8. Nichia responded with various objections and referred Everlight to its November 5, 2012 Preliminary Disclosures. Nichia stated that discovery was ongoing and expressly reserved the right to correct, amend or supplement its response. *Id.*, Ex. C at 7-8.

Fact discovery was originally scheduled to close on November 15, 2013. On December 22, 2013, Nichia served the Opening Expert Report of E. Fred Schubert, Ph.D. and for the first time asserted infringement under the doctrine of equivalents theory based on Everlight's use of TAG-based phosphors. Specifically, Nichia maintains that TAG-based phosphors are "insubstantially

different" than YAG-based phosphors such that "a garnet fluorescent material containing terbium and aluminum is a substantial equivalent of a garnet fluorescent material containing yttrium and aluminum in the context of the '925 Patent." *Id.*, Ex. D at 78, 89-92. The Schubert report also asserts that Everlight infringes claims 5-8 of the '925 Patent.

The district court has authority under the Federal Rules of Civil Procedure to impose sanctions for failure to obey a scheduling order. *See* Fed. R. Civ. P. 16(f)(1); Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii). "Under Rule 16, district courts have 'broad discretion to enforce their scheduling orders' and have 'wide latitude to impose sanctions to comply with their scheduling orders. The district court has discretion to impose whatever sanction it feels appropriate, under the circumstances.'" *Magna Donnelly Corp. v. 3M Co.*, No. 07-cv-10688, 2012 U.S. Dist. LEXIS 34234, *12-13 (E.D. Mich. Feb. 24, 2012) (quoting *Estes v. King's Daughters Med. Ctr.*, 59 F. App'x 749, 752 (6th Cir. 2003)).

Rule 26 states that "[a] party . . . who has responded to an interrogatory . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). Moreover, a party is precluded from relying on evidence or information at trial unless the failure to comply with Rule 26 was substantially justified or is harmless. *See* Fed. R. Civ. P. 37(c)(1); *see also R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010). The burden is on the potentially sanctioned party to prove the failure was harmless. *Id.*

Everlight relies on *Hochstein v. Microsoft Corp.*, No. 04-cv-73071, 2009 U.S. Dist. LEXIS 72223 (E.D. Mich. Aug. 17, 2009), and *Realtime Data, LLC v. Morgan Stanley*, No. 2013-1092,

2014 U.S. App. LEXIS 1512 (Fed. Cir. Jan. 27, 2014). Everlight argues that Nichia's failure to provide infringement contentions on the doctrine of equivalents theory for TAG-based LEDs and for claims 5-8 was neither substantially justified nor harmless.

Specifically, Everlight argues that Nichia cannot justify its late assertion of its TAG-based infringement contention because Nichia has known about Everlight's use of TAG-based products for almost ten years. In 2004, Nichia sued Everlight's Japanese distributor for patent infringement and conducted tests on Everlight's products which confirmed Everlight's use of TAG-based phosphors in the models at issue in that litigation. Moreover, in July of 2013, Nichia received discovery in this matter confirming that Everlight sold TAG-based LEDs. Everlight also produced samples of its TAG-based products in the fall of 2013. Moreover, Nichia's statement during email correspondence to Everlight that "claims 5, 6, 7, and 8 of the '925 Patent may also potentially be asserted in this case" is insufficient to put Everlight on notice that discovery relative to claims 5-8 needed to be taken. By October of 2013, Nichia had generated test reports for several Everlight products it now accuses of infringing claims 5-8, yet Nichia did not supplement its infringement contentions nor its interrogatory responses.

Additionally, Everlight asserts that Nichia's failure to disclose its doctrine of equivalents theory deprived Everlight of the opportunity to gather discovery relating to TAG-based phosphors characteristics and uses and how they might differ from the YAG phosphors of the '925 Patent. Everlight also lost its opportunity to take fact discovery relative to claims 5-8 of the '925 Patent.

Nichia responds that Everlight's motion is a "thinly disguised attempt to profit from its own discovery misconduct and avoid defending its infringing products on their merits." Dkt. No. 295 at 1. The Court tends to agree with Nichia. During a good portion of the fact discovery period in this matter, Everlight represented to Nichia and this Court that it did not have documents concerning

phosphor information, chemical composition information, and sales information. This information was needed so that Nichia could perform testing and analysis. Everlight's delays during discovery resulted in Nichia filing five discovery related motions and the Court's issuance of its December 20, 2013 Order granting Nichia's various discovery motions, extending the discovery period and imposing severe sanctions upon Everlight. This Court found in relevant part:

> Here, there is no dispute that the Accused Product samples are not only relevant, but central to resolving the issue of infringement of Nichia's patents-in-suit. Everlight's claim that it "has either provided samples or has agreed to provide samples of all relevant LEDS to the extent that Everlight can reasonably provide samples" is difficult for Nichia, as well as the Court to believe when there are so many outstanding questions concerning Everlight's production of its LED samples.
> 
> Everlight's complaints that Nichia has provided inaccurate model numbers or requested samples for products that have not been sold during the relevant time period[1] are disingenuous due to Everlight's sloppy production of its samples and documents associated with its products. Due to this, it has understandably been impossible for Nichia to ascertain the true number of Accused Products at issue herein.
> 
> \*             \*             \*
> 
> The Court finds unpersuasive Everlight's argument that Nichia has not been diligent with respect to its discovery requests in this matter. Nichia has attempted to obtain crucial phosphor composition and sales information and complete production of Everlight's Accused Product samples for months, yet Everlight's production is still incomplete. Further, Everlight has not shown that it would be prejudiced if the Court permits Nichia to conduct additional, limited discovery. Accordingly, the Court grants Nichia's Motion to Compel Specific Discovery after the fact discovery cutoff. Nichia's limited fact discovery shall be completed no later than February 1, 2014.

Dkt. No. 241 at 3-4,7. As such, the Court sees little reason to accept Everlight's contention that Nichia could have supplemented its infringement contentions and interrogatory responses prior to serving the Schubert report. Additionally, the Court does not find the ten-year old Japanese action and related products testing to be relevant to the instant proceedings, as such Nichia cannot be faulted for its failure to rely on this information. Thus, Nichia's supplementation of its contentions

at the very beginning of the expert discovery period and during the supplemental discovery period was substantially justified. *See Perez, et. al. v. First Am. Title Ins. Co.*, 810 F. Supp.2d 986, 989 (D. Ariz. 2011); *see also Avendt, et al. v. Covidien, Inc*., No. 11-15538, 2013 U.S. Dist. LEXIS 174401, *6 (E.D. Mich. Dec. 10, 2013).

Everlight's instant motion appears particularly disingenuous considering it was put on notice of the TAG-based doctrine of equivalents and claims 5-8 infringement contentions in December of 2013, during the supplemental discovery period ordered by this Court, yet it failed to bring this motion until May 9, 2014. Everlight should have at the very least moved to conduct the discovery it now argues it was prevented from taking with respect to Nichia's infringement contentions. Therefore, Everlight's Motion to Strike Nichia's Infringement Theories is also denied.

### III.  CONCLUSION

For the foregoing reasons, Nichia's Motion for Leave to Amend Answer to Add Unclean Hands Defense [#265] is DENIED. Everlight's Motion to Strike the Fourth Supplemental Expert Report of John C. Jarosz [#268] is DENIED. Everlight's Motion to Strike Nichia's Infringement Theories Regarding the Doctrine of Equivalents and Claims 5-8 of the '925 Patent [#272] is DENIED.

SO ORDERED.

Dated: August 12, 2014 /s/Gershwin A Drain  
GERSHWIN A. DRAIN  
United States District Judge