UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERLIGHT ELECTRONICS CO., LTD.,
and EMCORE CORPORATION,

          Civil Action No.12-cv-11758
          HON. GERSHWIN A. DRAIN

    Plaintiffs/Counter-Defendants,

v.

NICHIA CORPORATION, and
NICHIA AMERICA CORPORATION,

    Defendants/Counter-Plaintiffs,

v.

EVERLIGHT AMERICAS, INC.,

    Defendant.
_____/

**ORDER DENYING NICHIA'S REQUEST TO REALIGN THE PARTIES [#358],
GRANTING EVERLIGHT'S MOTION TO MODIFY THE COURT'S SCHEDULING
ORDER [#363] AND SETTING TIME LIMIT FOR ORAL ARGUMENT ON
SEPTEMBER 23, 2014**

## I. INTRODUCTION

This is a patent action involving light emitting diode devices. Presently before the Court is Nichia's Request to Realign the Parties, filed on August 13, 2014. Also, before the Court is Everlight's Motion to Modify the Court's Scheduling Order, filed on September 8, 2014. A hearing on these matters was held on September 12, 2014. For the reasons that follow, the Court will deny Nichia's Request to Realign the Parties and will grant Everlight's Motion to Modify the Court's Scheduling Order.

## II. NICHIA'S REQUEST TO REALIGN THE PARTIES

In the present motion, Nichia requests that the Court realign the parties because Nichia is the

only patentee remaining in this action, Everlight's declaratory judgment claims are actually defenses to Nichia's infringement claim, and realigning the parties will permit a more logical presentation of evidence at trial and avoid the risk of juror confusion as to the burden of proof. Conversely, Everlight maintains that it should remain the Plaintiff in this action because it still bears the burden of proof on its claims. Everlight disagrees with Nichia that realignment will simplify the presentation of evidence to the jury and argues that Nichia is merely trying to gain a tactical advantage at trial. The Court tends to agree with Everlight and will deny Nichia's request to realign the parties.

The district court has broad discretion in deciding the realignment of parties and orders of proof. *Anheuser-Busch, Inc. v. John Labatt Ltd.*, 89 F.3d 1339, 1344 (8th Cir. 1996). Generally, the privilege of opening and closing the case rests with the party that has the burden of proof. *Martin v. Cheesebrough-Pond's, Inc.*, 614 F.2d 498, 501 (5th Cir. 1980). Courts have declined to order realignment where parties to a declaratory judgment action each bear the burden of proof on specific issues. *See Anheuser-Busch*, 89 F.3d at 1343-44. For instance, in *Anheuser-Busch*, the Eighth Circuit Court of Appeals affirmed the district court's denial of a request for realignment, concluding that:

> [The defendant] argues that it should have been allowed to present its case first, as the plaintiff, because it carried the burden of proof in the trademark action . . . even though [the plaintiff] initiated this lawsuit as a declaratory judgment action.
>
>    *           *           *
>
> While [the defendant] bore the burden of proof on the trademark count in [the plaintiff's] complaint, [the plaintiff] bore the burden of proof on the other two counts.
>
>    *           *           *
>
> In the circumstances of this case, we do not believe that the District Court abused its discretion by denying [the defendant]'s motion to set the order of proof and realign

>    the parties. Both [the defendant and the plaintiff] bore the burden of proof on
>    distinct counts of their cause of action. The District Court understandably chose to
>    allow the actual plaintiff, the party that filed the lawsuit, to proceed first.

*Id.* at 1344.

Nichia is correct that the Supreme Court recently held that the patentee always has the burden of proof in an action for declaratory judgment involving infringement of a patent. *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843 (2014). However, this does not alter the fact that Everlight carries the burden on its claim of invalidity. Moreover, the Court cannot ignore that Everlight chose to bring the instant action rather than Nichia filing this action to protect its patent rights. This fact, coupled with the fact that both parties bear the burden of proof on distinct counts, leads this Court to conclude that realignment of the parties is not warranted under the circumstances. Nichia's Request to Realign the Parties is therefore denied.

### III.    EVERLIGHT'S MOTION TO MODIFY THE COURT'S SCHEDULING ORDER

In the present motion, Everlight argues that this matter would benefit from a settlement conference prior to the Court's Final Pretrial Conference, which is currently set for October 29, 2014. Nichia opposes Everlight's request because the parties recently attended facilitation, thus Nichia believes a second settlement conference will prove to be unproductive. Nichia also asserts that it would be inappropriate for the undersigned to conduct any settlement discussions because some of the issues raised herein will be resolved by the Court rather than by a jury.

With these considerations in mind, this Court contacted the Honorable Avern Cohn, the most experienced, knowledgeable and able patent litigation judge within the Eastern District of Michigan, to determine whether he would be willing to conduct settlement negotiations in the instant matter. Judge Cohn indeed agreed to assist with the settlement negotiations and has entered a Notice of

Status Conference requiring the parties to appear on September 30, 2014. As such, the parties are hereby advised that they shall promptly respond to Judge Cohn's requests for documents and pertinent materials. Once the parties meet with Judge Cohn on September 30, 2014, and Judge Cohn has scheduled the settlement conference, the Court will enter an Order modifying the current scheduling order.

### III. HOUSEKEEPING

At the September 12, 2014 hearing, the parties raised some issues about the current schedule with respect to the filing of motions *in limine*, as well as inquired about the length of time the Court will allow the parties to argue during the hearing on their motions for summary judgment. Because the Court will be issuing a new scheduling order, the question concerning the motion *in limine* filing deadline is premature. Everlight and Nichia shall each be allowed twenty minutes to argue in support of summary judgment, and Everlight and Nichia shall each have twenty minutes to argue against the opposing party's request for summary judgment.

### IV. CONCLUSION

Accordingly, based on the foregoing considerations, Nichia's Request to Realign the Parties [#358] is DENIED.

Everlight's Motion to Modify the Court's Scheduling Order [#363] is GRANTED.

SO ORDERED.

Dated: September 16, 2014 /s/Gershwin A Drain
                                                                    GERSHWIN A. DRAIN
                                                                    UNITED STATES DISTRICT JUDGE