UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERLIGHT ELECTRONICS CO.,
LTD., and EMCORE CORPORATION,

               Plaintiffs/Counter-Defendants,

                                  Case No. 12-cv-11758
                                  HON. GERSHWIN A. DRAIN

vs.

NICHIA CORPORATION, and
NICHIA AMERICA CORPORATION,

               Defendants/Counter-Plaintiffs,

vs.

EVERLIGHT AMERICAS, INC.,

               Defendant.

_____/

### ORDER DENYING EVERLIGHT'S MOTION FOR RECONSIDERATION OF THE COURT'S *DAUBERT* ORDER GRANTING NICHIA'S MOTION TO EXCLUDE DR. BRETSCHNEIDER ON ISSUES OF ENABLEMENT [#378]

## I. INTRODUCTION

Presently before the Court is the Plaintiff's/Counter-Defendant's, Everlight Electronics Co., Ltd. ("Everlight"), Motion for Reconsideration, filed on October 6, 2014. Specifically, Everlight seeks reconsideration of this Court's September 22, 2014, Order excluding the expert testimony of Dr. Eric Bretschneider regarding enablement of the *Markush* group phosphor limitation in the claims of the '925 Patent.

On October 16, 2014, this Court entered an Order requiring Defendants/Counter-Plaintiffs,

Nichia Corporation and Nichia America Corporation (collectively "Nichia"), to file a Response to the present motion by November 3, 2014. Everlight filed a Reply in support of the present motion on November 10, 2014. Upon review of the parties' submissions, the Court will deny Everlight's present motion.

## II. STANDARD OF REVIEW

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

A party may also move pursuant to Rule 59(e) of the Federal Rules of Civil Procedure for reconsideration of a court's prior ruling. Reconsideration is generally warranted under Rule 59(e) "if there is clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). Similar to the local rule, Rule 59(e) motions "are not

intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp.2d 721, 726 (E.D. Mich. 2000). A Rule 59(e) motion is "an extraordinary remedy and should be granted sparingly." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

### III.  LAW & ANALYSIS

As an initial matter, the Court notes that the majority of Everlight's arguments in the instant motion were raised in its Response in Opposition to Nichia's Motion to Exclude the Testimony of Everlight's Technical Expert. It is well-settled that motions brought pursuant to either Local Rule 7.1(h) or Rule 59(e) of the Federal Rules of Civil Procedure are not properly before the Court where they merely "re-hash old arguments" or where they are used to "relitigate previously considered issues . . . ." *Smith ex rel. Smith*, 298 F. Supp. 2d at 637; *Kenneth Henes Special Projects Procurement*, 86 F. Supp.2d at 726.

For instance, Everlight maintains that the proper inquiry for determining whether Dr. Bretschneider is qualified to opine on enablement of the *Markush* group claim limitation is "whether he is a person of ordinary skill in the art." *See* Dkt. No. 325 at 5-14. Everlight asserted this same argument in its prior briefing, as well as its assertions that it was error to rely on products liability cases in rendering a decision(Dkt. No. 325 at 8), the parties' definitions of a person of ordinary skill do not require expertise in phosphor synthesis (Dkt. No. 325 at 5-7), and that any inconsistencies between Dr. Bretschneider's and Dr. Wilding's opinions should go to weight rather than

-3-

admissibility (Dkt. No. 325 at 13-14).

The only new argument raised by Everlight does not demonstrate a palpable defect in this Court's conclusion that Dr. Bretschneider lacks the requisite knowledge, skill, experience, training or education in phosphor synthesis to provide expert testimony on enablement. Specifically, Everlight suggests that this Court should find that Dr. Bretschneider has the relevant expertise to provide testimony on phosphor synthesis because one of the inventors of the '925 Patent similarly admitted a lack of expertise in this area. Granting reconsideration based on the assertion of "positions that could have been argued earlier but were not[]" is likewise inappropriate. *Smith ex rel. Smith*, 298 F. Supp. 2d at 637; *Kenneth Henes Special Projects Procurement*, 86 F. Supp.2d 721 at 726.

In any event, the Court correctly concluded that Dr. Bretschneider is not qualified to offer expert opinion on phosphor synthesis; he admits as much. *See* Dkt. 389, Ex. G ("Q. So you would not consider yourself an expert in the field of synthesis of garnet phosphors; is that fair? A. That's fair."). Moreover, Everlight misapprehends the requirements of Rule 702 when it argues that "the first and only inquiry the Court must resolve is whether Dr. Bretschneider is a person of ordinary skill in the art." This is an incorrect statement of the law. Patent matters do not allow for an exception to Rule 702's requirement that experts be qualified by knowledge, skill, experience, training or education. The cases relied on by Everlight[1] demonstrate the error of Everlight's argument. *Sundance, Inc. v. Demonte Fabricating*, 550 F.3d 1356, 1363 (Fed. Cir. 2008) ("We do not, of course, suggest that being a person of ordinary skill in the art automatically entitles a witness

_____

[1] Everlight cited the same cases in its Opposition to Nichia's Motion to Exclude the Testimony of Everlight's Technical Expert. *See* Dkt. No. 325 at 7.

to testify as an expert . . . .").  While "[a] witness possessing merely ordinary skill will often be qualified to present expert testimony[,]" exclusion is required under Rule 702 where the witness lacks the relevant technical expertise.  *Id.* at 1364-65.

Everlight's position that the legal construct of a person of ordinary skill in the art somehow displaces Rule 702's requirement that a witness possess the relevant technical expertise was soundly rejected by the Federal Circuit in *Proveris Sci. Corp. v. Innovasystems, Inc.*, 536 F.3d 1256 (Fed. Cir. 2008).  In *Proveris Sci. Corp.*, the defendant-appellant argued that the district court improperly excluded the testimony of its invalidity expert because he was a person of ordinary skill in the art. *Id.* at 1267.  In rejecting this argument, the Federal Circuit opined that:

> We come to the same conclusion with respect to the court's ruling limiting the scope of Mr. Quinn's testimony to the prosecution history and the topic of plumes, because they were the only matters within his relevant expertise.  Although a mechanical engineer by training, his technical experience was limited to satellite design while employed as an engineer at General Electric.  Accordingly, we cannot say the district court did not act within its discretion in finding Mr. Quinn unqualified to testify about laboratory equipment used in the development of drug delivery devices.

*Id.* at 1267-68 (citing *Malave-Felix v. Volvo Car Corp.*, 946 F.2d 967, 973 (1st Cir. 1991)).  It is noteworthy that in reaching its conclusion, the *Proveris Sci. Corp* court relied on a products liability case which, of course, undermines Everlight's argument that it was error for this Court to rely on products liability cases in determining that Dr. Bretschneider was not qualified to opine in the area of phosphor synthesis.  *See* Dkt. No. 378 at 7.

Lastly, Everlight erroneously claims this Court overlooked Dr. Bretschneider's experience with phosphors.  Contrary to its assertion, this Court considered his qualifications and experience and found that he lacked the requisite knowledge, skill, experience, training or education in phosphor synthesis to assist the jury on the issue of enablement of the *Markush* claim limitation.

**IV.  CONCLUSION**

Accordingly, Everlight has failed to demonstrate that it is entitled to relief under Rule 7.1(h) or Rule 59(e).  Everlight's disagreement with this Court's conclusion does not amount to a palpable defect by which this Court has been misled, nor that the Court committed a clear error of law.  For the reasons articulated above, Everlight's Motion for Reconsideration of the Court's *Daubert* Order Granting Nichia's Motion to Exclude Dr. Bretschneider on Issues of Enablement [#378] is DENIED.

SO ORDERED.


Dated: January 9, 2015                         /s/Gershwin A Drain_____
                                               GERSHWIN A. DRAIN
                                               UNITED STATES DISTRICT JUDGE