UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERLIGHT ELECTRONICS CO., LTD.,
and EMCORE CORPORATION,

                                                                                     Civil Action No.12-cv-11758
                                                                                     HON. GERSHWIN A. DRAIN

        Plaintiffs/Counter-Defendants,

v.

NICHIA CORPORATION, and
NICHIA AMERICA CORPORATION,

        Defendants/Counter-Plaintiffs,

v.

EVERLIGHT AMERICAS, INC.,

        Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART NICHIA'S MOTION TO COMPEL SUPPLEMENTATION OF EVERLIGHT'S RESPONSES TO CERTAIN DISCOVERY REQUESTS [#394]**

### I. Introduction

Presently before the Court is Nichia's Motion to Compel Supplementation of Everlight's Responses to Certain Discovery Requests, filed on November 24, 2014. This matter is fully briefed and upon review of the parties' filings, the Court will grant in part and deny in part Nichia's Motion to Compel Supplementation of Everlight's Responses to Certain Discovery Requests. In its present motion, Nichia seeks an order from the Court requiring Everlight to supplement its production of documents in three areas encompassed within Nichia's original discovery requests. Specifically, Nichia seeks the following supplemental information: (1) sales information for Everlight's

phosphor-based LED products relevant to damages and infringement; (2) supplemental accused products information relevant to infringement and damages; and (3) supplemental competition information relevant to injunctive relief.

## II. Law & Analysis

Trial in this matter is scheduled to commence on April 7, 2015. Fact discovery closed in November of 2013. Everlight argues that it has no duty to supplement its discovery disclosures because the information sought by Nichia did not exist at the time fact discovery closed in November of 2013.

Federal Rule of Civil Procedure 26(e) requires that:

**(e) Supplementing Disclosures and Responses**.

**(1) In General.** A party who has made a disclosure under Rule 26(a)–or who has responded to an interrogatory, request for production, or request for admission–must supplement or correct its disclosure or response:
 (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
 (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1). The duty to supplement discovery does not cease upon the close of the applicable discovery period. *Gorzynski v. JetBlue Airways Corp*., 03CV774A, 2012 U.S. Dist. LEXIS 28932, *7 (W.D.N.Y. Mar. 5, 2012). Courts have held that discovery is "'incomplete or incorrect' in some material respect if there is an objectively reasonable likelihood that the additional or corrective information could substantially affect or alter the opposing party's discovery plan or trial preparation." *Id*. at *10.

As to Everlight's sales information, Nichia argues that Everlight's phosphor-based LED product sales from September 2013 through the present should be updated as responsive to at least

Nichia's Requests for Production ("RFP") Nos. 68, 95, 99 and 130. Nichia argues this information is directly relevant to its infringement case, as well as the amount of damages owed to Nichia if Nichia proves its infringement case. Nichia maintains that the supplementation is necessary due to Everlight's ongoing sales activities. The sales data Everlight has produced only includes information up to September of 2013, some sixteen months before the April 2015 trial.

Everlight argues there are more appropriate ways to address damages accrued after the close of discovery such as seeking an accounting. *Synqor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-CV-497, 2011 U.S. Dist. LEXIS 74337 (E.D. Mich. Jul. 11, 2011). However, in *Synqor* the defendant updated its sales information a month before trial in addition to the post-trial accounting suggested by Everlight. *Id*. at *11. Moreover, Everlight is incorrect in suggesting any blanket prohibition in Rule 26(e) regarding supplementation of new information that arose after the close of fact discovery. *See Sky Techs. LLC v. Sap AG*, No. 2:06-CV-440, 2010 U.S. Dist. LEXIS 143204, *5-6 (E.D. Tex. Aug. 3, 2010). Additionally, Everlight ignores the fact that the extent of its purported infringement is an important factor for the jury's consideration in fashioning a damages award rendering Everlight's failure to provide complete sales information prejudicial to Nichia. *See Synqor, Inc.*, 2011 U.S. Dist. LEXIS 74337, *22-23 (finding prejudice because additional sales were not in the damages model presented to the jury).

Additionally, Everlight's reliance on *MSC.Software Corp. v. Altair Eng'g, Inc*., No. 07-12807, 2012 WL 1340445 (E.D. Mich. Apr. 18, 2012) is misplaced as the *MSC.Software* court denied the plaintiff's request for supplemental discovery for a variety of reasons that are factually dissimilar to those present here. In *MSC.Software*, a prior court order precluded the plaintiff's requested relief. *Id.* at *2. Additionally, the plaintiff had access to some of the requested

supplemental information because the defendant released some of the information to the public. *Id.* at *2-3. As such, the *MSC.Software* court found the plaintiff had sufficient information "to monitor for misappropriation, 'albeit not in the form it desires.'" *Id.* at *3. Here, Everlight does not deny that Nichia has no sales information beyond September of 2013. Nor does Everlight even attempt to explain how this incomplete factual record is inconsequential to Nichia's trial preparation.

The other cases relied on by Everlight actually support Nichia's request for updated sales information based on the circumstances present here. *See Coquina Invs. v. Rothstein*, No. 10-60786, 2012 WL 3202273, at *11 (S.D. Fla. Aug. 3, 2012) (noting that at least one other court had required supplementation of its discovery responses where the later-created materials make any prior responses incomplete or incorrect in some material respect); *Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*, No. 05-776, 2008 WL 4415263, at *4-7 (E.D.N.Y. Sept. 24, 2008) (ordering the accused infringer to supplement with updates sales information). Accordingly, Everlight shall supplement its sales information for its phosphor-based LED products with sales from September of 2013 through the date of the instant order relative to RFP Nos. 68, 95, 99 and 130 <u>no later than February 23, 2015</u>.

However, the Court is not inclined to order Everlight to supplement its response to Interrogatory No. 1 concerning what Nichia refers to as "new versions of accused products." While the updated sales information pertains to products that were in existence during the discovery period, Nichia seeks discovery on products that were not in existence at the time fact discovery closed. The Court rejects Nichia's contention that the experts' existing infringement analyses can easily be applied to the "new versions of accused products." Rather, this type of discovery supplementation will ultimately result in the need to move the trial date to provide the experts adequate time to

supplement their infringement opinions and for the parties to digest the revised opinions. *See Fastek, LLC v. Steco*, No. 10-cv-0972, 2011 WL 4499101, *2 (S.D. Cal. Sept. 27, 2011).

Therefore, Nichia's request for discovery related to "new versions of accused products" is denied. Similarly, the Court will also deny Nichia's request for an order compelling Everlight to supplement its production of documents and communications relating to competition in the white LED market. *Id.* ("Parties would be unable to provide expert reports, or prepare for trial if they were obligated up to and during trial, to produce documents created and disclose communications made, after the close of fact discovery even if they would be responsive to requests made during the discovery period.")

### III. Conclusion

Accordingly, Nichia's Motion to Compel Supplementation of Everlight's Responses to Certain Discovery Requests [#394] is GRANTED IN PART and DENIED IN PART. Everlight shall supplement its sales information for its phosphor-based LED products with sales from September of 2013 through the date of the instant order relative to RFP Nos. 68, 95, 99 and 130 no later than February 23, 2015.

SO ORDERED.

Dated: January 30, 2015 /s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE