UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERLIGHT ELECTRONICS CO., LTD.,
and EMCORE CORPORATION,

        Plaintiffs and
        Counter-Defendants,

v.

Civil Action No.12-cv-11758
HON. GERSHWIN A. DRAIN

NICHIA CORPORATION, and
NICHIA AMERICA CORPORATION,

        Defendants and
        Counter-Plaintiffs.
_____/

**ORDER DENYING NICHIA'S MOTION FOR RECONSIDERATION [#412]**

## I.    INTRODUCTION

Presently before the Court is Nichia Corporation's and Nichia America Corporation's (collectively "Nichia") Motion for Reconsideration of the Order on Nichia's Motion to Compel Supplementation of Discovery, filed on February 11, 2015. Specifically, Nichia seeks reconsideration of this Court's January 30, 2015, Order Granting in Part and Denying in Part Nichia's Motion to Compel Supplementation of Everlight's Responses to Certain Discovery Requests. The Court required Everlight to produce the supplemental sales data sought by Nichia, but denied Nichia's request for supplemental discovery on accused products and competition.

-1-

On February 13, 2015, this Court entered an Order Requiring Everlight Electronics Co., Ltd. ("Everlight") to file a Response to Nichia's present motion no later than February 3, 2015. *See* Dkt. No. 416. The Court's February 13, 2015, Order also permitted Nichia to file a Reply in support of its present motion no later than March 2, 2015. *Id.* The parties have submitted their briefing and for the reasons that follow, the Court will deny Nichia's Motion for Reconsideration of the Order on Nichia's Motion to Compel Supplementation of Everlight's Discovery.

## II. LAW & ANALYSIS

In its present motion, Nichia complains that the day after this Court issued its January 30, 2015, Order Granting in Part and Denying in Part Nichia's Motion to Compel Supplementation of Everlight's Responses to Certain Discovery Requests, Everlight "produced a small set of competition related documents that it opportunistically picked in an effort to assist its competition arguments." Nichia's Mot. at 2. Nichia complains that a multitude of documents discussing competition between Nichia and Everlight were missing from Everlight's production.

Nichia maintains that Everlight should not be permitted to avoid its discovery obligations by claiming it would be burdensome to produce competition documents and such a production would result in the delay of trial, while opportunistically producing only those documents it believes will assist its competition arguments at

trial. Therefore, Nichia requests that Everlight be ordered to produce a full supplementation of documents related to the competition issue, or in the alternative, Nichia asks that the Court prohibit Everlight from relying on, or using at trial, the recent incomplete and opportunistic production.

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

Nichia also moves for relief pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure. However, the Court does not find that Rule 54(b) is applicable under the circumstances. Rule 54(b) states in relevant part:

> When an action presents more than claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, **any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties** does not end the action . . . and may be revised at any time before the entry of judgment [.]

Fed. R. Civ. P. 54(b). The Court's January 30, 2015, Order did not adjudicate any of the claims, counterclaims, rights or liabilities of any of the parties to this action. Rather, it addressed Nichia's request for discovery past the discovery cutoff. The Supreme Court has noted that Rule 54(b) provides "a practical means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claim actions, without waiting for final decisions to be rendered on all claims in the case." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956). As such, Rule 54(b) appears inapplicable to Nichia's present motion, and the Court will use the standard set forth in Local Rule 7.1(h)(3) to resolve the issues presented therein.

Everlight asserts that its recent production was done solely to refute the misrepresentation of Nichia's late document production in October and December of last year. Everlight argues that Nichia cherry-picked certain articles from *LEDinside*

magazine in order to suggest to the jury that Nichia and Everlight are direct competitors in the United States for white LEDs. While Everlight intends to object to Nichia's production of these articles, in the event the Court permits their admission at trial, Everlight produced three articles from the same source as Nichia in order to contradict the impressions provided by the articles produced by Nichia late last year.

Nichia's present motion does not demonstrate a palpable defect by which this Court has been misled, nor that a different disposition of the January 30, 2015, Order is warranted. Everlight's recent production was done to refute impressions that may occur from admission of the *LEDinside* articles produced by Nichia in 2014. Nichia's original motion sought an onerous amount of internal documents and customer communications covering seven document requests that do not appear related to the publicly available *LEDinside* magazine articles.

However, since both parties seem to agree that all the *LEDinside* magazine articles that have been produced after the discovery cutoff should not be admitted at trial, the Court will grant this aspect of Nichia's present motion.

## III. CONCLUSION

For the reasons stated above, Nichia's Motion for Reconsideration of the Order on Nichia's Motion to Compel Supplementation of Everlight's Discovery [#412] is DENIED. Neither party may introduce articles from *LEDinside* magazine that were

produced after the discovery deadline.

    SO ORDERED.

Dated: March 10, 2015                                  /s/Gershwin A Drain
                                                                                     GERSHWIN A. DRAIN
                                                                                     UNITED STATES DISTRICT JUDGE