UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERLIGHT ELECTRONICS CO., LTD.,
and EMCORE CORPORATION,

          Civil Action No.12-cv-11758
          HON. GERSHWIN A. DRAIN

    Plaintiffs/Counter-Defendants,

v.

NICHIA CORPORATION, and
NICHIA AMERICA CORPORATION,

    Defendants/Counter-Plaintiffs,

v.

EVERLIGHT AMERICAS, INC.,

    Defendant.
_____/

## ORDER DENYING NICHIA'S MOTION FOR LEAVE TO TAKE THE DEPOSITION OF MR. HIROYUKI YAMAMOTO [#414]

Presently before the Court is Defendants/Counter-Plaintiffs Nichia Corporation's and Nichia America Corporation's ("Nichia") Motion for Leave to Take the Deposition of Mr. Hiroyuki Yamamoto, filed on February 12, 2015. Plaintiffs/Counter-Defendants Everlight Electronics Co., Ltd. ("Everlight") filed a Response on March 2, 2015 and Nichia filed a Reply in Support on March 10, 2015. Upon review of the parties' submissions, the Court concludes oral argument is

-1-

unnecessary and the Court will resolve the instant motion on the briefs submitted. E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will deny Nichia's Motion for Leave to Take the Deposition of Mr. Hiroyuki Yamamoto.

In its present motion, Nichia seeks leave to depose a former employee, Mr. Yamamoto, past the April 18, 2014 deadline for taking the depositions of fact and expert witnesses identified on the parties' Amended Witness Lists. Nichia identified Mr. Yamamoto on its interrogatory responses. He was also listed on both Everlight's Witness and Amended Witness Lists. During his employment with Nichia, Mr. Yamamoto was involved in the patent prosecution of the '925 Patent. As such, Nichia maintains that Mr. Yamamoto has relevant information concerning Everlight's inequitable conduct claim.

Nichia claims it has been diligent in requesting the deposition of Mr. Yamamoto. It claims that it did not know Mr. Yamamoto's location nor how to contact him during the entire discovery period. Unbeknownst to Nichia, Everlight hired a private detective to locate Mr. Yamamoto's whereabouts. By June of 2014, Everlight had located Mr. Yamamoto and contacted him to ascertain whether he would cooperate in the ongoing patent litigation. Thereafter, in August of 2014, Mr. Yamamoto contacted Nichia's counsel and he is now represented by Foley & Lardner LLP as a third-party witness. Nichia's counsel has had numerous contacts with Mr.

Yamamoto throughout September and October of 2014.

In December of 2014, Nichia informed Everlight that Mr. Yamamoto had agreed to sit for a deposition in Osaka, Japan. Nichia offered to pay the costs of the court reporter, videographer, interpreter, and room reservation at the Osaka Consulate and agreed that Everlight could participate by telephone.

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The United States Court of Appeals for the Sixth Circuit has held that "late-moving litigants [are required] to show that despite their diligence they could not meet the original deadline." *Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008) (quoting *Leary v. Daeschner*, 349 F.3d 888, 906-07 (6th Cir. 2003)); *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) ("The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."). In considering a request to modify the scheduling order, "another relevant consideration is possible prejudice to the party opposing the modification." *Inge*, 281 F.3d at 625.

Here, Nichia has not demonstrated diligence. Nichia fails to advise the Court of any efforts it undertook to locate Mr. Yamamoto. Additionally, Nichia was woefully dilatory in seeking to take Mr. Yamamoto's deposition since making contact

with him in August of 2014. Nichia asserts that when it first was contacted by Mr. Yamamoto, the Court's November trial date precluded a deposition because there was inadequate time. However, the Court re-scheduled the November trial for March of 2015 on September 24, 2015. The trial date was again moved in November of 2014 to its current date of April 7, 2015. Nichia admits that it met with Mr. Yamamoto in September and October of 2014, apparently in an effort to ascertain whether to depose him.

Nichia does not explain in its present motion why it did not attempt to contact Everlight about deposing Mr. Yamamoto until December 19, 2014, when it learned on September 24, 2014 that the trial would be delayed until March of the following year. Nor did Nichia contact Everlight when the trial date was again moved to April of 2015. Moreover, Nichia complains that Everlight has done an "about face," relying on Everlight's previous statement that it would agree to a deposition of Mr. Yamamoto and other witnesses "in accordance with the Court's scheduling order." *See* Nichia's Mot., Ex. B. Everlight's agreement to depose certain witnesses, including Mr. Yamamoto, cannot be considered an agreement in perpetuity.

Additionally, Nichia's request to depose Mr. Yamamoto at this late stage in the proceedings would be highly prejudicial to Everlight. Everlight will have no opportunity to develop new evidence after the deposition. Moreover, Nichia's claim

that it will be prejudiced if it is precluded from deposing Mr. Yamamoto appears disingenuous. If Mr. Yamamoto was essential to Nichia's defense to Everlight's claim of inequitable conduct, Nichia would have listed him on its Witness Lists and made some effort to locate him.

For all of the foregoing reasons, Nichia's Motion for Leave to Take the Deposition of Mr. Hiroyuki Yamamoto [#414] is DENIED.

SO ORDERED.

Dated: March 11, 2015 /s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE