UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERLIGHT ELECTRONICS CO., LTD.,
and EMCORE CORPORATION,

                                  Civil Action No.12-cv-11758
                                  HON. GERSHWIN A. DRAIN

        Plaintiffs/Counter-Defendants,

v.

NICHIA CORPORATION, and
NICHIA AMERICA CORPORATION,

        Defendants/Counter-Plaintiffs,

v.

EVERLIGHT AMERICAS, INC.,

        Defendant.
_____/

## SUPPLEMENTAL ORDER REGARDING INJUNCTIVE RELIEF

On March 12, 2015, the Court issued an Order addressing the parties' Motions for Summary Judgment. *See* Dkt. No. 437. In the March 12, 2015 Order, the Court withheld decision on Plaintiff/Counter-Defendant, Everlight Electronics Co., Ltd.'s ("Everlight") request for judgment in its favor on Defendants/Counter-Plaintiffs Nichia Corporation's and Nichia America Corporation's ("Nichia") claim for injunctive relief. *Id*. at 20. Everlight argues it is entitled to summary judgment on

Nichia's claim for injunctive relief because Nichia cannot show monetary damages are inadequate nor the requisite irreparable harm. In order to obtain a permanent injunction, Nichia must demonstrate: (A) irreparable harm, (B) the inadequacy of money damages, (C) the absence of inequitable hardships, and (D) that an injunction would not disserve the public interest. *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

The Court agrees with Nichia that it is premature to decide injunctive relief at this stage of the proceedings. *See Robocast, Inc. v. Apple Inc.*, No. 11-235-RGA, 2014 U.S. Dist. LEXIS 55516, *37 (D. Del. Apr. 22, 2014) (declining to grant summary judgment without prejudice because "the question of whether a permanent injunction is an appropriate remedy is better decided after trial . . . ."); *see also Hamilton Cty. Emer. Communs. Dist. v. BellSouth Telecomms.*, LLC, 890 F. Supp.2d 862, 885 (E.D. Tenn. 2012) (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 396 (1981))(concluding that it was appropriate to deny the plaintiff's request for permanent injunctive relief prior to trial because consideration of a plaintiff's "actual success on the merits" should be undertaken by the courts when determining whether to grant permanent injunctive relief.)

The cases cited by Everlight do not support its position since those cases resolved the issue of injunctive relief after a jury trial and post-judgment briefing. *See*

*Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, No. 08-cv-335-IEG-NLS, 2013 U.S. Dist. LEXIS 113632 (S.D. Cal. Aug. 12, 2013); *Acumed LLC v. Stryker Corp.*, 551 F.3d 1323 (Fed. Cir. 2008). Here, without a complete record, the Court cannot conclude as a matter of law that monetary damages are adequate to compensate Nichia for Everlight's yet to proven infringement of the patents-in-suit. Nor can the Court conclude that Nichia cannot demonstrate irreparable harm as a result of Everlight's infringement without the benefit of a complete record. This aspect of Everlight's present motion is premature and is DENIED.

      SO ORDERED.

Dated: March 16, 2015                                   /s/Gershwin A Drain
                                                                GERSHWIN A. DRAIN
                                                                UNITED STATES DISTRICT JUDGE