UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERLIGHT ELECTRONICS CO., LTD.,
and EMCORE CORPORATION,

        Plaintiffs/Counter-Defendants,

                                  Case No. 12-11758
                                  Honorable Gershwin A. Drain

v.

NICHIA CORPORATION, and
NICHIA AMERICA CORPORATION,

        Defendants/Counter-Plaintiffs,

v.

EVERLIGHT ELECTRONIC CO., LTD.,
EMCORE CORPORATION, and
EVERLIGHT AMERICAS, INC.

        Defendant.

_____/

**ORDER GRANTING EVERLIGHT'S MOTION TO STRIKE PROFESSOR
SCHUBERT'S SECOND CORRECTED SECOND SUPPLEMENTAL ANALYSIS
CHART [#435]**

## I.     INTRODUCTION

Trial in the instant patent action is set to commence on April 7, 2015. Involved

are Defendants/Counter-Plaintiffs, Nichia Corporation's and Nichia America

Corporation's ("Nichia") United States Patent Nos. 5,998,925 (the "'925 patent") and

7,531,960 (the "'960 patent").

Presently before the Court is Plaintiff/Counter-Defendant, Everlight Electronics Co. Ltd.'s ("Everlight") Motion to Strike Professor Schubert's Second Corrected Second Supplemental Analysis Chart, filed on March 11, 2015. Nichia filed a Response in Opposition on March 30, 2015. Everlight filed a Reply in Support of its Motion to Strike on April 2, 2015. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the instant motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

## II.   FACTUAL BACKGROUND

Professor E. Fred Schubert is Nichia's expert on matters relating to infringement of the '925 and the '960 patents. Professor Schubert was deposed on May 9, 2014. At the time of his deposition, a revised version of his Analysis Chart, specifically the Corrected Second Supplemental Analysis Chart, was the current version of his Analysis Chart. This Court explained in its Order addressing the parties competing *Daubert* motions that:

> In his opening report, Schubert indicated that due to the "large number of products at issue" he split all of the Accused Products into three groups sharing common features and provided representative claim charts for each group of asserted claims and an Analysis Chart identifying the complete list of Accused Products with phosphor information for each Accused Product, along with the specific patent claims infringed and the supporting documentation for each product.

Dkt. No. 374 at 4. As such, the Corrected Second Supplemental Analysis Chart, together with Professor Schubert's expert report "provide a detailed limitation-by-limitation analysis for all of the Accused Products." *Id.* On February 17, 2015, Nichia served a Second Corrected Second Supplemental Analysis Chart, which was less than two months prior to the start of the trial in this matter.

## III.  LAW & ANALYSIS

Rule 26(a)(2)(B) of the Federal Rule of Civil Procedure states that expert witnesses must provide the Court with a written report containing, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them; the facts or data considered by the witness in forming them; [and] any exhibits that will be used to summarize or support them . . . ." Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii). Rule 26(a)(2)(D) requires that such reports be disclosed at least 90 days before the trial date or as directed by the Court. *See* Fed. R. Civ. P. 26(a)(2)(D). Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Nichia claims the revised Analysis Chart only provides clerical corrections and does not alter the substance of Professor Schubert's opinions in his expert report.

Therefore, Nichia argues that Professor Schubert's Second Corrected Supplemental Analysis Chart should not be stricken by the Court.  The Court disagrees with Nichia's characterization of the revisions made to Professor Schubert's Analysis Chart.

Professor Schubert's Second Corrected Supplemental Analysis Chart changes which claims are being asserted against which products.  For instance, for roughly 55 accused products, Nichia added infringement allegations for claim 8 of the '960 Patent, for 16 of the accused products, Nichia added infringement allegations for claims 1, 2, 3, 9, and 23 of the '925 patent, and claims 8-12 of the '960 patent.  The fact that the total number of accused products is unchanged does not mean there has been no substantive alteration to Professor Schubert's infringement opinions.

Moreover, the Court does not accept Nichia's explanation that the substance of Professor Schubert's infringement opinions is only contained in his expert report.  His Analysis Chart is integral to his expert opinion because without the Chart there is no way to identify which claims are being asserted against the nearly 800 accused products.  Professor Schubert's expert report is meaningless without reference to the Chart.

The Court also disagrees with Nichia's representation that Professor Schubert was diligent in correcting the errors in his Second Corrected Supplemental Analysis

-4-

Chart. Professor Schubert acknowledged during his deposition in May of 2014 that his Second Corrected Supplemental Analysis Chart contained inconsistencies. Nichia offers no justification for the nine month delay-from May of 2014 through February of 2015-for the correction of the known inconsistencies. The Court agrees with Everlight that the service of a Second Corrected Supplemental Analysis Chart on the eve of trial is extremely prejudicial to Everlight.

## IV. CONCLUSION

For the reasons that follow, Everlight's Motion to Strike Professor Schubert's Second Corrected Second Supplemental Analysis Chart [#435] is GRANTED.

SO ORDERED.

Dated: April 6, 2015

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 6, 2015, by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk

---