# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

EVERLIGHT ELECTRONICS CO.,
LTD., and EMCORE CORPORATION,

      Plaintiffs/Counter-
      Defendants,

v.

NICHIA CORPORATION, and
NICHIA AMERICA CORPORATION,

      Defendants/Counter-
      Plaintiffs,

v.

EVERLIGHT AMERICAS, INC.,

      Defendant.

Case No. 4:12-CV-11758 GAD-MKM
Hon. Gershwin A. Drain

Jury Trial Demanded

---

## EVERLIGHT'S BENCH MEMORANDUM REGARDING THE PARTIES' PROPOSED VERDICT FORMS

Pursuant to the Court's direction, Everlight submits this bench memorandum regarding the outstanding issues on the verdict form.

## I.     THE COURT SHOULD NOT ASK INVALIDITY INTERROGATORIES THAT ADDRESS SPECIFIC PRIOR REFERENCES

As discussed in Court today, Everlight proposes that the Court ask the jury to determine if the asserted claims of the '925 and '960 patent are "invalid due to anticipation," "invalid due to obviousness," and "invalid due to lack of enablement."  Ex. A.  This style of verdict form is standard and well supported by Federal Circuit law.  For example, in *i4i Ltd. P'ship v. Microsoft Corp*., 598 F.3d 831, 844 (Fed. Cir. 2010), the Federal Circuit reviewed a jury verdict in which "the verdict form did not require the jury to make separate findings for the different pieces of prior art" but instead simply asked "[d]id [accused infringer] prove by clear and convincing evidence that any of the listed claims of the '449 patent are invalid?"  The Federal Circuit affirmed the jury's verdict regarding validity, thereby endorsing the use of verdict forms that are not broken out by prior art reference.  *See also Function Media, L.L.C. v. Google Inc*., 708 F.3d 1310, 1329 (Fed. Cir. 2013) (upholding a finding of invalidity in which the jury was asked whether the patent "was anticipated by the prior art?"); *Therasense, Inc. v. Becton, Dickinson & Co*., 593 F.3d 1325, 1330 (Fed. Cir. 2008) (affirming use of verdict form that asked "Have defendants proven by clear and convincing evidence that

Claims 11 and 12 of the '890 patent are invalid by reason of anticipation or obviousness?").  Indeed, consistent with these Federal Circuit cases, Courts in this district have used verdict forms that do not ask invalidity interrogatories based on specific prior art references.  *See* Verdict Form in *Sundance, Inc. v. DeMonte Fabricating, Ltd*., No. 02-73543, Dkt. #119 (E.D. Mich. May 1, 2006) (Ex. C).

In contrast, Nichia's proposed verdict form inappropriately attempts to limit the jury's focus to certain particular prior art references.  Ex. B.  As the Court instructed the jury, the jury is required to consider the entire scope and content of the prior art when considering obviousness.  Calling the jury's attention to specific prior art references is inappropriate, particularly because, as Everlight noted this morning,  Nichia's description of Everlight's invalidity arguments is not accurate.

## II.   THE COURT SHOULD NOT ASK THE JURY TO ANSWER QUESTIONS RELATING TO INFRINGEMENT FOR ANY CLAIM THAT IT FINDS INVALID

Federal Circuit case law is clear that although a finding of infringement does not moot an invalidity counterclaim, the converse is not true.  Indeed, the Federal Circuit has specifically rejected the interpretation of *Cardinal Chem Co. v. Morton Int'l, Inc.*, 508 U.S. 83 (1993) put forth by Nichia in Court today.  In *Typeright Keyboard Corp. v. Microsoft Corp.,* 374 F.3d 1151, 1157 (Fed. Cir. 2004), the Federal Circuit explained that the holding in *Cardinal* does not address the situation in which a claim has been held invalid and counterclaims of infringement

remain pending.  In such a situation, the infringement allegations are moot in light of the invalidity finding:

> [A]lthough a judgment of non-infringement does not necessarily moot validity issues on appeal, *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83 (1993), ***a judgment of invalidity necessarily moots the issue of infringement***, *see, e.g.*, *Sandt Tech., Ltd. v. Resco Metal & Plastics Corp.*, 264 F.3d 1344, 1356 (Fed. Cir. 2001); *Weatherchem*, 163 F.3d at 1335.  This is because "a determination of infringement applies only to a specific accused product or process," whereas "invalidity operates as a complete defense to infringement for any product, forever."  *Weatherchem*, 163 F.3d at 1335-36.

(emphasis added).  Thus, Everlight's proposal that the jury be instructed not to make a finding of infringement for any claim that it finds invalid is fully consistent with both the holding in *Cardinal* and Federal Circuit case law, which states that a finding of validity moots the infringement issue.  Given the complexity of Nichia's infringement allegations, there is no reason why the jury should be forced to make an infringement determination if it holds the claims invalid.  If any claim of the '925 or '960 patent is found invalid, Nichia's infringement allegation for that claim is moot.

## III.   THE COURT SHOULD NOT ADOPT NICHIA'S PROPOSED QUESTIONS ON INFRINGEMENT

The Court has already instructed the jury that it needs to determine infringement on a product-by-product basis, and Nichia has chosen to present infringement allegations for hundreds of accused products.  Nichia has not made

any attempt to show that certain products are representative of other products. Thus, as the Court recognized this morning, the only proper way for the jury to evaluate infringement is on a product-by-product basis, as proposed by Everlight.

Nichia's proposal to ask the jury to answer questions regarding Everlight's "YAG based products" or "TAG based products" will only create more problems. Nichia presented no evidence as to what products comprise the list "YAG based products" or "TAG based products." Thus, regardless of whether the jury finds infringement or non-infringement for these questions, the parties will inevitably dispute which products are and which products are not within the scope of this verdict. In contrast, Everlight's proposed verdict form will eliminate any ambiguity from the jury's verdict, and both the parties and the Court will be able to determine which specific products the jury found were or were not infringed.

Finally, Nichia's attempt to ask infringement questions relating to "YAG based products" or "TAG based products" is improper because it forces the jury to judge these products as a group. However, the testimony from Nichia's own expert showed that the "YAG based products" and "TAG based products" use different combinations of chips and phosphors such that the jury may find some "YAG based products" or "TAG based products" infringe while other do not. Forcing the jury to determine infringement on a group of products is improper.

Finally, Everlight object to Nichia's proposal to reference Dr. Schubert's Analysis Chart in the verdict form.  Dr. Schubert's Analysis Chart contains Dr. Schubert's expert opinions and referencing the Analysis Chart is highly prejudicial to Everlight.

DATED:  April 20, 2015                    Respectfully submitted,

Raymond N. Nimrod                    By:   /s/ Matthew A. Traupman
Matthew A. Traupman                  A. Michael Palizzi (P47262)
QUINN EMANUEL URQUHART       MILLER, CANFIELD, PADDOCK
& SULLIVAN, LLP                       AND STONE, P.L.C.
51 Madison Avenue, 22nd Floor        150 West Jefferson, Ste. 2500
New York, NY 10010                   Detroit, Michigan 48226
(212) 849-7000                       (313) 963-4620
raynimrod@quinnemanuel.com           palizzi@millercanfield.com
                                     Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by ECF on April 20, 2015.

/s/ *Matthew A. Traupman*