# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| EVERLIGHT ELECTRONICS CO., LTD., and EMCORE CORPORATION, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>NICHIA CORPORATION, and NICHIA AMERICA CORPORATION, )<br>)<br>Defendants, Counter-Plaintiffs, )<br>)<br>vs. )<br>)<br>EVERLIGHT ELECTRONICS CO., LTD., EMCORE CORPORATION, and EVERLIGHT AMERICAS, INC., )<br>)<br>Counter-Defendants, Defendant. )<br>)<br>) | Civil Action No. 4:12-cv-11758<br><br>Hon. Gershwin A. Drain |

## NICHIA'S BENCH MEMORANDUM REQUESTING ADOPTION OF ITS ATTACHED REVISED VERDICT FORM

A. **The Portion of the Verdict Form on Infringement**

Nichia understands that the Court intends to submit to the jury a verdict form listing hundreds of accused products in the infringement portion of the verdict form.[1]  However, even with that decision, the verdict form proposed by Everlight must be modified.  Nichia requests that its proposed revised version of the Everlight verdict form attached as Ex. A, and as explained below to be further modified, be used in this case.

First, upon a preliminary review this afternoon of Everlight's chart in its proposed verdict form, Nichia has identified substantial errors with respect to the claims at issue for each product.  The products identified as potentially infringing do not match the products identified in Professor Schubert's chart.  This is a critical error.  Nichia's review of the chart is ongoing, and Nichia will submit a corrected chart today as soon as it is able to prepare one.

Second, Everlight's proposed form invites reversible error because it fails to address Nichia's claim for infringement of the '925 Patent under the doctrine of equivalents ("DOE") with respect to Everlight's TAG-based products included in the chart.  Verdict forms must separate literal infringement from infringement under the DOE so that it is possible to determine the type of infringement found by

---

[1] Nichia preserves its objections made on the record on April 20, 2015, to the verdict form listing hundreds of accused products.

1

the jury.[2] Thus, Nichia's questions on infringement under the DOE for TAG-based products should be included, and Everlight's question based on its chart of accused products should be modified to refer to the DOE, as indicated.[3]

<u>Third</u>, instead of having two separate listings of hundreds of products (one for the '925 patent and one for the '960 patent), the proposed revised verdict form covers the asserted claims from both patents in one combined chart in the same way as Prof. Schubert did in his Analysis Chart (Defendant's Exhibit D-182). <u>Fourth</u>, and relatedly, the proposed revised verdict form makes clear that the table, including its greyed-out columns, comes from Prof. Schubert's Analysis Chart (D-182) as Everlight's counsel represented in court, and the non-greyed-out columns are the ones that Prof. Schubert asserted are infringed.

<u>Fifth</u>, the proposed form deletes the text indicating that the jurors can stop completing the form to the extent that they have found asserted claims invalid. Such language is extremely prejudicial and attempts to motivate the jury to find invalidity so that they need not fill out the infringement portion of the verdict form, which is voluminous and will require far more effort by the jury.

---

[2] *See, e.g.,* Ex. C, *Depuy Synthes. Prods. LLC v. Globus Med., Inc.,* 2014 U.S. Dist. LEXIS 61181, *10 (D. Del. Mar. 25, 2014)(example of case specifying whether infringement was found under literal infringement or the DOE); *TiVo Inc. v. Dish Network Corp.*, 640 F. Supp. 2d 853, 857 (E.D. Tex. 2009)(same).

[3] A separate question on infringement under the DOE is the only way the parties and the Court can determine whether DOE infringement was found for the '925 Patent.

Everlight's proposed language is improper for at least three additional reasons. First, there is no final decision and thus no jurisdiction for appeal unless all claims for all parties, including infringement, are adjudicated. *See, e.g., Nystrom v. TREX Co.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003). Second, when both infringement and validity are at issue, the better practice is for the district court to resolve both. *Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1583 (Fed. Cir. 1983).[4] Third, juries are sometimes tasked with deciding infringement before invalidity. *See, e.g.*, Ex. B, *Finjan, Inc. v. Symantec Corp.*, 2013 U.S. Dist. LEXIS 134030, *180 (D. Del. Sept. 19, 2013).

Significantly, the jury's verdict on the issue of infringement, which is one of Everlight's claims for declaratory judgment, is needed to make clear what the jury decided. This is necessary for potential appeal as well as post-trial briefing.

The sixth reason that Nichia's Ex. A should be used is that it adds in a question on literal infringement of YAG-based products, in addition to the necessary question on infringement under the DOE for TAG-based products, discussed above. The jury should be given these questions in addition to the product questions because the Analysis Chart is not up to date and these questions

---

[4] *See also Pandrol USA, LP v. Airboss Ry. Prods.*, 320 F.3d 1354, 1364-65 (Fed. Cir. 2003) ("Though an invalid claim cannot give rise to liability for infringement, whether it is infringed is an entirely separate question capable of determination without regard to its validity.").

will be helpful in determining the scope of injunctive relief if Nichia is successful in proving infringement.[5] In addition, these questions are necessary because Everlight has attacked the accuracy of the Analysis Chart. If Everlight argues in its closing arguments that the Analysis Chart is inaccurate because it relies on Everlight documents that have inconsistencies such as concerning consumption of phosphor components, Everlight should not be able to gain an advantage by arguing that its documents are inaccurate. Rather, Nichia should be allowed to provide the jury an alternative way to find infringement, that is, Everlight's records identifying which of its products contain YAG-based phosphors and which contain TAG-based phosphors. Everlight has never argued that its identification of YAG-based and TAG-based phosphors in its products is inaccurate.

Also, contrary to Everlight's assertions in Court, Prof. Schubert did provide testimony that makes clear what are the YAG-based and TAG-based products.[6] Also, the Analysis Chart identifies which are YAG-based products and which are TAG-based products. *See* D-182, col. J-P.

---

[5] As the Court is aware, the Court denied Nichia's request to have Everlight update its list of accused products (*see* Dkt. # 402, 433) so that the list of accused products was provided by Everlight in January 2014.

[6] Prof. Schubert testified that the YAG-based products are a major category of Everlight's products (*see* Trial Tr., 4/15/15, 95:17-19) and he provided a claim by claim analysis for YAG-based products (*e.g., id.*, 99:15-111:20). Similarly, Prof. Schubert testified that TAG-based products are another category (*id.*, 96:4-6) and he provided a claim by claim analysis for TAG-based products (*e.g., id.*, 103:1-112:1).

## B. The Portion of the Verdict Form on Validity/Invalidity

If the Court requires that the infringement portion of the verdict form require the jury to note its determination on a product by product basis, fundamental fairness dictates that the validity portion of the verdict form be structured on a reference by reference basis. *See, e.g.,* Ex. B, *Finjan,* \*182 (noting that a verdict form should have the same level of specificity on invalidity and infringement).

Moreover, using a general verdict form that fails to specify the specific alleged anticipatory references and obviousness combinations, as Everlight requests, would unfairly limit the record for appeal.[7] The Federal Circuit has indicated that a detailed verdict form should be used in order to provide an adequate record for appeal. *See Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1563 (Fed. Cir. 1993), *cert. denied*, 511 U.S. 1031 (1994) ("the use of special interrogatories on the issue of obviousness [aids] . . . appellate review.").

Regarding Everlight's argument that the combinations in Nichia's initial proposed verdict form are supposedly wrong, Nichia is willing to work with Everlight concerning revising the combinations.

---

[7] If the jury found invalidity, this would be prejudicial to Nichia because it would be unclear on what issues the jury resolved underlying factual disputes in Everlight's favor. *See Jurgens v. McKasy*, 927 F.2d 1552, 1557 (Fed. Cir. 1991) (a jury is presumed to have resolved underlying factual disputes in favor of the verdict winner).

| | | |
|---|---|---|
| Respectfully submitted,<br><br>Foley & Lardner LLP<br><br>By: /s/ Steven J. Rizzi<br>John R. Trentacosta (P31856)<br>Irina Kashcheyeva (P72575)<br>500 Woodward, Suite 2700<br>Detroit, MI 48226-3489<br>Telephone: (313) 234-7100<br>jtrentacosta@foley.com | Dated: April 20, 2015<br><br>Michael D. Kaminski<br>Lisa S. Mankofsky<br>3000 K St. N.W., Ste. 600<br>Washington, DC 20007<br>Phone: 202-672-5300<br>Fax: 202-672-5399<br>mkaminski@foley.com | Steven J. Rizzi<br>90 Park Avenue<br>New York, NY 10016<br>Phone: 212-682-7474<br>Fax: 212-687-2329<br>srizzi@foley.com |
| | *Attorneys for Defendants Nichia Corporation and Nichia America Corporation* | |

6

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

/s/ Steven J. Rizzi
Steven J. Rizzi
