UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EVERLIGHT ELECTRONICS CO., LTD.,
and EMCORE CORPORATION,

                          Civil Action No.12-cv-11758
                          HON.  GERSHWIN A.  DRAIN

           Plaintiffs/Counter-Defendants,


v.


NICHIA CORPORATION, and
NICHIA AMERICA CORPORATION,

           Defendants/Counter-Plaintiffs,

v.


EVERLIGHT AMERICAS, INC.,

           Defendant.

_____/


### ORDER DENYING TIMMY K. POLLOCK'S, AMBER LAMBERT'S, FREDERICK BANKS'S, KEITH RUSSELL JUDD'S, TONI O'DELL'S, CHELSEY PENIX'S, LISA M. TULLIS'S AND JOHN ROBERT DEMOS'S MOTION TO INTERVENE [#497]


**I.**    **Introduction**

The jury trial in this matter is nearly ripe for the commencement of jury deliberations.  Presently before the Court are various individuals' Motion to Intervene, filed on April 20, 2015.  For the reasons that follow, the Court denies the present motion.

## II.   Law & Analysis

The movants argue they have a right to intervene under Rule 24(a)(2).  Rule 24(a)(2) states:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  The movants must satisfy the following four elements "before intervention as of right will be granted: (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) the impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).

Timeliness is a threshold issue for both intervention as of right and permissive intervention.  *See Blount-Hill v. Zelman*, 636 F.3d 278, 279 (6th Cir. 2011); *see also*, *United States v. Ritchie Special Credit Invs., Ltd.*, 620 F.3d 824, 832 (8th Cir. 2010). This circuit considers five factors when determining the timeliness of an application for intervention of right: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or should have known of their interest in

the case; (4) the prejudice to the original parties due to the proposed intervenor's failure to promptly intervene after they knew or reasonably should have know of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Blount-Hill*, 636 F.3d at 284.

The present motion to intervene is untimely. The more than two-week jury trial in this matter is nearly ready for submission to the jury. Intervention at this time is woefully late. However, and more importantly, even if the court were to conclude that the instant motion to intervene is timely, the court would not permit intervention as of right because the movants fail to demonstrate any arguable legal interest in this case. Rather, the movants present a myriad of reasons for intervention that have no rational connection "relating to the property or transaction that is the subject of this action . . . ." Fed. R. Civ. P. 24(a)(2).

This court's conclusion that the instant motion to intervene is untimely precludes intervention under Rule 24(b), which allows the court to permit a party to intervene, on *timely* motion, "who [] is given a conditional right to intervene by a federal statute; or has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(A)-(B) (emphasis added). Likewise, the movants fail to demonstrate they are entitled to permissive intervention. They do not identify any federal statute that would allow intervention, nor do they have any

claims or defenses that share with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(A)-(B). Therefore, the court denies the instant motion to intervene as of right under Rule 24(a)(2) or by permission under Rule 24(b)(1)(A)-(B).

### III.   Conclusion

Accordingly, Timmy Pollock's, Amber Lambert's Frederick Banks's, Keith Russell Judd's, Toni O'Dell's, Chelsey Penix's, Lisa M. Tullis's and John Robert Demos's Motion to Intervene [#497] is DENIED.

SO ORDERED.

Dated:  April 21, 2015

/s/ Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 21, 2015, by electronic and/or ordinary mail.

/s/Tanya Bankston
Deputy Clerk

-4-