UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERLIGHT ELECTRONICS CO., LTD.,

        Plaintiff/Counter-Defendant,

Case No. 12-cv-11758
HON. GERSHWIN A. DRAIN

vs.

NICHIA CORPORATION, and
NICHIA AMERICA CORPORATION,

        Defendants/Counter-Plaintiffs,

vs.

EVERLIGHT AMERICAS, INC.,

        Defendant.
_____/

**SUPPLEMENTAL ORDER REGARDING PHASE 2 TRIAL**

On May 21, 2015, the parties filed a Joint Submission Regarding the Schedule and Related Issues for the Phase 2 Trial. The parties have raised several disputed issues in their present filing. Upon review of the parties' Joint Submission, the Court orders the following:

    **1.**     **Pretrial Filings**

The Court declines to order the parties to file a separate Final Pretrial Order for

the Phase 2 trial. A Final Pretrial Order has already been filed in this case. As such, the parties have already disclosed all witnesses, deposition designations, exhibits and made their respective objections thereto. Additionally, the Court has ordered Everlight to identify its inequitable conduct arguments by May 27, 2015. The Court finds no benefit to requiring the parties to repeat disclosures already made. Nichia's proposal for a separate Final Pretrial Order is DENIED.

### 2. **Trial Procedure**

The Court declines to amend the parties' Agreements Regarding Trial Procedure. The Court likewise sees no benefit to re-visit the agreed to procedures. Nichia's proposal for an Amendment to the parties' Agreements Regarding Trial Procedure is DENIED.

### 3. **Laches**

Nichia argues that Everlight must proceed with its laches defense during the Phase 2 trial. Everlight counters that in light of the jury's verdict on validity, Everlight's laches defense is moot. Nichia asserts that if Everlight declines to present its laches defense during the Phase 2 trial, Nichia should be allowed to reserve its right to argue that Everlight has waived its laches defense. The Court declines to permit Nichia to maintain that Everlight has waived its laches defense, which is only relevant if the invalidity finding is reversed. As such, it is a waste of judicial resources to

proceed with this defense at this stage of the proceedings. Additionally, the Court finds no justification to change its original position denying Nichia's request to dismiss Everlight's inequitable conduct claims without prejudice and certify this case for appeal under Rule 54(b). Nichia's proposals concerning laches and inequitable conduct are DENIED.

### 4. Objections

Nichia requests that a date be set for both parties to file objections to the witnesses, exhibits and deposition designations made by the other party and has proposed that June 5, 2015 be set for this deadline. The Court declines to require the parties to object to evidence that has already been objected to in the Final Pretrial Order. Nichia may orally re-raise its objections during the Phase 2 trial. Additionally, the Court will not entertain any further motions *in limine*. When the Court ordered motions *in limine*, the trial had not yet been severed into separate trials. The parties should have included all of their *in limine* arguments in their previously filed motions *in limine*. Accordingly, Nichia's proposals with respect to objections and a second round of motions *in limine* are DENIED.

SO ORDERED.

Dated: May 27, 2015        /s/Gershwin A Drain
                           GERSHWIN A. DRAIN
                           UNITED STATES DISTRICT JUDGE