# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| EVERLIGHT ELECTRONICS CO., LTD., and EMCORE CORPORATION, | |
| Plaintiffs/Counter-Defendants, | |
| v. | Case No. 4:12-CV-11758 GAD-MKM |
| | Hon. Gershwin A. Drain |
| NICHIA CORPORATION, and NICHIA AMERICA CORPORATION, | |
| Defendants/Counter-Plaintiffs, | Jury Trial Demanded |
| v. | |
| EVERLIGHT AMERICAS, INC., | |
| Defendant. | |

## EVERLIGHT'S SUBMISSION IN SUPPORT OF ITS NOTICE OF LODGING OF TRIAL DEMONSTRATIVES (DKT. # 521)

On May 14, 2015, Everlight submitted its Notice of Lodging of Trial Demonstratives (Dkt. 521) ("Notice").  At the May 18, 2015 Status Conference, the Court asked Everlight to file a memorandum in support of its Notice.  For the reasons set forth below, Everlight should be allowed to lodge trial demonstratives so that any reviewing court has access to the demonstratives to provide context for testimony and argument discussing them.

To be clear, Everlight is not seeking to admit into evidence the demonstratives identified in the Notice; Everlight merely wishes to ensure the record is complete so that any court reviewing the jury's verdict – this Court in connection with the parties' post-trial motions and, later, the Federal Circuit – has the benefit of seeing exactly what was presented to jury.  Everlight also would not object to Nichia similarly lodging, but not admitting into evidence, its trial demonstratives.  Indeed, Everlight believes that the best course is for both parties to lodge their demonstratives with the Court so that this Court and eventually the Federal Circuit have access to the images that are discussed in the trial transcript.

I. **LODGING DEMONSTRATIVES IS APPROPRIATE**

It has become common practice for parties to use demonstratives to facilitate presentation of difficult concepts at trial.  Recognizing this, courts have allowed, and even required, that demonstratives be lodged as part of the docket, so that they are available to the court during any review of the record.  For example, in

*Astrazeneca AB v. Mylan Labs., Inc. (In re Omeprazole Patent Litigation)*, 490 F. Supp. 2d 381, 487 (S.D.N.Y. 2007), the court overruled objections to plaintiffs' submission of demonstratives with its proposed findings of fact, stating that "[t]he demonstratives are included in Plaintiffs' submission for the convenience of the Court, and Plaintiffs properly rely on the expert testimony concerning each demonstrative that was discussed at trial and exhibits that were listed on the demonstrative and properly admitted at trial." In another discussion of filing demonstratives, the court in *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 986 F. Supp. 2d 574, 595 (W.D. Pa. 2013), noted that one particular expert had testified over two days using over 130 slides. When discussing that testimony, the court acknowledged that "the transcript may not always be clear on what parts of a diagram are being described by witnesses." *Id.* at 595, fn. 31. To aid in its understanding of the transcript, the *Carnegie Melon* court **required** the parties to file all demonstratives used during the trial. *Id.*

The Federal Circuit has also at least tacitly approved the practice of lodging demonstrative exhibits with the trial court when, on appeal, the Federal Circuit considered properly filed demonstratives but refused to consider demonstratives that were not filed and made part of the record below. *See Finisar Corp. v. DirecTV Grp., Inc.*, 2007 U.S. App. LEXIS 4092 (Fed. Cir. Feb. 16, 2007) (Ex. 1). In *Finisar*, the Federal Circuit stated that "[b]ecause the demonstrative exhibits

were not filed with the district court, they are not part of the record on appeal and thus should not be included in the joint appendix. Finisar has not shown that the record should be corrected to include demonstrative exhibits that were not filed with the district court, *especially when other demonstrative exhibits were filed with the district court*." *Id.* (emphasis added).

## II. THE PARTIES HERE SHOULD BE PERMITTED TO LODGE DEMONSTRATIVES FOR CONVENIENCE AND CLARITY

Everlight seeks to file its demonstratives with this Court for the same reasons that other courts have allowed submission of demonstratives – for the convenience of the Court and to aid in the Court's understanding of the trial transcript. Everlight is not seeking to use the demonstratives as substantive evidence. It seeks to make them a part of the record solely to provide context and clarity for testimony that refers to the demonstratives.

For example, during his direct examination, Everlight's expert Dr. Eric Bretschneider referred to more than 140 slides. One of those slides, slide 35, illustrates the basic structure of an LED Package. *See* Slide 35 (Dkt. 521-4, Ex. 4 at 3). Dr. Bretschneider used this slide in connection with his testimony to describe how someone would add a phosphor to an LED package:

> Q. Okay. If we go on to slide 35, if someone wanted to add a phosphor into the LED package, how would they go about doing that?
> A. The resin here, this is typically an epoxy or silicon material that hardens when you heat it up and the easiest way

3

> is to put the phosphor in the resin here and then put the lens on top later.

Apr. 9, 215 Tr. at 16:2-8.

Everlight also used a number of slides during its cross-examination of Nichia's expert, Dr. E. Fred Schubert, including demonstratives displaying the CIE chromaticity diagram and plotting the coordinates of certain phosphor samples on that diagram. *See, e.g.,* PDX-1412, PDX-1413, PDX-1414 (Dkt. 521-8, Ex. 9 at 8-10). The CIE chromaticity diagram illustrates points of color and wavelength on a grid, and the ability to refer to specific slides provides context for questions and answers, such as:

> Q. Then add the coordinates, please, for [PDX] 1414. Do you see we have produced the coordinates [for Sample 17], and if we plot that, it ends up in the yellow/green zone, right?
>
> A. Yes.

Apr. 17, 2015 Tr. at 85:5-11. As in *Carnegie Mellon*, having the demonstratives available for review will assist the Court's understanding of the transcript.

As noted above, Everlight is not seeking to admit into evidence any of the demonstratives that it submitted with its Notice. Rather, Everlight simply seeks to make the demonstratives part of the Court's record so that any reviewing court has the opportunity to review the demonstratives to provide context to testimony. This is especially important for appeal purposes in light of the Federal Circuit's refusal

4

to expand the appellate record in *Finisar*. Everlight believes that the Court and the parties are all best served by ensuring that all the slides about which witnesses testified are available for any review in connection with post trial motions or any appeal. To this end, Everlight has no objection and in fact encourages Nichia to also lodge the demonstratives that it used at trial for the same purpose.

### III. CONCLUSION

For the reasons stated herein, Everlight respectfully requests that the Court allow Everlight to lodge the trial demonstratives that Everlight submitted with Docket 521.

| DATED: June 1, 2015 | Respectfully submitted, |
|---|---|
| Raymond N. Nimrod<br>Matthew A. Traupman<br>QUINN EMANUEL URQUHART<br>& SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>(212) 849-7000<br>raynimrod@quinnemanuel.com | By: /s/ *Matthew A. Traupman*<br>A. Michael Palizzi (P47262)<br>MILLER, CANFIELD, PADDOCK<br>AND STONE, P.L.C.<br>150 West Jefferson, Ste. 2500<br>Detroit, Michigan 48226<br>(313) 963-4620<br>palizzi@millercanfield.com<br>*Attorneys for Plaintiffs* |

5

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by ECF on June 1, 2015.

                                                      /s/ *Matthew A. Traupman*