UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERLIGHT ELECTRONICS CO.,
LTD.,

        Plaintiff/Counter-Defendant,

Case No. 12-cv-11758
HON. GERSHWIN A. DRAIN

vs.

NICHIA CORPORATION, and
NICHIA AMERICA CORPORATION,

        Defendants/Counter-Plaintiffs,

vs.

EVERLIGHT AMERICAS, INC.,

        Defendant.
_____/

**ORDER REGARDING NICHIA'S OBJECTIONS TO EVERLIGHT'S THEORIES OF INEQUITABLE CONDUCT [#540]**

**I.    INTRODUCTION**

This matter is set for the Phase 2 bench trial to commence on June 15, 2015. On May 27, 2015, Everlight filed with the Court its Submission Regarding its Inequitable Conduct Theories to be Presented at the Upcoming Phase 2 Trial. Presently before the Court are Nichia's objections to some of Everlight's asserted theories of inequitable conduct, filed on June 5, 2015. Everlight has filed a Response

to Nichia's Objections and Nichia has filed a Reply in support of its objections.

Specifically, Nichia objects to three theories that Everlight seeks to raise during the Phase 2 trial. Nichia requests that based on its objections, the Court not consider the following evidence or argument:

(1) a theory of infectious unenforceability of the '960 Patent;
(2) any theory of alleged inequitable conduct regarding the '960 Patent other than a theory based on Example 8;
(3) any theory of alleged inequitable conduct specifically based on "GAG;"
(4) any theory of alleged inequitable conduct based on the tests performed by the inventors on GAG; and
(5) any inequitable conduct allegations based on the allegations of "Nichia."

Everlight asserts that Nichia has ignored this Court's directive precluding the filing of additional motions *in limine* and has repackaged its *in limine* arguments as the instant objections. Everlight further maintains that even aside from the procedural impropriety of Nichia's objections, its substantive positions are without merit and ignore large portions of Everlight's Second Amended Complaint.

## II. DISCUSSION

### A) Allegations Based on Infectious Unenforceability

Nichia argues that the Court has already decided this issue when it dismissed Everlight's inequitable conduct allegation relating to the '960 Patent in Everlight's First Amended Complaint, thus Everlight should be precluded from pursuing a theory

of infectious unenforceabililty. In the First Amended Complaint, Everlight based part of its inequitable conduct theory concerning the '960 Patent on the purported inequitable conduct concerning the '925 Patent. The Court found such an allegation warranted dismissal.

Thereafter, the Court permitted Everlight to file a Second Amended Complaint in order to raise its inequitable conduct allegations again as the amendment appeared to remedy the deficiencies identified by the Court in its dismissal order. However, Everlight apparently did not remedy its infectious unenforceabililty theory related to the '960 Patent. Nichia argues that law of the case doctrine precludes Everlight from pursuing its infectious unenforceabililty theory with respect to the '960 Patent. *See Pepper v. United States*, __ U.S. __, 131 S.Ct. 1229, 1250 (2011) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).

Everlight maintains that, contrary to Nichia's contention, the Second Amended Complaint pled new facts that bear directly on infectious enforceability. However, Everlight's argument rests on its allegations concerning false examples and claims of inventorship made during the prosecution of the '925 Patent. Nonetheless, because the Court granted Everlight leave to amend, Everlight maintains that the Court implicitly permitted Everlight's theories of infectious unenforceability based upon the facts pled in the Second Amended Complaint.

Even though the Court permitted amendment, Everlight fails to explain how it remedied its factual allegations with respect to infectious unenforceability as it relates to the '960 Patent. Law of the case doctrine precludes this Court from allowing Everlight to proceed on this theory when it "has not alleged any inequitable conduct during the preparation and prosecution of the '960 Patent." See Dkt. NO. 50 at 19. The Court has held that Everlight's infectious unenforceability argument lacks merit; "even if the '925 Patent is found to be unenforceable, the '960 Patent would not be affected." *Id*. (citing *Baxter Intern., Inc. v. McGaw, Inc*., 149 F.3d 1321, 1332 (Fed. Cir. 1998). Based on the foregoing, the Court will SUSTAIN Nichia's objection to Everlight's infectious unenforceability theory relative to the '960 Patent and PRECLUDE Everlight from arguing that the '960 Patent is unenforceable due to conduct committed during the prosecution of the '925 Patent.

**B)     Allegations Not Disclosed in the SAC**

**i)     Allegations Regarding the '960 Patent Not Based on Example 8**

Here, Nichia complains that Everlight has previously only disclosed one inequitable conduct theory concerning the '960 Patent, specifically the alleged fabrication of Example 8. Everlight contends Example 8 is the only example disclosed with a phosphor with a peak wavelength at or near 600 nm. However, Everlight's Submission presents an entirely new theory based on the test results

contained in the inventors' notebooks. Everlight now theorizes that since none of the inventors' notebooks disclosed test results that achieved a peak emission wavelength of 600 nm, the statements in the specification and the claims of inventorship of a phosphor with a peak emission wavelength near 600 nm were false.

Nichia argues that it has been severely prejudiced by Everlight's new theory and directs the Court's attention to past rulings preventing the parties from relying on theories and arguments not timely disclosed during the discovery period. *See* Dkt. Nos. 355, 434. As such, Nichia maintains that Everlight should only be permitted to present inequitable conduct theories concerning the '960 Patent that were disclosed in the Second Amended Complaint.

Everlight argues that, contrary to Nichia's arguments, the Second Amended Complaint pleads facts other than the falsity of Example 8. For instance, Everlight's inequitable conduct theory for the '960 Patent is premised on false claims of inventorship of a phosphor that has a peak wavelength of 590 nm to 600 nm:

> Specifically, independent claim 14 of the '960 Patent covers an LED with a fluorescent material that has a spectrum with "a peak wavelength existing around the range from 510 nm to 600 nm." Noguchi, Sakano, and Shimizu knew that they had not invented with a fluorescent material that has a spectrum with a peak wavelength in the range of 590 nm to 600 nm.

*See* Sec. Am. Compl., ¶ 296. Moreover, paragraphs 297 and 310 also allege theories of inequitable conduct that are separate from Example 8 and are facts that relate to a

different phosphor than the phosphor described in Example 8.

For instance, paragraph 310 states:

> Furthermore, at least one of the named inventors (Noguchi) conducted experiments that showed a full substitution replacement of yttrium by gadolinium could not work in a phosphor to be used in an LED. On July 29, 1996, on the very same day when the earliest of the Japanese priority application was filed, which expressly claims full replacement of yttrium with gadolinium, Noguchi filed a patent application in Japan, which shows that alleged full replacement of yttrium by gadolinium would result in zero luminosity.

The fact that GAG has zero luminance is wholly separate from Example 8 and was one of the arguments that Everlight successfully presented to the jury to invalidate claim 14.

Nichia responds that the paragraphs identified by Everlight-296, 297 and 310- are in the "Overview of Misconduct" and "Factual Background" portions of the SAC and none alleges any actual act of material misconduct, rather these paragraphs are directed to the knowledge of the inventors and, "thus, if anything, address the intent prong, not distinct acts of material misconduct." Nichia's Reply at 3. Moreover, Nichia completely ignores paragraph 299 of the Second Amended Complaint which concludes the "Overview of Misconduct," section by clearly grounding its claim in Example 8.

Based on the foregoing, it appears that Nichia was on notice that Everlight's inequitable conduct theories relied on more than Example 8. Therefore, the Court will

OVERRULE Nichia's objection.

### ii) Allegations Based on GAG

#### 1) GAG-specific allegations

Nichia objects to any inequitable conduct theory specifically relating to the phosphor GAG ($Gd_3Al_5O_{12}$). Nichia complains that Everlight's Second Amended Complaint argued that no phosphor had been created that fully substituted yttrium for gadolinium. With respect to this theory, the only Gd based phosphor that Everlight discussed was Example 8 or $(Gd_3(Al_{0.5}Ga_{0.5})_5O_{12}$:Ce or GAGG. However, Everlight has revised its theory to specifically rely on the GAG phosphor. Nichia complains that it has been severely prejudiced by this since this theory was first raised in Everlight's Brief in Opposition to Nichia's Motion for Summary Judgment, well beyond the fact and expert discovery cutoffs in this matter.

Everlight counters that the Second Amended Complaint explicitly pleads facts relating to GAG. Paragraph 53 makes explicit reference to Figure 3 of the Noguchi 835 Patent application, which deals with Yttrium being fully replaced by Gadolinium and makes no mention of GGAG or any other substitution of Aluminum. The next fifteen paragraphs of the Second Amended Complaint plead facts relating to the disclosure of GAG in the Noguchi 835 application and the fact that the inventors knew that GAG would not emit light yet claimed GAG in the '925 Patent.

Nichia responds that nowhere in the Second Amended Complaint is GAG mentioned. Everlight is again pointing the Court only to the "Factual Background" section of the Second Amended Complaint and not the sections providing actual notice of its allegations concerning materiality and specific intent.

Based on the foregoing, it appears that Nichia was on notice that Everlight's inequitable conduct theories related to the GAG phosphor. Again, the Court will OVERRULE Nichia's objection.

### 2) GAG Allegations Based on Inventors' Test Results

Nichia also objects to Everlight's allegations concerning the inventors' test results relating to the GAG phosphor, which was also first disclosed in Everlight's Opposition to Nichia's Motion for Summary Judgment. Nichia complains that Everlight has further amended its theory by now arguing in its recent Submission that the inventors' test results showed that GAG did not emit light suitable to make white light. Nichia maintains that Everlight has again altered its argument because its prior theory has now been proven untrue.

Everlight counters that the Second Amended Complaint alleges that the inventors failed to disclose Noguchi's test results in the 835 application showing that GAG does not emit light. The Second Amended Complaint further ties the failure to disclose the test results with the inventors' false claims of inventorship. *See* Sec. Am.

Compl., ¶ 65. ("Noguchi, Sakano, and Shimizu failed to bring the data and conclusions of Noguchi's prior work to the attention of the PTO, notwithstanding their obvious knowledge that they were highly relevant to the inventions claimed in the '925 Patent.") Moreover, Everlight cannot be expected to cite to specific test results in its Second Amended Complaint because it was filed prior to Nichia's production of any documents in this litigation. Rule 9(b) of the Federal Rules of Civil Procedure does not require a party to plead every piece of evidence that supports its claims.

Based on the foregoing, the Court will OVERRULE Nichia's objection.

### 3) Allegations Directed to "Nichia"

Nichia next argues that Everlight's Submission makes improper references to false statements made by Messrs. Noguchi, Sakano, Shimizu, as well as Nichia. The Court agrees with Nichia that the vague reference to 'Nichia' is improper as the Second Amended Complaint is limited to alleging inequitable conduct against the three named inventors. The Court has previously rejected Everlight's allegations against unnamed actors when it dismissed Everlight's First Amended Complaint for its failure to identify "a specific individual or individuals who had knowledge of the fictitious testing and phosphors." *See* Dkt. No. 50.

Everlight maintains that its inequitable conduct allegations are directed solely

towards Messrs. Noguchi, Sakano and Shimizu. Based on the foregoing, the Court will SUSTAIN Nichia's objection to Everlight's allegations against 'Nichia.'

## III. CONCLUSION

Accordingly, the Court will SUSTAIN (1) Nichia's objection to Everlight's theory of infectious unenforceability of the '960 Patent; (2) OVERRULE Nichia's objection to Everlight's theories of alleged inequitable conduct regarding the '960 Patent other than a theory based on Example 8; (3) OVERRULE Nichia's objection to Everlight's theory of alleged inequitable conduct specifically based on "GAG;" (4) OVERRULE Nichia's objection to any theory of alleged inequitable conduct based on the tests performed by the inventors on GAG; and (5) SUSTAIN Nichia's objection to Everlight's inequitable conduct allegations based on the allegations of "Nichia."

SO ORDERED.

Dated: June 15, 2015                    /s/Gershwin A Drain
                                        GERSHWIN A. DRAIN
                                        UNITED STATES DISTRICT JUDGE