UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERLIGHT ELECTRONICS CO., LTD.,
and EMCORE CORPORATION,

Plaintiffs,

v.

NICHIA CORPORATION, and
NICHIA AMERICA CORPORATION

Defendants and
Counter-Plaintiffs.

v.

EVERLIGHT ELECTRONICS CO., LTD.,
EMCORE CORPORATION, and
EVERLIGHT AMERICAS, INC.,

Counter-Defendants.
_____/

Case No. 12-cv-11758

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER REQUIRING MOTION AND CANCELLING
AUGUST 31, 2015 HEARING**

**I. INTRODUCTION**

Presently before the Court is Nichia Corporation's ("Nichia") Request to Redact Confidential Trial Testimony from Public Versions of the Phase 2 Trial Transcripts [592]. Everlight Electronics Co., Ltd. ("Everlight") objects to Nichia's request arguing that "Nichia's motives for its broad sealing request have nothing to do with protecting 'particularly sensitive' information" and argues that instead "Nichia wants to ensure that any evidence demonstrating that it did not make YIG and that GAG did not emit light remains securely out of view from the public." Dkt. No. 595 at 2. The Court will order a Motion be filed prior to ruling on this request.

-1-

## II. BACKGROUND

The parties entered into a Stipulated Protective Order ("Protective Order") [81] on May 6, 2013, which was meant to govern this case. Additionally, the parties entered a Sealed Joint Final Pretrial Order ("Pretrial Order") [457] prior to the commencement of trial in this matter on April 1, 2015. This Pretrial Order covers the bench trial conducted between June 15, 2015 and June 18, 2015 ("Phase II of the Trial"). Each of these Orders, which were agreed upon by the parties, have relevant information pertaining to the instant dispute.

For example, the Protective Order indicated what information would be considered confidential throughout this dispute and how it would be labeled:

> The designation "Confidential – Attorneys' Eyes Only" shall refer to Discovery Materials that include non-public proprietary information or information, the disclosure of which would cause serious commercial injury to the Disclosing Party, including but not limited to, trade secrets, manufacturing processes, customer lists, costs and pricing of products and/or services, technical information, business/marketing strategies and plans, financial records, proprietary technical information and specifications, manufacturing techniques, research and development information, sales information, cost information, pricing information, and other competitively sensitive information. Discovery Materials so designated are referred to as "Confidential – Attorneys' Eyes Only Information."

Dkt. No. 81 at ¶ 1(a). The Pretrial Order specified how both parties would handle confidential information at trial:

> The Parties request that the trial be open to the public and not sealed unless a party requests that a particularly sensitive portion be sealed and not open. The Parties propose to jointly give the Court by April 3, 2015, a list of non-public proprietary documents and topics for testimony that they believe the disclosure of which would cause serious commercial injury to themselves, their customers and/or their licensees, such that they request that the portion of the trial disclosing such documents and/or testimony be sealed and not open. Further, each party requests to be able to make such requests during the trial, subject to objections from the opposing party and obtaining the Court's approval, and for good cause shown.

Dkt. No. 457 at § XIII, ¶6. Notably, the Pretrial Order indicated that in "all such instances where the trial shall be closed and sealed, the courtroom will be cleared of those individuals not qualified under the Protective Order entered into this case to be present when such documents and testimony are disclosed." *Id.* This did not happen during Phase II of the trial.

### III. LEGAL STANDARD

The legal standards governing Nichia's request to seal trial documents are well established. It is long-settled, for instance, that the Court "has supervisory power over its own records and files," *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978), and that this authority includes allowing parties to file certain documents under seal. *See* FED. R. CIV. P. 26(c). The Court, however, must balance this power with the "long-established legal tradition" of public access to court documents. *Brown & Williamson Tobacco Corporation v. Federal Trade Commission,* 710 F.2d 1165, 1177 (6th Cir. 1983). "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville NewsSentinel Co., Inc.,* 723 F.2d 470, 476 (6th Cir. 1983). Trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know. Nevertheless, "the decision as to when judicial records should be sealed is left to the sound discretion of the district court, subject to appellate review for abuse." *Id.* at 474.

### IV. DISCUSSION

To begin, the Court emphasizes the discretion this Court has when deciding to seal trial records. *See In re Knoxville NewsSentinel Co., Inc.,* 723 F.2d at 474. Nichia emphasizes that it minimized disruptions at trial for the benefit of the Court, and "certainly did not understand that failure to clear the courtroom would mean that a document <u>discussed in part</u> during trial could thereafter be filed <u>in whole</u> publicly." Dkt. No. 596 at 2-3 (emphasis in original). This being the

case Nichia argues that "[a]t a minimum, only the portions of these documents actually displayed at trial should now be considered public." *Id.* at 3. The Court agrees; everything not displayed at trial should remain sealed. The larger question, however, is whether the Court should allow the redaction to the extent requested by Nichia. The Court will not.

Nichia is correct that the Protective Order remains in full affect because nowhere in the Joint Pretrial Order does it indicate that the Joint Pretrial Order was meant to supersede the Protective Order. *See* Dkt. No. 81 at ¶ 2; Dkt. No. 457. Nonetheless, there is something to be said for Everlight's contention that some of this information that will be redacted does not involve sensitive information. *See* Dkt. No. 595 at 3. Indeed, the entire trial transcript does not contain sensitive information. As Nichia impliedly concedes, the trial testimony and "the portions of [] documents actually displayed at trial should now be considered public." Dkt. No. 596 at 3.

Overall, when exercising its discretion to seal judicial records, the Court must balance the public's common law right of access against the interests favoring nondisclosure. *See Nixon,* 435 U.S. at 599, 98 S.Ct. 1306, 55 L.Ed.2d 570 (stating that the court must consider "relevant facts and circumstances of the particular case"). Nichia contends that these documents involve the same kind of product information that Everlight sealed during the jury trial concerning its own products. Everlight contends that this is "yet another attempt to use patent litigation to further [Nichia's] business interest." Dkt. No. 593 at 4. While this may be true, it must be noted that Everlight may be attempting to use this as an opportunity to use confidential information in other actions. *Cf.* Dkt. No. 81 at ¶ 3(c) ("All Discovery Materials produced in this case designated 'Confidential – Attorneys' Eyes Only,' shall be used solely for purposes of this Action and for no other purpose."). Rather than assume bad faith on behalf of either of the parties, the Court will

assume positive intent on behalf of both parties. As such, the Court will grant in part Nichia's request as it appears to be consistent with the parties' past behavior. *See* Dkt. No. 596 at 3.

### V. CONCLUSION

Specifically, the Court will permit the redaction of testimony and documents that include (1) actual trade secrets and confidential information and (2) things that were not presented at trial. However, the broad swath of information that Nichia seeks to exclude contains things like Everlight's opening statement and the trial testimony at large. Such a broad exclusion is unwarranted, and the portions of testimony and documents actually displayed at trial that don't constitute trade secrets will ultimately be considered public

This is a broad characterization of what the Court will permit. There still remains the issue of specifying exactly what will be redacted. Nichia only stated broadly which portions of the trial transcript it wanted to exclude. Rather than going through each line of the transcript and attempting to decipher what is important, the Court **HEREBY ORDERS** Nichia to abide by the Court's Local Rules for the sealing of the requested documents.

**IT IS ORDERED** that <u>**by September 4, 2015**</u> Nichia provide the Court with a Motion that complies with the following parameters:

> [The] motion . . . to authorize sealing must:
> (i)    state the authority for sealing;
> (ii)    *include an identification and description of each item proposed for sealing*;
> (iii)    *state the reason that sealing each item is necessary*;
> (iv)    state the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal;
> (v)    have a supporting brief.

E.D. Mich. L.R 5.3(b)(2)(A) (emphasis added). The Motion and supporting brief **should not exceed ten (10) pages**. Nichia would have to submit a proposed Order with the Motion. *See* E.D. Mich. L.R. 5.3(b)(2)(B). Taking this course of action will allow the Court to engage in the balancing of interests that is required by law with respect to every aspect of the transcript that Nichia seeks to have redacted. Everlight would then be able to file a Response—**not to exceed ten (10) pages**—and Nichia could file a Reply—**not to exceed five (5) pages**—in accordance with the schedule provided by the Court's Local Rules. *See* E.D. Mich. L.R. 7.1(e)(2).[1]

The hearing on August 31, 2015 at 2:00 p.m. is **HEREBY CANCELLED**.

IT IS SO ORDERED.

Dated: August 26, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

---

[1] Ideally, now that the Court has given the parties a broad idea of what the Court will permit, the parties should be able to narrow down what information is going to be public and what should be redacted. **This Order does NOT foreclose the parties from reaching a resolution on their own.**