UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERLIGHT ELECTRONICS CO., LTD.,
and EMCORE CORPORATION,

Plaintiffs,

v.

NICHIA CORPORATION, and
NICHIA AMERICA CORPORATION

Defendants and
Counter-Plaintiffs.

v.

EVERLIGHT ELECTRONICS CO., LTD.,
EMCORE CORPORATION, and
EVERLIGHT AMERICAS, INC.,

Counter-Defendants.
_____/

Case No. 12-cv-11758

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

ORDER REGARDING NICHIA'S MOTION CLARIFYING THE PAGES OF THE
TRIAL EXHIBITS TO REMAIN UNDER SEAL AND SEEKING ENFORCEMENT
OF THE PROTECTIVE ORDER FOR SUCH PAGES

I. INTRODUCTION

Earlier this year, Nichia Corporation ("Nichia") filed a Request to Redact Confidential Trial Testimony from Public Versions of the Phase 2 Trial Transcripts ("Request"). [Dkt. No. 592] As a result of that Request, among other things, the Court ordered Nichia to file another motion before the Court would rule on the Request (the "Request Order"). [Dkt. No. 597] Nichia has since filed a Motion Clarifying the Pages of the Trial Exhibits to Remain under Seal and Seeking Enforcement of the Protective Order for Such Pages ("Motion to Clarify"). [Dkt.

No. 598] The parties have fully briefed the Motion to Clarify. For the reasons discussed below, the Motion to Clarify is granted in part and denied in part.

## II. BACKGROUND

### A. Pre-Trial Matters

On May 6, 2013, the parties entered into a Stipulated Protective Order ("Protective Order") [Dkt. No. 81] meant to govern this case. Additionally, on April 1, 2015, prior to the commencement of trial in this matter, the parties entered a Sealed Joint Final Pretrial Order ("Pretrial Order"). [Dkt. No. 457] The Pretrial Order covered the April 2015 jury trial ("Phase I") and the bench trial conducted in June 2015 ("Phase II"). Each of these Orders was agreed upon by the parties and contains information relevant to the instant dispute. For example, the Protective Order indicated what information would be considered confidential throughout this dispute and how it would be labeled:

> The designation "Confidential – Attorneys' Eyes Only" shall refer to Discovery Materials that include non-public proprietary information or information, the disclosure of which would cause serious commercial injury to the Disclosing Party, including but not limited to, trade secrets, manufacturing processes, customer lists, costs and pricing of products and/or services, technical information, business/marketing strategies and plans, financial records, proprietary technical information and specifications, manufacturing techniques, research and development information, sales information, cost information, pricing information, and other competitively sensitive information. Discovery Materials so designated are referred to as "Confidential – Attorneys' Eyes Only Information."

Dkt. No. 81, at ¶ 1(a). The Pretrial Order specified how the parties would handle confidential information at trial:

> The Parties request that the trial be open to the public and not sealed unless a party requests that a particularly sensitive portion be sealed and not open. The Parties propose to jointly give the Court by April 3, 2015, a list of non-public proprietary documents and topics for testimony that they believe the disclosure of which would cause serious commercial injury to themselves, their customers and/or their licensees, such that they request that the portion of the trial disclosing such documents and/or testimony be sealed and not open. Further, each party

>requests to be able to make such requests during the trial, subject to objections from the opposing party and obtaining the Court's approval, and for good cause shown.

[Dkt. No. 457, at § XIII, ¶ 6]. The Pretrial Order also provided that, in "all such instances where the trial shall be closed and sealed, the courtroom will be cleared of those individuals not qualified under the Protective Order entered into this case to be present when such documents and testimony are disclosed." *Id.* The courtroom was not closed during Phase I or Phase II of the trial.

On July 30, 2015, after Everlight filed its Opening Post-Trial Brief following Phase II of the trial, the Court entered an Order directing the Clerk of the Court to seal the following exhibits until further order of the Court:

>Dkt. No. 576-17
>Dkt. No. 576-18
>Dkt. No. 576-19
>Dkt. No. 576-20
>Dkt. No. 576-21
>Dkt. No. 576-22
>Dkt. No. 576-23
>Dkt. No. 576-24
>Dkt. No. 576-4
>Dkt. No. 576-5
>Dkt. No. 576-6

Dkt. No. 585, at PgID 49900. Hereinafter, the exhibits at Dkt. Nos. 576-17, 576-18, 576-19, 576-20, 576-21, 576-22, 576-23 and 576-24 shall be referred to as the "Technical Exhibits," and the exhibits at Dkt. Nos. 576-4, 576-5 and 576-6 shall be referred to as the "Transcript Exhibits."

**B.    The Request Order**

>In the Request Order, the Court concluded, in part:
>
>>To begin, the Court emphasizes the discretion this Court has when deciding to seal trial records. *See In re Knoxville NewsSentinel Co., Inc.,* 723 F.2d at 474. Nichia emphasizes that it minimized disruptions at trial for the benefit of the Court, and "certainly did not understand that failure to clear the courtroom would mean that a document <u>discussed in part</u> during trial could thereafter be

filed <u>in whole</u> publicly." Dkt. No. 596 at 2-3 (emphasis in original). This being the case ***Nichia argues that "[a]t a minimum, only the portions of these documents actually displayed at trial should now be considered public."*** *Id.* at 3. ***The Court agrees; everything not displayed at trial should remain sealed***. The larger question, however, is whether the Court should allow the redaction to the extent requested by Nichia. The Court will not.

Dkt. No. 597, at PgID 50806-07 (emphasis in **bold and italics** added). The Court also stated:

[T]here is something to be said for Everlight's contention that some of this information that will be redacted does not involve sensitive information. . . . Indeed, ***the entire trial transcript does not contain sensitive information***. ***As Nichia impliedly concedes, the trial testimony and "the portions of [] documents actually displayed at trial should now be considered public."***

*Id.* at PgID 50807 (emphasis ***in bold and italics*** added). Finally, the Court held:

> ***Specifically, the Court will permit the redaction of testimony and documents that include (1) actual trade secrets and confidential information and (2) things that were not presented at trial***. However, the broad swath of information that Nichia seeks to exclude contains things like Everlight's opening statement and the trial testimony at large. Such a broad exclusion is unwarranted, and ***the portions of testimony and documents actually displayed at trial that don't constitute trade secrets will ultimately be considered public***[.]
>
> This is a broad characterization of what the Court will permit. There still remains the issue of specifying exactly what will be redacted. Nichia only stated broadly which portions of the ***trial transcript*** it wanted to exclude. Rather than going through each line of the ***transcript*** and attempting to decipher what is important, the Court **HEREBY ORDERS** Nichia to abide by the Court's Local Rules for the sealing of the requested documents.

*Id.* at PgID 50808 (emphasis in **bold and italics** added).

### III. ANALYSIS

**A.  Technical Exhibits to be Sealed**

After briefing pursuant to the Request Order, the scope of what Nichia seeks to have sealed is narrower and more clear than it was at the time Nichia filed the Request. Most significantly, Nichia has withdrawn its request to have any pages of the trial transcript filed under seal (*i.e.*, the Transcript Exhibits). In addition, although Nichia generally continues to

seek to have Technical Exhibits sealed, Nichia acknowledges that the following items need not be sealed: (a) Dkt. No. 576-17 (in its entirety), and (b) the pages of the Technical Exhibits identified below, each of which was actually displayed at trial and/or contained in a public newspaper article:

| | | |
|---|---|---|
| Dkt. No. 576-18 | Bates Nos. | NICH0078473-75 |
| Dkt. No. 576-19 | Bates Nos. | NICH0083148 |
| | | NICH0083149 |
| | | NICH0083150 |
| | | NICH0083153 |
| | | NICH0083154 |
| | | NICH0083157 |
| | | NICH0083176 |
| | | NICH0083182 |
| Dkt. No. 576-20 | Bates Nos. | NICH0084258 |
| | | NICH0084263 |
| | | NICH0084326 |
| | | NICH0084327 |
| | | NICH0084332 |
| | | NICH0084333 |
| | | NICH0084371 |
| | | NICH0084383 |
| | | NICH0084384 |
| | | NICH0084385 |
| Dkt. No. 576-21 | Bates Nos. | NICH0083584 |
| | | NICH0083592 |
| Dkt. No. 576-24 | Bates No. | NICH0084786 |

Based on the parties' briefs, the parties have different interpretations of the Request Order, however, the Court finds that their disagreement does not impact the resolution of the matter before the Court. First, the Protective Order for this case has never been dissolved and remains in full force and effect. As such, as a general rule, to the extent that information, documents, etc. subject to the Protective Order (collectively, "Confidential Information") have not been made public, such Confidential Information is still protected by the Protective Order

and should remain sealed and not made accessible to the public. Second, Nichia's request to seal *vis a vis* the Technical Exhibits is consistent with the parties' past behavior; specifically, some exhibits were admitted in a courtroom open to the public during Phase I of the trial but were sealed by the Court after Phase I of the trial concluded.[1] Nichia is seeking to do the same thing here with respect to the Technical Exhibits admitted in a courtroom open to the public during Phase II of the trial. In fact, Nichia's request is consistent with one of the Court's rulings in the Request Order. *See* Dkt. No. 597, at PgID 50807 (immediately after noting Nichia's contention that "only the portions of these documents actually displayed at trial should now be considered public," the Court ruled: "[t]he Court agrees; everything not displayed at trial should remain sealed.").

As the Court made clear in the Request Order, however, the Court will redact only testimony and documents (or portions thereof) that constituted either "actual trade secrets and confidential information" or "things that were not presented at trial." At this point, even Nichia acknowledges that the Transcript Exhibits, the trial transcript, and items actually displayed at trial (*i.e.*, those Technical Exhibits or portions thereof identified above) should not be sealed. Everlight argues, however, that Nichia does not capture the full spectrum of items that should be unsealed because some items do not constitute trade secrets and/or are already in the public domain. For example, Everlight correctly argues that two pages in Dkt. No. 576-20 should be unsealed because one is an article by a third party (NICH0084183) and the other is from Japanese Patent Publication No. 10-247750 (NICH0084228). In addition, as Everlight notes, three of the Technical Exhibits (Dkt. Nos. 576-17, 576-18, 576-19) were offered at Phase I of the

---

[1] As Nichia said in its original brief: "Nichia's conduct is consistent with the parties' past behavior. For example, Nichia's sales exhibits (*e.g.*, D684-693, D834-838) and related testimony from Phase 1 were sealed after trial, without objection from Everlight, despite the fact that the courtroom was not cleared during this testimony." Dkt. No. 596, PgId 50801.

trial. When neither Everlight nor Nichia asked to seal those three Technical Exhibits following Phase I of the trial, those three Technical Exhibits became part of the public record on or about May 18, 2015, *i.e.*, two months before Phase II of the trial. For that reason, the Court concludes that it would not be appropriate to, and the Court will not, continue to seal those three exhibits.[2]

Based on the foregoing analysis, the Court concludes that the following Transcript Exhibits and Technical Exhibits (or portions thereof) shall not continue to be sealed; instead, they shall be unsealed and made accessible on the public record:

Dkt. No. 576-4

Dkt. No. 576-5

Dkt. No. 576-6

Dkt. No. 576-17

Dkt. No. 576-18

Dkt. No. 576-19

Dkt. No. 576-20         Bates Nos.    NICH0084183
                                      NICH0084228
                                      NICH0084258
                                      NICH0084263
                                      NICH0084326
                                      NICH0084327
                                      NICH0084332
                                      NICH0084333
                                      NICH0084371
                                      NICH0084383
                                      NICH0084384

---

[2] Everlight also argues that Dkt. Nos. 576-21, 576-22, 576-23 and 576-24 should be unsealed because "Mr. Sakano was questioned about the entire content of these documents, and in particular, about what they do not contain, i.e., evidence that he or anyone else at Nichia actually conducted the experiments described in Examples 8 and 12." The Court is not persuaded, however, that being questioned about those documents, in itself, demonstrated that they were "actually displayed" at Phase II of the trial. As none of the trial transcript from Phase II of the trial is being sealed, all of the questions Mr.Sakano was asked, and his answers, will be accessible on the public record. Accordingly, the Court will not unseal Dkt. Nos. 576-21, 576-22, 576-23 and 576-24 in their entirety.

|  |  |  |
|---|---|---|
|  |  | NICH0084385 |
| Dkt. No. 576-21 | Bates Nos. | NICH0083584 |
|  |  | NICH0083592 |
| Dkt. No. 576-24 | Bates No. | NICH0084786 |

Accordingly, the Court will order that only the following portions of the Technical Exhibits shall remain sealed:

|  |  |  |
|---|---|---|
| Dkt. No. 576-20 | Bates Nos. | NICH0084130-182 |
|  |  | NICH0084184-227 |
|  |  | NICH0084229-257 |
|  |  | NICH0084259-62 |
|  |  | NICH0084264-325 |
|  |  | NICH0084328-31 |
|  |  | NICH0084334-70 |
|  |  | NICH0084372-82 |
|  |  | NICH0084386-400 |
| Dkt. No. 576-21 | Bates Nos. | NICH0083562-83 |
|  |  | NICH0083585-91 |
|  |  | NICH0083593-660 |
| Dkt. No. 576-22 |  |  |
| Dkt. No. 576-23 |  |  |
| Dkt. No. 576-24 | Bates Nos. | NICH0054278-79 |
|  |  | NICH0054281 |
|  |  | NICH0054282 |
|  |  | NICH0078535 |
|  |  | NICH0078553 |
|  |  | NICH0084764-65 |
|  |  | NICH0084773-74 |
|  |  | NICH0084785 |
|  |  | NICH0084807-08 |
|  |  | NICH0084853-54 |

**B.     Compliance with the Protective Order**

Although not a subject of the Request or the Request Order, Nichia includes as part of its Motion to Clarify a request that the Court order Everlight to comply with the Paragraphs

4(a)(3)(c) and 9(c) of the Protective Order. Nichia is concerned that certain pages of the Technical Exhibits are being disclosed to persons not permitted to have access to Confidential-Attorneys' Eyes Only ("AEO") information, namely the pages of the Technical Exhibits the Court has ordered herein shall remain under seal. Generally speaking, this part of the Motion to Clarify appears to be based on Everlight's refusal to: (1) acknowledge that Everlight will comply with Paragraph 4(a)(3)(c) of the Protective Order, and (2) comply with Paragraph 9(c) of the Protective Order. Paragraph 4(a)(3)(c) of the Protective Order provides: "All Discovery Materials produced in this case shall be designated 'Confidential-Attorneys' Eyes Only, shall be used solely for purposes of this Action and for no other purpose." Paragraph 9(c) of the Protective Order provides:

> Should any Confidential – Attorneys' Eyes Only Information be disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized under this Order, then the Receiving Party shall use its best efforts to bind such person to the terms of this Order; and the Receiving Party shall (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Designating Party; and (c) request such person to sign the agreement in the form attached as Exhibit A. The executed agreement shall promptly be served upon the Designating Party. The Court may, upon noticed motion, order such further and additional relief as it deems necessary and just.

Nichia asserts that it asked Everlight on numerous occasions to: (a) ascertain and identify any persons to whom Technical Exhibits have been distributed who are not permitted access to AEO information and to retrieve such AEO information from those people, and (b) acknowledge that Everlight will not use any of the sealed pages of the Technical Exhibits in any other proceeding or litigation. According to Nichia, Everlight has refused to: (1) provide any of the information regarding persons to whom the Technical Exhibits was provided who were not permitted to access the AEO information, or (2) acknowledge that Everlight will not use any sealed pages of the Technical Exhibits in any other proceeding or litigation. For that reason,

Nichia contends Everlight has refused to meet its obligations under Paragraphs 4(a)(3)(c) and 9(c) of the Protective Order.

Everlight responds that it has not violated the Protective Order because: (1) only members of its IP Group had access to any of the Technical Exhibits, (2) the members of the IP Group who had access to the Technical Exhibits reviewed only those portions of the Technical Exhibits that were discussed at trial, (3) the documents were not forwarded to any person outside the IP Group, and (4) Everlight has not used any of the Technical Exhibits in any other proceeding. Everlight suggests that Nichia's request regarding the Protective Order is simply an attempt to burden Everlight with onerous restrictions. Everlight does not, however, explain how making persons "sign a special undertaking" (presumably, the agreement attached as Exhibit A to the Protective Order) is onerous or unduly burdensome. Likewise, the Court is not persuaded that there is any basis for Everlight's concern that Nichia could successfully accuse Everlight of violating the Protective Order if "Everlight's employees were ever to use any public information." In fact, if Nichia were to allege that Everlight has improperly used information in violation of the Protective Order when that information is actually public information, the Court would not only find such accusations meritless, Nichia would also be subject to sanction by the Court.

For the foregoing reasons, the Court finds that Nichia's request that the Court order Everlight to comply with the Paragraphs 4(a)(3)(c) and 9(c) of the Protective Order is reasonable due to Everlight's unwarranted lack of compliance on this issue. Simply put, pursuant to the terms of the Protective Order (a document Everlighted stipulated to), Everlight is required to comply with all terms of the Protective Order. As set forth therein, to the extent that Everlight has provided or does provide AEO information to any person at Everlight or any other person,

Everlight must comply with the terms of the Protective Order, including Paragraphs 4(a)(3)(c) and 9(c).  Therefore, as Everlight has been reticent in responding to Nichia regarding Everlight's disclosure of AEO information and has refused to acknowledge that Everlight will not use the sealed portions of the Technical Exhibits in conjunction with other proceedings, both of which were reasonably requested by Nichia, the Court will order Everlight to:

(1) use its best efforts to cause persons not authorized to access AEO information to be bound by the terms of the Protective Order;
(2) promptly inform such persons of the terms of the Protective Order;
(3) identify such persons to Nichia;
(4) cause such persons to sign the agreement attached as Exhibit A to the Protective Order;
(5) promptly serve on Nichia the executed agreement attached as Exhibit A to the Protective Order; and
(6) retrieve any documents containing the AEO information from persons not authorized to receive such AEO information.

Finally, the Court advises the parties that, in the event Everlight has failed (or in the future fails) to comply with the terms of the Protective Order, the Court will impose significant monetary and equitable sanctions against Everlight and any persons associated with Everlight who are responsible for any failure by Everlight to comply with the Protective Order.  Likewise, in the event Nichia has failed (or in the future fails) to comply with the terms of the Protective Order, the Court will impose significant monetary and equitable sanctions against Nichia and any persons associated with Nichia who are responsible for any failure by Nichia to comply with the Protective Order.

## IV.  CONCLUSION

For the reasons stated above, the Court ORDERS that Nichia's Motion to Clarify [Dkt. No. 598] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that the following Technical Exhibits, or portions thereof, shall remain sealed:

   Dkt. No. 576-20[3]  Bates Nos.  NICH0084130-182
                   NICH0084184-227
                   NICH0084229-257
                   NICH0084259-62
                   NICH0084264-325
                   NICH0084328-31
                   NICH0084334-70
                   NICH0084372-82
                   NICH0084386-400

   Dkt. No. 576-21  Bates Nos.  NICH0083562-83
                   NICH0083585-91
                   NICH0083593-660

   Dkt. No. 576-22

   Dkt. No. 576-23

   Dkt. No. 576-24  Bates Nos.  NICH0054278-79
                   NICH0054281
                   NICH0054282
                   NICH0078535
                   NICH0078553
                   NICH0084764-65
                   NICH0084773-74
                   NICH0084785
                   NICH0084807-08
                   NICH0084853-54

  IT IS FURTHER ORDERED that the Transcript Exhibits and the following Technical Exhibits shall not continue to be sealed; instead, they shall be unsealed and made accessible on the public record:

   Dkt. No. 576-4

   Dkt. No. 576-5

   Dkt. No. 576-6

   Dkt. No. 576-17

---

[3] The Court's Case Management and Electronic Filing System cannot unseal portions of exhibits. Accordingly, the Court will require Everlight to resubmit Dkt. Nos. 576-20, 576-21 and 576-24 and make redactions consistent with the instant Order.

Dkt. No. 576-18

Dkt. No. 576-19

IT IS FURTHER ORDERED that Everlight resubmit the Technical Exhibits filed as Dkt. Nos. 576-20, 576-21 and 576-24 and make the requisite redactions so that only the following portions are available on the public record:

| | | |
|---|---|---|
| Dkt. No. 576-20 | Bates Nos. | NICH0084183 |
| | | NICH0084228 |
| | | NICH0084258 |
| | | NICH0084263 |
| | | NICH0084326 |
| | | NICH0084327 |
| | | NICH0084332 |
| | | NICH0084333 |
| | | NICH0084371 |
| | | NICH0084383 |
| | | NICH0084384 |
| | | NICH0084385 |
| Dkt. No. 576-21 | Bates Nos. | NICH0083584 |
| | | NICH0083592 |
| Dkt. No. 576-24 | Bates No. | NICH0084786 |

IT IS FURTHER ORDERED that Everlight shall, within 30 days of the date of this Order:

(1) use its best efforts to cause persons not authorized to access AEO information to be bound by the terms of the Protective Order;
(2) promptly inform such persons of the terms of the Protective Order;
(3) identify such persons to Nichia;
(4) cause such persons to sign the agreement attached as Exhibit A to the Protective Order;
(5) promptly serve on Nichia the executed agreement attached as Exhibit A to the Protective Order; and
(6) retrieve any documents containing the AEO information from persons not authorized to receive such AEO information.

SO ORDERED.

Dated: January 22, 2016

/s/ Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record by electronic and/or ordinary mail.

/s/ Felicia Moses for Tanya Bankston
Case Manager